UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALTAGRACIA J. PEGUERO,

Plaintiff,

v.

AMERICAN EXPRESS COMPANY,
INC., THE SKLOVER GROUP, INC., and
FEDERAL INSURANCE COMPANY,

Defendants.

Civil Action No.

05 - 10995 RCL

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendants American Express

Company, Inc. ("American Express"), The Sklover Group, Inc. ("Sklover"), and Federal

Insurance Company ("Federal"), by their undersigned attorneys, submit this Notice of

Removal and respectfully state as follows:

### NATURE OF THE ACTION

1.     On or about March 23, 2005, plaintiff Altagracia Peguero filed a

Complaint (the "Complaint") in the Commonwealth of Massachusetts, Suffolk Superior

Court, entitled *Peguero* v. *American Express, et al.*, Civil Action No. 05-1190D (the

"State Court Action") against American Express, Sklover and Federal, purporting to

allege claims for fraud, deceit, breach of contract, promissory estoppel and violations of

Massachusetts General Laws c.175, §110E, and c. 93A, §§ 2 and 9.

2.     A true and correct copy of the Complaint and all records and

proceedings filed before the Superior Court are attached hereto as Exhibit A.

## TIMELINESS OF THIS NOTICE

3.      On April 15, 2005 defendant Federal received a copy of the initial pleading in the State Court Action setting forth the causes of action upon which the suit is based. Defendant Sklover received notice of the State Court Action upon service of the First Amended Complaint on April 21, 2005. Defendant American Express did not receive notice of the State Court Action until it was served with the First Amended Complaint on April 26, 2005. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

## PARTIES

4.      According to the Complaint, plaintiff is a citizen of the Commonwealth of Massachusetts, residing at 1 Shandon Road, Apartment 215, Dorchester, Massachusetts.

5.      Defendant American Express is now, and was at the time of the filing of the Complaint and at all times intervening, a corporation organized and existing under the laws of the State of New York with its principal place of business in the State of New York.

6.      Defendant Sklover is now, and was at the time of the filing of the Complaint and at all times intervening, a corporation organized and existing under the laws of the State of New York with its principal place of business in the State of New York.

7.      Defendant Federal is now, and was at the time of the filing of the Complaint and at all times intervening, an insurance company organized and existing

2

under the laws of the State of Indiana with its principal place of business in the State of New Jersey.

## JURISDICTION

### Diversity of Citizenship

8.    Complete diversity of citizenship exists within the meaning of 28 U.S.C. § 1332, as plaintiff is a citizen of the Commonwealth of Massachusetts and defendants are citizens of the States of New York and Indiana, respectively.

### Jurisdictional Amount

9.    The matter in controversy in this civil action exceeds the sum or value of $75,000.00, exclusive of interest and costs, within the meaning of 28 U.S.C. § 1332.

## REMOVAL PROCEDURES

10.    This action is now removable pursuant to 28 U.S.C. § 1441(a). This Notice of Removal is being timely filed.

11.    This Notice of Removal is being filed within thirty (30) days of the defendants' receipt of the initial pleading setting forth the claim for relief upon which this action is based.

12.    The United States District Court for the District of Massachusetts embraces the place where the State Court Action is currently pending.

3

13.     Written notice of the filing of this Notice of Removal will be given to plaintiff, and a copy of this Notice will be filed in the appropriate state court, as required by 28 U.S.C. § 1446(d).

14.     By filing this Notice of Removal, defendants do not waive any defense that may be available to any of them, including, but not limited to, the right to challenge personal jurisdiction, the validity of service of process or the selection of a U.S. forum (state or federal), and do not concede that the allegations in the Complaint state a valid claim under applicable law.

15.     Pursuant to Local Rule 81.1(a), defendants shall request from the clerk of the Suffolk County Superior Court certified or attested copies of all records and proceedings in the state court, and certified or attested copies of all docket entries therein, including a copy of this Notice of Removal, and will file the same with this Court within thirty (30) days after the filing of this Notice of Removal.

WHEREFORE, defendants American Express, Sklover and Federal respectfully request that the above-captioned action now proceeding against them in the Trial Court of the Commonwealth of Massachusetts, be removed therefrom and proceed in this Court as an action duly removed.

