UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALTAGRACIA J. PEGUERO,<br><br>                              Plaintiff,<br><br>                              v.<br><br>AMERICAN EXPRESS COMPANY, THE SKLOVER GROUP, INC., and FEDERAL INSURANCE COMPANY,<br><br>                              Defendants. | Civil Action No. 05-10995-RCL |

**ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIMS
OF DEFENDANT AMERICAN EXPRESS COMPANY
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant American Express Company ("American Express"), by and through its undersigned counsel, Greenberg Traurig, LLP, hereby answers the First Amended Complaint of Plaintiff, Altagracia J. Peguero, as follows:

**PARTIES**

1.    American Express admits that Plaintiff has reported her address as 1 Shandon Road, Apartment 215, Dorchester Center, Massachusetts 02124, and has responded to communications and correspondence sent to the address set forth in this paragraph.  As for any remaining allegations, American Express is without knowledge or information sufficient to form a belief as to the truth of those allegations.

2.    American Express admits that it is a corporation duly organized and existing under the laws of the State of New York, that its principal place of business is located at 200 Vesey Street, New York, NY, and that a subsidiary issues credit cards to residents of Massachusetts.  All remaining allegations are denied.

1

3.      American Express is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 3.

4.      American Express is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 4.

## **GENERAL FACTUAL ALLEGATIONS**

5.      American Express admits that, in conjunction with The Sklover Group, Inc. ("Sklover") and Federal Insurance Company ("Federal"), a subsidiary of American Express presented the opportunity to certain customers to purchase an Accidental Disability Policy ("Policy"). American Express denies that it was involved in any "scheme" and denies the remaining allegations.

6.      To the extent that the allegations of Paragraph 6 state a legal conclusion, no response is required. Otherwise, the allegations are denied.

7.      Deny.

8.      American Express is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 8.

9.      Deny.

10.     Deny.

11.     Deny.

12.     Deny.

13.     American Express is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 13.

14.     American Express is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14.

15.    American Express is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 15.

16.    Deny.

17.    American Express admits that Plaintiff sent American Express a demand letter. American Express is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17.

18.    American Express admits that it did not itself send a written response to Plaintiff's June 8, 2004 Demand Letter, but that Federal, the underwriter of the Policy, issued such response on August 4, 2004.

19.    American Express is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 19.

20.    American Express is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 20.

21.    American Express admits that Federal responded to the First Demand Letter, the terms of that letter speak for themselves, and otherwise American Express is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 21.

22.    Admit.

23.    American Express admits that it did not itself send a written response to Plaintiff's November 10, 2004 Demand Letter, but that Federal, the underwriter of the Policy, issued a response to Plaintiff's original Demand Letter dated August 4, 2004.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

(Against American Express, Federal Insurance and
Sklover for Fraud/Deceit)

24.     American Express incorporates each and every response set forth in paragraphs 1 through 23 as if fully set forth herein.

25.     Deny.

26.     Deny.

27.     Deny.

28.     Deny.

29.     Deny.

### SECOND CAUSE OF ACTION

(Against American Express, Federal Insurance and
Sklover for Violation of M.G.L. c.175, §110E)

30.     American Express incorporates each and every response set forth in paragraphs 1 through 29 as if fully set forth herein.

31.     Deny.

32.     Deny.

### THIRD CAUSE OF ACTION

(Against American Express, Federal Insurance and
Sklover for Violation of M.G.L. c.93A, §§ 2 and 9)

33.     American Express incorporates each and every response set forth in paragraphs 1 through 32 as if fully set forth herein.

34.     Deny.

35.    To the extent paragraph 35 asserts a legal conclusion, no response is required.  In further answer, American Express incorporates its answers to paragraphs 17-23 herein by reference.  All remaining allegations are denied.

36.    Deny.

37.    Deny.

### FOURTH CAUSE OF ACTION

(Against American Express, Federal Insurance and
Sklover for Breach of Contract)

38.    American Express incorporates each and every response set forth in paragraphs 1 through 37 as if fully set forth herein.

39.    American Express states that the contract of insurance speaks for itself, and otherwise denies the allegations in Paragraph 39.

40.    American Express is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 40.

41.    Deny.

### FIFTH CAUSE OF ACTION

(Against American Express, Federal Insurance and
Sklover for Promissory Estoppel)

42.    American Express incorporates each and every response set forth in paragraphs 1 through 41 as if fully set forth herein.

43.    Deny.

44.    Deny.

45.    Deny.

46.    American Express is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46.

47.    Deny.

**WHEREFORE**, American Express demands judgment dismissing Plaintiff's First Amended Complaint with prejudice and awarding American Express its reasonable costs and attorneys' fees, together with whatever further relief this Court deems just and equitable.

## AFFIRMATIVE DEFENSES

Having denied each and every allegation of the First Amended Complaint not specifically admitted, American Express raises the following affirmative defenses.

### First Affirmative Defense

American Express is entitled to compel the arbitration of this matter pursuant to the terms of the cardmember agreement governing Plaintiff's use of her American Express card.

### Second Affirmative Defense

Plaintiff is barred from recovering under the doctrine of accord and satisfaction.

