**EXHIBIT 3**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALTAGRACIA J. PEGUERO,

Plaintiff,

v.

AMERICAN EXPRESS COMPANY, INC., THE SKLOVER GROUP, INC., and FEDERAL INSURANCE COMPANY,

Defendants.

Civil Action No.

05-10995

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendants American Express Company, Inc. ("American Express"), The Sklover Group, Inc. ("Sklover"), and Federal Insurance Company ("Federal"), by their undersigned attorneys, submit this Notice of Removal and respectfully state as follows:

### NATURE OF THE ACTION

1. On or about March 23, 2005, plaintiff Altagracia Peguero filed a Complaint (the "Complaint") in the Commonwealth of Massachusetts, Suffolk Superior Court, entitled *Peguero* v. *American Express, et al.*, Civil Action No. 05-1190D (the "State Court Action") against American Express, Sklover and Federal, purporting to allege claims for fraud, deceit, breach of contract, promissory estoppel and violations of Massachusetts General Laws c.175, §110E, and c. 93A, §§ 2 and 9.

2. A true and correct copy of the Complaint and all records and proceedings filed before the Superior Court are attached hereto as Exhibit A.

## TIMELINESS OF THIS NOTICE

3. On April 15, 2005 defendant Federal received a copy of the initial pleading in the State Court Action setting forth the causes of action upon which the suit is based. Defendant Sklover received notice of the State Court Action upon service of the First Amended Complaint on April 21, 2005. Defendant American Express did not receive notice of the State Court Action until it was served with the First Amended Complaint on April 26, 2005. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

## PARTIES

4. According to the Complaint, plaintiff is a citizen of the Commonwealth of Massachusetts, residing at 1 Shandon Road, Apartment 215, Dorchester, Massachusetts.

5. Defendant American Express is now, and was at the time of the filing of the Complaint and at all times intervening, a corporation organized and existing under the laws of the State of New York with its principal place of business in the State of New York.

6. Defendant Sklover is now, and was at the time of the filing of the Complaint and at all times intervening, a corporation organized and existing under the laws of the State of New York with its principal place of business in the State of New York.

7. Defendant Federal is now, and was at the time of the filing of the Complaint and at all times intervening, an insurance company organized and existing

under the laws of the State of Indiana with its principal place of business in the State of New Jersey.

## JURISDICTION

### Diversity of Citizenship

8. Complete diversity of citizenship exists within the meaning of 28 U.S.C. § 1332, as plaintiff is a citizen of the Commonwealth of Massachusetts and defendants are citizens of the States of New York and Indiana, respectively.

### Jurisdictional Amount

9. The matter in controversy in this civil action exceeds the sum or value of $75,000.00, exclusive of interest and costs, within the meaning of 28 U.S.C. § 1332.

## REMOVAL PROCEDURES

10. This action is now removable pursuant to 28 U.S.C. § 1441(a). This Notice of Removal is being timely filed.

11. This Notice of Removal is being filed within thirty (30) days of the defendants' receipt of the initial pleading setting forth the claim for relief upon which this action is based.

12. The United States District Court for the District of Massachusetts embraces the place where the State Court Action is currently pending.

13. Written notice of the filing of this Notice of Removal will be given to plaintiff, and a copy of this Notice will be filed in the appropriate state court, as required by 28 U.S.C. § 1446(d).

14. By filing this Notice of Removal, defendants do not waive any defense that may be available to any of them, including, but not limited to, the right to challenge personal jurisdiction, the validity of service of process or the selection of a U.S. forum (state or federal), and do not concede that the allegations in the Complaint state a valid claim under applicable law.

15. Pursuant to Local Rule 81.1(a), defendants shall request from the clerk of the Suffolk County Superior Court certified or attested copies of all records and proceedings in the state court, and certified or attested copies of all docket entries therein, including a copy of this Notice of Removal, and will file the same with this Court within thirty (30) days after the filing of this Notice of Removal.

WHEREFORE, defendants American Express, Sklover and Federal respectfully request that the above-captioned action now proceeding against them in the Trial Court of the Commonwealth of Massachusetts, be removed therefrom and proceed in this Court as an action duly removed.

Dated: Boston, Massachusetts
       May 13, 2005

GREENBERG TRAURIG LLP

By: _____
John F. Farraher, Jr. (BBO# 568194)

One International Place, 20th Floor
Boston, Massachusetts 02110
(617) 310-6029

*Attorneys for Defendant American Express Company, Inc.*

RIEMER & BRAUNSTEIN LLP

By: _____
Mark W. Corner (BBO#550156)

Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

H. Christopher Boehning
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

*Attorneys for Defendant Federal Insurance Company*

CRAIG AND MACAULEY P.C.

By: _____
Allison M. O'Neil (BBO#641330)

Federal Reserve Plaza
600 Atlantic Avenue
Boston, Massachusetts 02210
(617) 367-9500

*Attorneys for Defendant The Sklover Group, Inc.*
891707.1

I, Mark W. Corner, hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 5/13/05.

_____
Mark W. Corner

6