UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALTAGRACIA J. PEGUERO,

Plaintiff,

v.

AMERICAN EXPRESS COMPANY,
THE SKLOVER GROUP, INC., and
FEDERAL INSURANCE COMPANY,

Defendants.

Civil Action No. 05-10995-RCL

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT FEDERAL INSURANCE COMPANY TO
DEFENDANT AMERICAN EXPRESS COMPANY'S
CROSS-CLAIM FOR INDEMNIFICATION AND CONTRIBUTION**

Defendant Federal Insurance Company ("Federal"), by and through its

undersigned counsel, Riemer & Braunstein LLP and Paul, Weiss, Rifkind, Wharton &

Garrison LLP, hereby answers the Cross-Claim for Indemnification and Contribution

("Cross-Claim") asserted by Defendant American Express Company ("American

Express") in the above-captioned action, as follows:

1.      Federal admits the allegations in Paragraph 1 of the Cross-Claim.

2.      Federal denies the allegation in Paragraph 2 of the Cross-Claim,

but avers that Federal Insurance Company is a corporation duly organized under the laws

of the State of Indiana, with its principal place of business in the State of New Jersey.

3.      Federal admits the allegations in Paragraph 3 of the Cross-Claim.

4.      Federal denies the allegations in Paragraph 4 of the Cross-Claim.

5.      Federal denies the allegations in Paragraph 5 of the Cross-Claim.

## AFFIRMATIVE DEFENSES

Having denied each and every allegation of the Cross-Claim not specifically admitted, Federal raises the following affirmative defenses.

### First Affirmative Defense

There is no contractual or other business relationship between Federal and American Express with respect to the insurance coverage purchased by Altagracia Peguero, Plaintiff in the above-captioned action, that would give rise to a claim for indemnification or contribution by American Express.

### Second Affirmative Defense

The Cross-Claim, in whole or in part, fails to state a claim upon which relief can be granted.

### Third Affirmative Defense

The claims in the Cross-Claim are barred by the doctrine of laches.

### Fourth Affirmative Defense

The claims in the Cross-Claim are barred by the doctrine of estoppel.

### Fifth Affirmative Defense

The claims in the Cross-Claim are barred by the doctrine of waiver.

### Sixth Affirmative Defense

Federal reserves the right to amend its pleading to assert additional affirmative defenses.

Dated: Boston, Massachusetts
September 21, 2005

RIEMER & BRAUNSTEIN LLP


By: */s/ Mark W. Corner*
        Mark W. Corner (BBO #550156)

Three Center Plaza
Boston, Massachusetts  02108
(617) 523-9000

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP


By: */s/ H. Christopher Boehning*
        H. Christopher Boehning

1285 Avenue of the Americas
New York, New York  10019-6064
(212) 373-3000

*Attorneys for Defendant*
*Federal Insurance Company*

## CERTIFICATE OF SERVICE

I, Mark W. Corner hereby certify that on this date, September 21, 2005, I caused to be served the foregoing document, by electronic notice, upon the following counsel of record:

Kevin Donius, Esquire
Corcoran, FitzGerald & Hennessey
500 Granite Avenue
Milton, MA 02186


John F. Farraher, Jr., Esquire
Greenberg Traurig
One International Place
20th Floor
Boston, MA 02110

Allison M. O'Neil, Esquire
Craig & Macauley, P.C.
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210



*/s/Mark W. Corner*
Mark W. Corner

913906.1

3