## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ALTAGRACIA J. PEGUERO,

Plaintiff,

v.

AMERICAN EXPRESS COMPANY, THE
SKLOVER GROUP, INC., and FEDERAL
INSURANCE COMPANY,

Defendants.

Civil Action No. 05-10995-RCL

## DEFENDANT AMERICAN EXPRESS COMPANY'S
## INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)

Defendant American Express Company (hereinafter, "American Express"), by and
through its attorneys, hereby provides the following required disclosures pursuant to Fed. R. Civ.
P. 26(a)(1).   American Express reserves the right to add, or otherwise supplement, these
disclosures in the course of discovery.

## DISCLOSURES

I.    INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION THAT THE DISCLOSING
PARTY MAY USE TO SUPPORT ITS CLAIMS OR DEFENSES.

American Express believes that the following individuals are likely to have discoverable
information supporting its defenses:

1)    Vincent Jones, American Express c/o Greenberg Traurig, LLP, One International
Place, 20th Floor, Boston, MA 02110, 617-310-6000.

2)    The person or persons identified by Defendant Federal Insurance Company as
having knowledge of matters pertaining to Plaintiff's claims.

3)    The person or persons identified by Defendant The Sklover Group, Inc. as having
knowledge of matters pertaining to Plaintiff's claims.

4) Unknown persons employed by HEALTHEXTRAS, Inc., who are believed to have knowledge of matters pertaining to Plaintiff's claims.

5) Plaintiff, Altagracia Peguero – all aspects of the case.

II. **DOCUMENTS, DATA COMPILATIONS, AND TANGIBLE THINGS IN AMERICAN EXPRESS' POSSESSION, CUSTODY OR CONTROL THAT AMERICAN EXPRESS MAY USE TO SUPPORT ITS CLAIMS OR DEFENSES.**

In order to support its defenses, American Express may use any and all materials related to Plaintiff's status as an American Express cardholder, including without limitation:

1) any and all materials related to the accidental disability plan that is the subject of this suit (hereinafter, the "Plan") including – without limitation – Plan Descriptions;

2) written agreements between plaintiff (as a card member) and American Express;

3) Personal Statements of Account; and

4) correspondence or notices sent to plaintiff by (or on behalf of) co-defendants (including – without limitation – letters sent in response to plaintiff's demand made under M.G.L. c. 93A).

III. **COMPUTATION OF ANY CATEGORY OF DAMAGES CLAIMED BY THE DISCLOSING PARTY.**

Notwithstanding the fact that American Express denies that it has any liability to Ms. Peguero, in the event American Express is found liable for any claims made by her, it is entitled to recover contribution and indemnity from the co-defendants, Sklover and Federal. The amount of those damages has yet to be determined.

**IV.    ANY INSURANCE AGREEMENT UNDER WHICH ANY PERSON CARRYING ON AN INSURANCE BUSINESS MAY BE LIABLE TO SATISFY PART OR ALL OF A JUDGMENT WHICH MAY BE ENTERED IN THE ACTION OR TO INDEMNIFY OR REIMBURSE FOR PAYMENTS MADE TO SATISFY THE JUDGMENT.**

American Express is in the process of investigating whether coverage exists that might

satisfy all or part of any judgment in this action and, as such, reserves the right to supplement

this response in the future.

Respectfully submitted,

AMERICAN EXPRESS COMPANY

By its legal counsel

John F. Farraher, Jr. (BBO# 568194)
GREENBERG TRAURIG LLP
One International Place, 20th Floor
Boston, Massachusetts 02110
Tel:  (617) 310-6000
Fax:  (617) 310-6001

Dated: September 20, 2005

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the
above document was served upon the
attorney of record for each other party
by mail-hand on and e-mail on
9/20/05