UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                      )
ALTAGRACIA J. PEGUERO,      )
                                      )
       Plaintiff,            )
                                      )
       v.                 )    Civil Action No. 05-10995-RCL
                                      )
AMERICAN EXPRESS COMPANY,  )
INC., THE SKLOVER GROUP, INC., and  )
FEDERAL INSURANCE COMPANY,   )
                                      )
       Defendants.       )
_____)

**Plaintiff's Unopposed Motion for Leave
to File Second Amended Complaint**

    The Plaintiff, Altagracia J. Peguero, pursuant to Rule 15 of the Federal Rules of Civil Procedure, hereby moves for leave to file a Second Amended Complaint to add a new defendant, HealthExtras, Inc. ("HealthExtras") AS GROUNDS IN SUPPORT OF THIS MOTION, the Plaintiff states as follows:

    1.  This case arises out of the unlawful and deceptive marketing and advertisement of a so-called accidental disability insurance policy.  At the time the lawsuit was filed, the Plaintiff named all parties of which she was aware who had a role in the marketing and advertisement of the policy.

    2.  The Plaintiff recently learned that HealthExtras was involved not only in processing and administering of the claims, but also in marketing the policy.  Accordingly, the just

adjudication of this matter requires that HealthExtras be added as a party defendant.

    3.  A copy of the proposed Second Amended Complaint is attached hereto as Exhibit A.

    4.  All Defendants have been consulted and there is no opposition to this motion.

    5.  For further support of this motion, this Honorable Court is respectfully referred to the Memorandum of Law In Support of Plaintiff's Motion to Amend Complaint submitted herewith.

    WHEREFORE, the Plaintiff, Altagracia J. Peguero, respectfully requests that she be allowed to file a Second Amended Complaint adding HealthExtras, Inc. as a defendant.

> The Plaintiff,
> Altagracia J. Peguero,
> By Her Attorney,
>
> /s/ Kevin Donius
> Kevin Donius, Esq.
> Law Office of Kevin Donius, P.C.
> 500 Granite Avenue
> Milton, MA  02186
> Telephone:  617-296-4900
> Facsimile:  617-696-6704
> BBO # 551298

Dated:  November 16, 2005

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1**

The Plaintiff, by and through counsel, hereby certifies that she has conferred with counsel of record for each defendant in a good faith attempt to resolve or narrow the issues raised in this motion and that each defendant, acting through counsel, has indicated that there will be no opposition to this motion.

/s/ Kevin Donius
Kevin Donius

**CERTIFICATE OF SERVICE**

I, Kevin Donius, hereby certify that on this date, November 16, 2005, I caused to be served the foregoing document, by electronic notice, upon the following counsel of record:

| | |
|---|---|
| Mark W. Corner, Esquire | Allison M. O'Neil, Esquire |
| Rieman & Braunstein | Craig & Macauley, P.C. |
| Three Center Plaza | Federal Reserve Plaza |
| Boston, MA  02108 | 600 Atlantic Avenue |
| | Boston, MA  02210 |
| John F. Farraher, Jr., Esquire | H. Christopher Boehning, Esquire |
| Greenberg & Traurig | Paul, Weiss, Rifland, Wharton & |
| One International Place |   Garrison, LLP |
| 20th Floor | 1285 Avenue of the Americas |
| Boston, MA  02110 | New York, NY  10019-6064 |