Dated: Boston, Massachusetts
      May 13, 2005

GREENBERG TRAURIG LLP

By: John F. Farraher, Jr. (BBO# 568194)

One International Place, 20th Floor
Boston, Massachusetts 02110
(617) 310-6029

*Attorneys for Defendant American Express Company, Inc.*

RIEMER & BRAUNSTEIN LLP

By: Mark W. Corner (BBO#550156)

Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

H. Christopher Boehning
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

*Attorneys for Defendant Federal Insurance Company*

CRAIG AND MACAULEY P.C.

By: _____
Allison M. O'Neil (BBO#641330)

Federal Reserve Plaza
600 Atlantic Avenue
Boston, Massachusetts 02210
(617) 367-9500

*Attorneys for Defendant The Sklover Group, Inc.*
891707.1

I, Mark W. Corner, hereby certify that a true copy of the
above document was served upon the attorney of record
for each other party by mail-hand on 5/13/05          .

_____
Mark W. Corner

6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. **Title of case (name of first party on each side only)**   Altagracia J. Peguero v. American Express Company

2. **Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).**

   | | | |
   |---|---|---|
   | ☐ | I. | 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT. |
   | ☐ | II. | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases |
   | ☒ | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891. |
   | ☐ | IV. | 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900. |
   | ☐ | V. | 150, 152, 153. |

3. **Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.**

4. **Has a prior action between the same parties and based on the same claim ever been filed in this court?**
   YES ☐    NO ☒

5. **Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)**
   YES ☐    NO ☒

   **If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?**
   YES ☐    NO ☐

6. **Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?**
   YES ☐    NO ☒

7. **Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).**
   YES ☐    NO ☒

   A. **If yes, in which division do all of the non-governmental parties reside?**

   Eastern Division ☐        Central Division ☐        Western Division ☐

   B. **If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?**

   Eastern Division ☒        Central Division ☐        Western Division ☐

8. **If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)**
   YES ☐    NO ☒

**(PLEASE TYPE OR PRINT)**

**ATTORNEY'S NAME**   Mark W. Corner, Esquire

**ADDRESS**   Riemer & Braunstein LLP
3 Center Plaza, Boston, MA   02108

**TELEPHONE NO.**   (617) 523-9000

(CategoryForm.wpd - 5/2/05)

⊛oJS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Altagracia J. Peguero

**05 - 10995 RCL**

**(b)** County of Residence of First Listed Plaintiff    Suffol
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kevin Donius, Corcoran, FitzGerald & Hennessey
500 Granite Avenue, Milton, MA   02186

## DEFENDANTS
American Express Company, the Sklover Group, Inc,
and Federal Insurance Company

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)
Mark W. Corner, Riemer & Braunstein LLP
3 Center Plaza, Boston, MA   02108
(for Federal Insurance Co.)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1   U.S. Government Plaintiff | ☐ 3   Federal Question (U.S. Government Not a Party) |
| ☐ 2   U.S. Government Defendant | ☒ 4   Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                           and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

| | | | | | | | Appeal to District |
|---|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 | Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§1332

Brief description of cause:
Breach of Insurance Contract/Misrepresentation

## VII. REQUESTED IN
## COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND** $1,500,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S)
## IF ANY
(See instructions):
JUDGE                                 DOCKET NUMBER

DATE   5/13/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

**EXHIBIT A**

**1**

COMMONWEALTH OF MASSACHUSETTS
MASSACHUSETTS TRIAL COURT

SUFFOLK, ss.                              SUFFOLK SUPERIOR COURT
                                          CIVIL ACTION NO. 05-11900

| | |
|---|---|
| ALTAGRACIA J. PEGUERO,<br>    Plaintiff,<br><br>    v.<br><br>AMERICAN EXPRESS COMPANY,<br>INC., THE SKLOVER GROUP, INC.<br>and FEDERAL INSURANCE<br>COMPANY,<br>    Defendants. | COMPLAINT AND<br>JURY DEMAND |

## I.   PARTIES

1.   The Plaintiff, Altagracia J. Peguero, is an individual
     who at all times material hereto has resided at 1
     Shandon Road, Apartment 215, Dorchester,
     Massachusetts.