### Third Affirmative Defense

Plaintiff is barred from recovering under the doctrine of estoppel

### Fourth Affirmative Defense

By purchasing the Policy, making payments therefor while having knowledge of the pertinent scope and limitations of the Policy, and by accepting benefits under the Policy in connection with her injury, Plaintiff waived her right to assert the claims set forth in her First Amended Complaint.

**Fifth Affirmative Defense**

Plaintiff's claim for violation of M.G.L. c.175, § 110E must be dismissed because there is no private right of action under that statute.

**Sixth Affirmative Defense**

To the extent Plaintiff's claims are based on the allegation that the benefits under the Policy are illusory, they must fail because the form and substance of the Policy, including the extent of the benefits provided thereunder, were approved by the office of the Commissioner of Insurance.

**Seventh Affirmative Defense**

Plaintiff's claims fail because she has suffered no damages.

**Eighth Affirmative Defense**

Plaintiff is barred from recovering on her fraud, equitable estoppel, and M.G.L. 93A claims because her reliance on her purported interpretation of the marketing materials for the Policy was not reasonable.

**Ninth Affirmative Defense**

Plaintiff has failed to state a claim for fraud/deceit and cannot otherwise recover on her fraud/deceit claim because she has failed to allege and cannot prove any misrepresentation of fact on the part of American Express or that American Express had knowledge that any statement made by it in connection with the Policy was untrue.

**Tenth Affirmative Defense**

The marketing materials in question did not constitute an unfair or deceptive practice because those materials made full, fair and complete disclosure of any and all relevant limitations to which the Policy was subject and, further, Plaintiff was provided with a Plan

Benefit Description and the Policy, which provided a full description of the benefits under the Policy and any relevant limitations.

### Eleventh Affirmative Defense

American Express incorporates by reference the affirmative defenses asserted by defendants Sklover and Federal to the extent those defenses are directed at Plaintiff's claims.

### Twelfth Affirmative Defense

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Thirteenth Affirmative Defense

The Complaint must be dismissed pursuant to the filed-tariff doctrine.

### Fourteenth Affirmative Defense

The Complaint must be dismissed based on the doctrine of primary jurisdiction.

### Fifteenth Affirmative Defense

The claims in the Complaint are barred by laches.

### Sixteenth Affirmative Defense

The claims in the Complaint are barred by the applicable statute of limitations.

### Seventeenth Affirmative Defense

The Complaint must be dismissed because Plaintiff accepted payment.

### Eighteenth Affirmative Defense

The Complaint must be dismissed pursuant to the doctrine of assumption of the risk and the contributory and/or comparative negligence of Plaintiff.

**Nineteenth Affirmative Defense**

American Express reserves the right to amend its pleading to assert additional affirmative defenses.

**CROSS-CLAIM FOR INDEMNIFICATION AND CONTRIBUTION**

1.      Plaintiff-in-Cross-Claim, American Express Company ("American Express"), is a corporation duly organized under the laws of the State of New York, with its principal place of business in the State of New York.

2.      Defendant-in-Cross-Claim, Federal Insurance Company ("Federal"), is a corporation duly organized under the laws of the State of New Jersey, with its principal place of business in the State of New Jersey.

3.      Defendant-in-Cross-Claim, The Sklover Group, Inc. ("Sklover"), is a corporation duly organized under the laws of the State of New York, with its principal place of business in the State of New York.

4.      Altagracia Peguero ("Ms. Peguero") has brought legal claims against American Express, Federal, and Sklover arising in connection with a policy of insurance marketed by Sklover and underwritten by Federal.  American Express denies any liability to Ms. Peguero.

5.      Notwithstanding the fact that American Express denies that it has any liability to Ms. Peguero, in the event American Express is found liable for any claims made by her, it is entitled to recover contribution and indemnity from Sklover and Federal.

**WHEREFORE,** in the event American Express is found liable to Ms. Peguero, American Express demands judgment against Sklover and Federal awarding American Express indemnification and contribution, requiring Sklover and Federal to hold American Express

harmless for any damages awarded to Ms. Peguero, and awarding American Express damages, costs, attorney's fees and any other relief the Court deems just.

Respectfully submitted,

AMERICAN EXPRESS COMPANY

By its attorneys:

/s/ John F. Farraher, Jr.
_____
John F. Farraher, Jr. BBO # 568194
GREENBERG TRAURIG, LLP
One International Place, 20th Floor
Boston, MA   02110
Tel:  (617) 310-6000
Fax:  (617) 310-6001

Dated:  May 31, 2005

## <u>CERTIFICATE OF SERVICE</u>

I, John F. Farraher, Jr., hereby certify that on this date, May 31, 2005, I caused to be served the foregoing document, by electronic notice, upon the following counsel of record:

Kevin Donius, Esquire
Corcoran, FitzGerald & Hennessey
500 Granite Avenue
Milton, MA 02186

Allison M. O'Neil, Esquire
Craig & Macauley, P.C.
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210

Mark W. Corner
Riemer & Braunstein
Three Center Plaza
Boston, Massachusetts 02108

Timothy S. Martin
Paul, Weiss, Rifkind, Wharton
& Garrison LLP
1285 Avenue of the Americas
New York, New York 10019-6064

<u>/s/ John F. Farraher, Jr.</u>