/s/ Kevin Donius
Kevin Donius

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
ALTAGRACIA J. PEGUERO,         )
     Plaintiff,                )
                               )    Civil Action No. 05-10995-RCL
     v.                        )
                               )    PROPOSED SECOND AMENDED
AMERICAN EXPRESS COMPANY,      )    COMPLAINT AND JURY DEMAND
THE SKLOVER GROUP, INC.        )
and HEALTHEXTRAS, INC.         )
     Defendants.               )
_____)
```

### I.   PARTIES

1. The Plaintiff, Altagracia J. Peguero, is an individual who at all times material hereto has resided at 1 Shandon Road, Apartment 215, Dorchester, Massachusetts.

2. The Defendant, American Express Company ("American Express"), is a corporation duly organized and existing under the laws of the State of New York, which has at all times material hereto maintained its principal place of business at 200 Vesey Street, New York, New York. At all times material hereto, American Express has conducted business in the Commonwealth of Massachusetts.

3. The Defendant, The Sklover Group, Inc. ("Sklover"), is a corporation duly organized and existing under the laws of the State of New York, which has at all times

     material hereto maintained its principal place of business at 400 Post Avenue, Suite 103, Westbury, New York.  At all times material hereto, The Sklover Group has conducted business in the Commonwealth of Massachusetts.

4. The Defendant, Healthextras, Inc. ("Healthextras"), is a corporation duly organized and existing, upon information and belief, under the laws of the State of Maryland, which has at all times material hereto maintained its principal place of business at 800 King Farm Boulevard, Rockville, Maryland.  At all times material hereto, Healthextras has conducted business in the Commonwealth of Massachusetts.

## GENERAL FACTUAL ALLEGATIONS

5. American Express, Sklover and Healthextras (collectively, "the Defendants") devised a scheme pursuant to which American Express, Sklover and Healthextras would market a so-called Accident Disability Policy (the "Policy"), underwritten by Federal Insurance Company, to American Express customers.  Upon information and belief, Sklover and Healthextras as insurance brokers arranged this joint undertaking.

6. The Policy, arranged by Sklover, marketed by the Defendants, and underwritten by Federal Insurance, provides coverage, as interpreted by the Defendants, so minimal as to be illusory and unconscionable.

7. As part of the scheme devised by the Defendants, the Policy was to be advertised and marketed in a manner intended to deceive customers regarding the coverage provided.

8. In or around August 2002, the Plaintiff received solicitations and promotional materials by mail from American Express regarding the Policy.

9. The solicitations and promotional materials the Plaintiff received contained misrepresentations and were misleading, unfair, and deceptive in that they falsely led the Plaintiff to believe she would be entitled to a payment of $1.5 Million dollars if she were to become disabled.

10. The solicitations and promotional materials were false, misleading, unfair and deceptive, in violation of M.G.L. c.93A and M.G.L. c.175, §110E, because, among other things they:

    a) utilized a misleading policy name;

    b) emphasized in oversized, bold letters "Financial Security" and stated "You're covered with up to

    $1.5 Million if an accident leaves you permanently disabled";

 c) stated, without qualification or further definition, that "This plan will pay you a $1.5 Million lump sum benefit in the event a catastrophic accident leaves you totally and permanently disabled, and unable to work";

 d) minimized and obscured exceptions, reductions, and the limitations of the policy by listing them in small print on the back of the solicitation;

 e) failed to provide a conspicuous, unambiguous definition of disability; and

 f) promoted for sale an unconscionable insurance policy with illusory coverage of no real economic value.

11. In reliance upon the false, misleading, unfair and deceptive representations contained in the solicitations and promotional materials, the Plaintiff purchased the Policy and paid the premiums therefor.

12. The Plaintiff was never provided a plan summary or the Accident Disability Policy by the Defendants.

13. On December 25, 2002, the Plaintiff became permanently and totally disabled when her right dominant arm was amputated in a motor vehicle rollover accident.

14. Following her accident, the Plaintiff applied to Federal Insurance Company for the total disability benefits payable under the Policy.