2.   The Defendant, American Express Company ("American
     Express"), is a corporation duly organized and
     existing under the laws of the State of New York,
     which has at all times material hereto maintained its
     principal place of business at 200 Vesey Street, New
     York, New York.  At all times material hereto,
     American Express has conducted business in the
     Commonwealth of Massachusetts.

3.  The Defendant, The Sklover Group, Inc. ("Sklover"), is
    a corporation duly organized and existing under the
    laws of the State of New York,  which has at all times
    material hereto maintained its principal place of
    business at 400 Post Avenue, Suite 103, Westbury, New
    York.  At all times material hereto, The Sklover Group
    has conducted business in the Commonwealth of
    Massachusetts.

4.  The Defendant, Federal Insurance Company ("Federal
    Insurance"), is a corporation duly organized and
    existing, upon information and belief, under the laws
    of the State of New Jersey, which has at all times
    material hereto maintained its principal place of
    business at 15 Mountain View Road, Warren, New Jersey.
    At all times material hereto, Federal Insurance
    Company has conducted business in the Commonwealth of
    Massachusetts.

                    GENERAL FACTUAL ALLEGATIONS

5.  American Express, Sklover and Federal Insurance
    (collectively, "the Defendants") devised a scheme
    pursuant to which American Express and Sklover would
    market a so-called Accident Disability Policy (the
    "Policy"), underwritten by Federal Insurance, to

                              2

American Express customers. Upon information and belief, Sklover as an insurance broker arranged this joint undertaking.

6. The Policy, arranged by Sklover, marketed by the Defendants, and underwritten by Federal Insurance, provides coverage, as interpreted by the Defendants, so minimal as to be illusory and unconscionable.

7. As part of the scheme devised by the Defendants, the Policy was to be advertised and marketed in a manner intended to deceive customers regarding the coverage provided.

8. In or around August 2002, the Plaintiff received solicitations and promotional materials by mail from American Express regarding the Policy.

9. The solicitations and promotional materials the Plaintiff received contained misrepresentations and were misleading, unfair, and deceptive in that they falsely led the Plaintiff to believe she would be entitled to a payment of $1.5 Million dollars if she were to become disabled.

10. The solicitations and promotional materials were false, misleading, unfair and deceptive, in violation

3

of M.G.L. c.93A and M.G.L. c.175, §110E, because,

among other things they:

a)   utilized a misleading policy name;

b)   emphasized in oversized, bold letters "Financial
     Security" and stated "You're covered with up to
     $1.5 Million if an accident leaves you
     permanently disabled";

c)   stated, without qualification or further
     definition, that "This plan will pay you a $1.5
     Million lump sum benefit in the event a
     catastrophic accident leaves you totally and
     permanently disabled, and unable to work";

d)   minimized and obscured exceptions, reductions,
     and the limitations of the policy by listing them
     in small print on the back of the solicitation;

e)   failed to provide a conspicuous, unambiguous
     definition of disability; and

f)   promoted for sale an unconscionable insurance
     policy with illusory coverage of no real economic
     value.

11.  In reliance upon the false, misleading, unfair and

     deceptive representations contained in the

     solicitations and promotional materials, the Plaintiff

     purchased the Policy and paid the premiums therefor.

12.  The Plaintiff was never provided a plan summary or the

     Accident Disability Policy by the Defendants.

4

13. On December 25, 2002, the Plaintiff became permanently
    and totally disabled when her right dominant arm was
    amputated in a motor vehicle rollover accident.

14. Following her accident, the Plaintiff applied to
    Federal Insurance for the total disability benefits
    payable under the Policy.

15. In response to her application, Federal Insurance
    informed the Plaintiff that she was entitled to
    $500.00 under the Policy and that under the Policy she
    would not be deemed "permanently and totally disabled"
    unless she had lost the use of one hand and one foot,
    both hands, sight in both eyes, hearing in both ears,
    or the ability to speak.

16. Had the Plaintiff been aware of this definition of
    total and permanent disability, she would not have
    purchased the Policy.

17. On June 8, 2004, the Plaintiff's attorney served the
    Defendants by certified mail with a Demand for Relief
    Pursuant to Massachusetts General Laws Chapter 93A,
    §§2 and 9, (the "First Demand Letter"). A copy of the
    First Demand Letter dated June 8, 2004 is attached as
    Exhibit A.