15. In response to her application, Federal Insurance Company informed the Plaintiff that she was entitled to $500.00 under the Policy and that under the Policy she would not be deemed "permanently and totally disabled" unless she had lost the use of one hand and one foot, both hands, sight in both eyes, hearing in both ears, or the ability to speak.

16. Had the Plaintiff been aware of this definition of total and permanent disability, she would not have purchased the Policy.

17. On June 8, 2004, the Plaintiff's attorney served American Express and The Sklover Group by certified mail with a Demand for Relief Pursuant to Massachusetts General Laws Chapter 93A, §§2 and 9, (the "First Demand Letter").

18. American Express made no written offer of settlement in response to the First Demand Letter.

19. Sklover made no written offer of settlement in response to the First Demand Letter.

20. On November 10, 2004, the Plaintiff's attorney served American Express by certified mail with a Second Demand for Relief Pursuant to Massachusetts General

Laws Chapter 93A §§2 and 9 (the "Second Demand Letter").

21. American Express made no written offer of settlement in response to the Second Demand Letter.

22. On October 4, 2005 the Plaintiff's attorney served Healthextras by certified mail with a Demand for Relief Pursuant to Massachusetts General Laws Chapter 93A §§2 and 9.

23. Healthextras made no written offer of settlement in response to the Demand Letter.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

(Against American Express, Healthextras and Sklover for Fraud/Deceit)

24. The Plaintiff re-alleges and incorporates herein by reference the factual allegations contained in Paragraphs one through twenty-three above.

25. The Defendants knowingly misrepresented the provisions of the Policy to the Plaintiff by, among other things, sending her solicitations and promotional materials that:

   a)  utilized a misleading policy name;

   b)  emphasized in oversized, bold letters "Financial Security" and stated "You're covered with up to

    $1.5 Million if an accident leaves you permanently disabled";

 c) stated, without qualification or further definition, that "This plan will pay you a $1.5 Million lump sum benefit in the event a catastrophic accident leaves you totally and permanently disabled, and unable to work";

 d) minimized and obscured exceptions, reductions, and the limitations of the policy by listing them in small print on the back of the solicitation;

 e) failed to provide a conspicuous, unambiguous definition of disability; and

 f) promoted for sale an unconscionable insurance policy with illusory coverage of no real economic value.

26. The Defendants knowingly misrepresented the provision of the Policy to the Plaintiff for the purpose of inducing her to purchase it.

27. In reasonable reliance upon the Defendants' misrepresentations of the Policy provisions, the Plaintiff purchased the Policy.

28. As a direct and proximate result of her reliance upon the Defendants' misrepresentations, the Plaintiff did not purchase other disability insurance which would have provided benefits to her when she became disabled by the loss of her arm.

29. As a direct and proximate result of her reliance upon the Defendants' misrepresentations, the Plaintiff paid premiums for illusory insurance coverage.

WHEREFORE, the Plaintiff, Altagracia J. Peguero, demands judgment against the Defendants, American Express Company, Healthextras, Inc., and The Sklover Group, Inc. in an amount to be determined by a jury at trial, plus, costs, interest, and all other relief the Court deems just and appropriate.

## SECOND CAUSE OF ACTION

(Against American Express, Healthextras and Sklover
For Violation of M.G.L. c.175, §110E)

30. The Plaintiff re-alleges and incorporates herein by reference the factual allegations contained in paragraph one through twenty-three above.

31. By knowingly misrepresenting the provisions of the Policy as set forth above, and by minimizing, obscuring, and rendering ambiguous the definitions of disability and the amounts payable under the Policy in its advertisements, the Defendants violated M.G.L. c.175, §110E, and the regulations promulgated thereunder.

32. As a consequence of the Defendants' breach of M.G.L. c.175, §110E, pursuant to that statute, the Plaintiff

is entitled to $1.5 Million, the amount she reasonably anticipated she would have recovered had she not been deceived, plus reasonable costs and attorney fees.

WHEREFORE, the Plaintiff, Altagracia J. Peguero, demands judgment against the Defendants, American Express Company, Healthextras, Inc., and The Sklover Group, Inc. in an amount to be determined by a jury at trial, plus costs, interest, attorney fees and all other relief the Court deems just and appropriate.

### **THIRD CAUSE OF ACTION**

(Against American Express, Healthextras and Sklover
For Violation of M.G.L. c.93A, §§2 and 9)