5

18. American Express made no written offer of settlement
    in response to the First Demand Letter.

19. Sklover made no written offer of settlement in
    response to the First Demand Letter.

20. Plaintiff's attorney granted Federal Insurance an
    extension to respond to the First Demand Letter until
    August 4, 2004.

21. On August 4, 2004, Federal Insurance responded to the
    First Demand Letter, which response contained no offer
    of settlement.  A copy of Federal Insurance's August
    4, 2004 response letter is attached as Exhibit B.

22. On November 10, 2004, the Plaintiff's attorney served
    American Express by certified mail with a Second
    Demand for Relief Pursuant to Massachusetts General
    Laws Chapter 93A §§2 and 9 (the "Second Demand
    Letter") by certified mail.  A copy of the Second
    Demand Letter is attached as Exhibit C.

23. American Express made no written offer of settlement
    in response to the Second Demand Letter.

6

## CAUSES OF ACTION

FIRST CAUSE OF ACTION
(Against American Express, Federal Insurance
and Sklover for Fraud/Deceit)

24. The Plaintiff re-alleges and incorporates herein by

reference the factual allegations contained in

Paragraphs one through twenty-three above.

25. The Defendants knowingly misrepresented the provisions

of the Policy to the Plaintiff by, among other things,

sending her solicitations and promotional materials

that:

a) utilized a misleading policy name;

b) emphasized in oversized, bold letters "Financial
Security" and stated "You're covered with up to
$1.5 Million if an accident leaves you
permanently disabled";

c) stated, without qualification or further
definition, that "This plan will pay you a $1.5
Million lump sum benefit in the event a
catastrophic accident leaves you totally and
permanently disabled, and unable to work";

d) minimized and obscured exceptions, reductions,
and the limitations of the policy by listing them
in small print on the back of the solicitation;

e) failed to provide a conspicuous, unambiguous
definition of disability; and

f) promoted for sale an unconscionable insurance
policy with illusory coverage of no real economic
value.

7

26. The Defendants knowingly misrepresented the provision of the Policy to the Plaintiff for the purpose of inducing her to purchase it.

27. In reasonable reliance upon the Defendants' misrepresentations of the Policy provisions, the Plaintiff purchased the Policy.

28. As a direct and proximate result of her reliance upon the Defendants' misrepresentations, the Plaintiff did not purchase other disability insurance which would have provided benefits to her when she became disabled by the loss of her arm.

29. As a direct and proximate result of her reliance upon the Defendants' misrepresentations, the Plaintiff paid premiums for illusory insurance coverage.

WHEREFORE, the Plaintiff, Altagracia J. Peguero, demands judgment against the Defendants, American Express Company, Federal Insurance Company, and The Sklover Group, Inc. in an amount to be determined by a jury at trial, plus, costs, interest, and all other relief the Court deems just and appropriate.

## SECOND CAUSE OF ACTION

(Against American Express, Federal Insurance and Sklover For Violation of M.G.L. c.175, §110E)

8

30. The Plaintiff re-alleges and incorporates herein by reference the factual allegations contained in paragraph one through twenty-three above.

31. By knowingly misrepresenting the provisions of the Policy as set forth above, and by minimizing, obscuring, and rendering ambiguous the definitions of disability and the amounts payable under the Policy in its advertisements, the Defendants violated M.G.L. c.175, §110E, and the regulations promulgated thereunder.

32. As a consequence of the Defendants' breach of M.G.L. c.175, §110E, pursuant to that statute, the Plaintiff is entitled to $1.5 Million, the amount she reasonably anticipated she would have recovered had she not been deceived, plus reasonable costs and attorney fees.

WHEREFORE, the Plaintiff, Altagracia J. Peguero, demands judgment against the Defendants, American Express Company, Federal Insurance Company, and The Sklover Group, Inc. in an amount to be determined by a jury at trial, plus costs, interest, attorney fees and all other relief the Court deems just and appropriate.

### THIRD CAUSE OF ACTION

(Against American Express, Federal Insurance and Sklover For Violation of M.G.L. c.93A, §§2 and 9)

9

33. The Plaintiff re-alleges and incorporates herein by reference the factual allegations contained in paragraph one through twenty-three above.