33. The Plaintiff re-alleges and incorporates herein by reference the factual allegations contained in paragraph one through twenty-three above.

34. By knowingly misrepresenting the Policy provisions as set forth above and by minimizing, obscuring, and rendering ambiguous the definition of disability and the amounts payable under the Policy, the Defendants falsely, deceptively, and unfairly advertised the Policy in violation of M.G.L. c.93A, §§ 2 and 9, and the regulations promulgated thereunder.

35. As set forth above, in Paragraphs 17 through 23, the Defendants were served with proper and legally sufficient demands for relief under M.G.L. c.93A.

36. The Defendants failed to make timely, reasonable, written offers of settlement in response to the demands for relief.

37. By virtue of the Defendants' breach of M.G.L. c.93A, §§2 and 9, the Plaintiff is entitled compensatory damages, treble damages, attorney fees, costs, interest, and such other relief as the Court deems just and appropriate.

WHEREFORE, the Plaintiff, Altagracia J. Peguero, demands judgment against the Defendants, American Express Company, Healthextras, Inc., and The Sklover Group, Inc. in an amount to be determined by a jury at trial, plus costs, interest, treble damages, attorney fees and all other relief the Court deems just and appropriate.

**FOURTH CAUSE OF ACTION**

(Against American Express, Healthextras and Sklover
For Breach of Contract)

38. The Plaintiff re-alleges and incorporates herein by reference the factual allegations contained in paragraphs one through twenty-three above.

39. Pursuant to the contract for insurance entered into between American Express, Federal Insurance, Sklover, and the Plaintiff, the Plaintiff was entitled to a payment of a $1.5 Million lump sum if she became permanently and totally disabled.

40. The Plaintiff became disabled on or about December 25, 2002.

41. The Defendants breached the contract between them and the Plaintiff by refusing to pay her the $1.5 Million lump sum benefit after she became disabled.

WHEREFORE, the Plaintiff, Altagracia J. Peguero, demands judgment against the Defendants, American Express Company, Healthextras, Inc., and The Sklover Group, Inc. in an amount to be determined by a jury at trial, plus, costs, interest, attorney fees, and all other relief the Court deems just and appropriate.

### FIFTH CAUSE OF ACTION

(Against American Express, Healthextras and Sklover For Promissory Estoppel)

42. The Plaintiff re-alleges and incorporates herein by reference the factual allegations contained in paragraphs one through twenty-three above.

43. The Defendants knowingly misrepresented the Policy provisions as set forth above.

44. In reasonable reliance upon the Defendants' representations, the Plaintiff purchased the Policy and was led to believe she would be entitled to $1.5 Million under the Policy if she became disabled.

45. In reasonable reliance upon her belief that she had purchased insurance which would cover her if she were to become disabled, the Plaintiff did not purchase other disability insurance.

46. The Plaintiff became disabled on or about December 25, 2002.

47. Having induced the Plaintiff to purchase the Policy with their misrepresentations, the Defendants are estopped from denying that the Plaintiff was entitled to $1.5 Million under the Policy when she became disabled.

WHEREFORE, the Plaintiff, Altagracia J. Peguero, demands judgment against the Defendants, American Express Company, Healthextras, Inc., and The Sklover Group, Inc. in an amount to be determined by a jury at trial, plus, costs, interest, attorney fees, and all other relief the Court deems just and appropriate.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

            THE PLAINTIFF,
            By her Attorney,


            /s/ Kevin Donius
            Kevin Donius, Esquire
            Law Offices of Kevin Donius, P.C.
            500 Granite Avenue
            Milton, MA  02186
            TEL  (617) 296-4900
            FAX  (617) 696-6704
            BBO#:  551298

Date:   November 16, 2005

### CERTIFICATE OF SERVICE

I, Kevin Donius, hereby certify that on this date, November 16, 2005, I caused to be served the foregoing document, by electronic notice, upon the following counsel of record:

| | |
|---|---|
| Mark W. Corner, Esquire<br>Rieman & Braunstein<br>Three Center Plaza<br>Boston, MA  02108 | Allison M. O'Neil, Esquire<br>Craig & Macauley, P.C.<br>Federal Reserve Plaza<br>600 Atlantic Avenue<br>Boston, MA  02210 |
| John F. Farraher, Jr., Esquire<br>Greenberg & Traurig<br>One International Place<br>20th Floor<br>Boston, MA  02110 | H. Christopher Boehning, Esquire<br>Paul, Weiss, Rifland, Wharton &<br> Garrison, LLP<br>1285 Avenue of the Americas<br>New York, NY  10019-6064 |

            /s/ Kevin Donius
            Kevin Donius