34. By knowingly misrepresenting the Policy provisions as set forth above and by minimizing, obscuring, and rendering ambiguous the definition of disability and the amounts payable under the Policy, the Defendants falsely, deceptively, and unfairly advertised the Policy in violation of M.G.L. c.93A, §§ 2 and 9, and the regulations promulgated thereunder.

35. As set forth above, in Paragraphs 17 through 23, the Defendants were served with proper and legally sufficient demands for relief under M.G.L. c.93A.

36. The Defendants failed to make timely, reasonable, written offers of settlement in response to the demands for relief.

37. By virtue of the Defendants' breach of M.G.L. c.93A, §§2 and 9, the Plaintiff is entitled compensatory damages, treble damages, attorney fees, costs, interest, and such other relief as the Court deems just and appropriate.

WHEREFORE, the Plaintiff, Altagracia J. Peguero, demands judgment against the Defendants, American Express

10

Company, Federal Insurance Company, and The Sklover Group,
Inc. in an amount to be determined by a jury at trial, plus
costs, interest, treble damages, attorney fees and all
other relief the Court deems just and appropriate.

### FOURTH CAUSE OF ACTION

(Against American Express, Federal Insurance and Sklover
For Breach of Contract)

38.   The Plaintiff re-alleges and incorporates herein by
      reference the factual allegations contained in
      paragraphs one through twenty-three above.

39.   Pursuant to the contract for insurance entered into
      between American Express, Federal Insurance, Sklover,
      and the Plaintiff, the Plaintiff was entitled to a
      payment of a $1.5 Million lump sum if she became
      permanently and totally disabled.

40.   The Plaintiff became disabled on or about December 25,
      2002.

41.   The Defendants breached the contract between them and
      the Plaintiff by refusing to pay her the $1.5 Million
      lump sum benefit after she became disabled.

      WHEREFORE, the Plaintiff, Altagracia J. Peguero,
demands judgment against the Defendants, American Express
Company, Federal Insurance Company, and The Sklover Group,
Inc. in an amount to be determined by a jury at trial,

11

plus, costs, interest, attorney fees, and all other relief
the Court deems just and appropriate.

### FIFTH CAUSE OF ACTION

(Against American Express, Federal Insurance and Sklover
For Promissory Estoppel)

42.   The Plaintiff re-alleges and incorporates herein by
      reference the factual allegations contained in
      paragraphs one through twenty-three above.

43.   The Defendants knowingly misrepresented the Policy
      provisions as set forth above.

44.   In reasonable reliance upon the Defendants'
      representations, the Plaintiff purchased the Policy
      and was led to believe she would be entitled to $1.5
      Million under the Policy if she became disabled.

45.   In reasonable reliance upon her belief that she had
      purchased insurance which would cover her if she were
      to become disabled, the Plaintiff did not purchase
      other disability insurance.

46.   The Plaintiff became disabled on or about December 25,
      2002.

47.   Having induced the Plaintiff to purchase the Policy
      with their misrepresentations, the Defendants are
      estopped from denying that the Plaintiff was entitled

12

to $1.5 Million under the Policy when she became disabled.

WHEREFORE, the Plaintiff, Altagracia J. Peguero, demands judgment against the Defendants, American Express Company, Federal Insurance Company, and The Sklover Group, Inc. in an amount to be determined by a jury at trial, plus, costs, interest, attorney fees, and all other relief the Court deems just and appropriate.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,
THE PLAINTIFF,
By his Attorney,

Kevin Donius, Esquire
Corcoran, FitzGerald
& Hennessy
500 Granite Avenue
Milton, MA  02186
TEL  (617) 696-5700
FAX  (617) 696-6704
BBO#:  551298

Date:    March 24, 2005

13

COMMONWEALTH OF MASSACHUSETTS
MASSACHUSETTS TRIAL COURT

SUFFOLK, ss.                          SUFFOLK SUPERIOR COURT
                                      CIVIL ACTION NO. 05-1190

---

| | |
|---|---|
| ALTAGRACIA J. PEGUERO, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **FIRST AMENDED COMPLAINT** |
| AMERICAN EXPRESS COMPANY, ) | **AND JURY DEMAND** |
| THE SKLOVER GROUP, INC. ) | |
| and FEDERAL INSURANCE ) | |
| COMPANY, ) | |
| Defendants. ) | |
| ) | |

## I.   PARTIES

1.   The Plaintiff, Altagracia J. Peguero, is an individual

     who at all times material hereto has resided at 1

     Shandon Road, Apartment 215, Dorchester,

     Massachusetts.

2.   The Defendant, American Express Company ("American

     Express"), is a corporation duly organized and

     existing under the laws of the State of New York,

     which has at all times material hereto maintained its

     principal place of business at 200 Vesey Street, New

     York, New York.  At all times material hereto,

     American Express has conducted business in the

     Commonwealth of Massachusetts.

3.    The Defendant, The Sklover Group, Inc. ("Sklover"), is
      a corporation duly organized and existing under the
      laws of the State of New York, which has at all times
      material hereto maintained its principal place of
      business at 400 Post Avenue, Suite 103, Westbury, New
      York.  At all times material hereto, The Sklover Group
      has conducted business in the Commonwealth of
      Massachusetts.

4.    The Defendant, Federal Insurance Company ("Federal
      Insurance"), is a corporation duly organized and
      existing, upon information and belief, under the laws
      of the State of New Jersey, which has at all times
      material hereto maintained its principal place of
      business at 15 Mountain View Road, Warren, New Jersey.
      At all times material hereto, Federal Insurance
      Company has conducted business in the Commonwealth of
      Massachusetts.

                    GENERAL FACTUAL ALLEGATIONS

5.    American Express, Sklover and Federal Insurance
      (collectively, "the Defendants") devised a scheme
      pursuant to which American Express and Sklover would
      market a so-called Accident Disability Policy (the
      "Policy"), underwritten by Federal Insurance, to

                              2

American Express customers.   Upon information and belief, Sklover as an insurance broker arranged this joint undertaking.

6.    The Policy, arranged by Sklover, marketed by the Defendants, and underwritten by Federal Insurance, provides coverage, as interpreted by the Defendants, so minimal as to be illusory and unconscionable.

7.    As part of the scheme devised by the Defendants, the Policy was to be advertised and marketed in a manner intended to deceive customers regarding the coverage provided.

8.    In or around August 2002, the Plaintiff received solicitations and promotional materials by mail from American Express regarding the Policy.

9.    The solicitations and promotional materials the Plaintiff received contained misrepresentations and were misleading, unfair, and deceptive in that they falsely led the Plaintiff to believe she would be entitled to a payment of $1.5 Million dollars if she were to become disabled.

10.   The solicitations and promotional materials were false, misleading, unfair and deceptive, in violation

3

of M.G.L. c.93A and M.G.L. c.175, §110E, because,

among other things they:

a)    utilized a misleading policy name;

b)    emphasized in oversized, bold letters "Financial
      Security" and stated "You're covered with up to
      $1.5 Million if an accident leaves you
      permanently disabled";

c)    stated, without qualification or further
      definition, that "This plan will pay you a $1.5
      Million lump sum benefit in the event a
      catastrophic accident leaves you totally and
      permanently disabled, and unable to work";

d)    minimized and obscured exceptions, reductions,
      and the limitations of the policy by listing them
      in small print on the back of the solicitation;

e)    failed to provide a conspicuous, unambiguous
      definition of disability; and

f)    promoted for sale an unconscionable insurance
      policy with illusory coverage of no real economic
      value.

11.    In reliance upon the false, misleading, unfair and

       deceptive representations contained in the

       solicitations and promotional materials, the Plaintiff

       purchased the Policy and paid the premiums therefor.

12.    The Plaintiff was never provided a plan summary or the

       Accident Disability Policy by the Defendants.

4

13. On December 25, 2002, the Plaintiff became permanently and totally disabled when her right dominant arm was amputated in a motor vehicle rollover accident.

14. Following her accident, the Plaintiff applied to Federal Insurance for the total disability benefits payable under the Policy.

15. In response to her application, Federal Insurance informed the Plaintiff that she was entitled to $500.00 under the Policy and that under the Policy she would not be deemed "permanently and totally disabled" unless she had lost the use of one hand and one foot, both hands, sight in both eyes, hearing in both ears, or the ability to speak.

16. Had the Plaintiff been aware of this definition of total and permanent disability, she would not have purchased the Policy.

17. On June 8, 2004, the Plaintiff's attorney served the Defendants by certified mail with a Demand for Relief Pursuant to Massachusetts General Laws Chapter 93A, §§2 and 9, (the "First Demand Letter"). A copy of the First Demand Letter dated June 8, 2004 is attached as Exhibit A.

5

18. American Express made no written offer of settlement in response to the First Demand Letter.

19. Sklover made no written offer of settlement in response to the First Demand Letter.

20. Plaintiff's attorney granted Federal Insurance an extension to respond to the First Demand Letter until August 4, 2004.

21. On August 4, 2004, Federal Insurance responded to the First Demand Letter, which response contained no offer of settlement. A copy of Federal Insurance's August 4, 2004 response letter is attached as Exhibit B.

22. On November 10, 2004, the Plaintiff's attorney served American Express by certified mail with a Second Demand for Relief Pursuant to Massachusetts General Laws Chapter 93A §§2 and 9 (the "Second Demand Letter") by certified mail. A copy of the Second Demand Letter is attached as Exhibit C.

23. American Express made no written offer of settlement in response to the Second Demand Letter.

## CAUSES OF ACTION

FIRST CAUSE OF ACTION
(Against American Express, Federal Insurance
and Sklover for Fraud/Deceit)

24.    The Plaintiff re-alleges and incorporates herein by

reference the factual allegations contained in

Paragraphs one through twenty-three above.

25.    The Defendants knowingly misrepresented the provisions

of the Policy to the Plaintiff by, among other things,

sending her solicitations and promotional materials

that:

a)    utilized a misleading policy name;

b)    emphasized in oversized, bold letters "Financial
       Security" and stated "You're covered with up to
       $1.5 Million if an accident leaves you
       permanently disabled";

c)    stated, without qualification or further
       definition, that "This plan will pay you a $1.5
       Million lump sum benefit in the event a
       catastrophic accident leaves you totally and
       permanently disabled, and unable to work";

d)    minimized and obscured exceptions, reductions,
       and the limitations of the policy by listing them
       in small print on the back of the solicitation;

e)    failed to provide a conspicuous, unambiguous
       definition of disability; and

f)    promoted for sale an unconscionable insurance
       policy with illusory coverage of no real economic
       value.

7

26.  The Defendants knowingly misrepresented the provision
     of the Policy to the Plaintiff for the purpose of
     inducing her to purchase it.

27.  In reasonable reliance upon the Defendants'
     misrepresentations of the Policy provisions, the
     Plaintiff purchased the Policy.

28.  As a direct and proximate result of her reliance upon
     the Defendants' misrepresentations, the Plaintiff did
     not purchase other disability insurance which would
     have provided benefits to her when she became disabled
     by the loss of her arm.

29.  As a direct and proximate result of her reliance upon
     the Defendants' misrepresentations, the Plaintiff paid
     premiums for illusory insurance coverage.

     WHEREFORE, the Plaintiff, Altagracia J. Peguero,
demands judgment against the Defendants, American Express
Company, Federal Insurance Company, and The Sklover Group,
Inc. in an amount to be determined by a jury at trial,
plus, costs, interest, and all other relief the Court deems
just and appropriate.

## SECOND CAUSE OF ACTION

(Against American Express, Federal Insurance and Sklover
For Violation of M.G.L. c.175, §110E)

8

30. The Plaintiff re-alleges and incorporates herein by reference the factual allegations contained in paragraph one through twenty-three above.

31. By knowingly misrepresenting the provisions of the Policy as set forth above, and by minimizing, obscuring, and rendering ambiguous the definitions of disability and the amounts payable under the Policy in its advertisements, the Defendants violated M.G.L. c.175, §110E, and the regulations promulgated thereunder.

32. As a consequence of the Defendants' breach of M.G.L. c.175, §110E, pursuant to that statute, the Plaintiff is entitled to $1.5 Million, the amount she reasonably anticipated she would have recovered had she not been deceived, plus reasonable costs and attorney fees.

WHEREFORE, the Plaintiff, Altagracia J. Peguero, demands judgment against the Defendants, American Express Company, Federal Insurance Company, and The Sklover Group, Inc. in an amount to be determined by a jury at trial, plus costs, interest, attorney fees and all other relief the Court deems just and appropriate.

### THIRD CAUSE OF ACTION

(Against American Express, Federal Insurance and Sklover
For Violation of M.G.L. c.93A, §§2 and 9)

9

33. The Plaintiff re-alleges and incorporates herein by reference the factual allegations contained in paragraph one through twenty-three above.

34. By knowingly misrepresenting the Policy provisions as set forth above and by minimizing, obscuring, and rendering ambiguous the definition of disability and the amounts payable under the Policy, the Defendants falsely, deceptively, and unfairly advertised the Policy in violation of M.G.L. c.93A, §§ 2 and 9, and the regulations promulgated thereunder.

35. As set forth above, in Paragraphs 17 through 23, the Defendants were served with proper and legally sufficient demands for relief under M.G.L. c.93A.

36. The Defendants failed to make timely, reasonable, written offers of settlement in response to the demands for relief.

37. By virtue of the Defendants' breach of M.G.L. c.93A, §§2 and 9, the Plaintiff is entitled compensatory damages, treble damages, attorney fees, costs, interest, and such other relief as the Court deems just and appropriate.

WHEREFORE, the Plaintiff, Altagracia J. Peguero, demands judgment against the Defendants, American Express

10

Company, Federal Insurance Company, and The Sklover Group,

Inc. in an amount to be determined by a jury at trial, plus

costs, interest, treble damages, attorney fees and all

other relief the Court deems just and appropriate.

## FOURTH CAUSE OF ACTION

(Against American Express, Federal Insurance and Sklover
For Breach of Contract)

38. The Plaintiff re-alleges and incorporates herein by
    reference the factual allegations contained in
    paragraphs one through twenty-three above.

39. Pursuant to the contract for insurance entered into
    between American Express, Federal Insurance, Sklover,
    and the Plaintiff, the Plaintiff was entitled to a
    payment of a $1.5 Million lump sum if she became
    permanently and totally disabled.

40. The Plaintiff became disabled on or about December 25,
    2002.

41. The Defendants breached the contract between them and
    the Plaintiff by refusing to pay her the $1.5 Million
    lump sum benefit after she became disabled.

    WHEREFORE, the Plaintiff, Altagracia J. Peguero,

demands judgment against the Defendants, American Express

Company, Federal Insurance Company, and The Sklover Group,

Inc. in an amount to be determined by a jury at trial,

11

plus, costs, interest, attorney fees, and all other relief
the Court deems just and appropriate.

## FIFTH CAUSE OF ACTION

(Against American Express, Federal Insurance and Sklover
For Promissory Estoppel)

42. The Plaintiff re-alleges and incorporates herein by
    reference the factual allegations contained in
    paragraphs one through twenty-three above.

43. The Defendants knowingly misrepresented the Policy
    provisions as set forth above.

44. In reasonable reliance upon the Defendants'
    representations, the Plaintiff purchased the Policy
    and was led to believe she would be entitled to $1.5
    Million under the Policy if she became disabled.

45. In reasonable reliance upon her belief that she had
    purchased insurance which would cover her if she were
    to become disabled, the Plaintiff did not purchase
    other disability insurance.

46. The Plaintiff became disabled on or about December 25,
    2002.

47. Having induced the Plaintiff to purchase the Policy
    with their misrepresentations, the Defendants are
    estopped from denying that the Plaintiff was entitled

12

to $1.5 Million under the Policy when she became disabled.

WHEREFORE, the Plaintiff, Altagracia J. Peguero, demands judgment against the Defendants, American Express Company, Federal Insurance Company, and The Sklover Group, Inc. in an amount to be determined by a jury at trial, plus, costs, interest, attorney fees, and all other relief the Court deems just and appropriate.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,
THE PLAINTIFF,
By his Attorney,

Kevin Donius, Esquire
Corcoran, FitzGerald
& Hennessy
500 Granite Avenue
Milton, MA  02186
TEL  (617) 696-5700
FAX  (617) 696-6704
BBO#:  551298

Date:   April 15, 2005

13