```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
_____
ALTAGRACIA J. PEGUERO,         )
     Plaintiff,                )
                               )
     v.                        )   Civil Action No. 05-10995-RCL
                               )
AMERICAN EXPRESS COMPANY,      )
INC., THE SKLOVER GROUP, INC.,)
and FEDERAL INSURANCE COMPANY,)
     Defendants.               )
_____)
```

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

This Memorandum of Law is submitted in support of Plaintiff's Motion for Leave to File a Second Amended Complaint.

I.   Statement of Facts and Procedural History

This case arises out of allegations that the Defendants advertised and marketed a disability insurance policy in an unfair and deceptive manner.  More specifically, the Plaintiff alleges she was falsely led to believe that she would be paid $1.5 Million in the event she became totally disabled from work.  After purchasing the policy, the Plaintiff, a dentist trained in the Dominican Republic working as a dental hygienist in Massachusetts, became totally disabled from work when she lost her arm in an automobile accident.  However, in response to her claims filed pursuant to the policy, the

Defendants have asserted that under the policy she was entitled only to $500.00, not the $1.5 Million she expected.

The Plaintiff's First Amended Complaint[1] contains causes of action for fraud/deceit, violation of M.G.L.c.175, §110E, violation of M.G.L.c.93A, §§2 and 9, breach of contract, and promissory estoppel.  The Plaintiff has settled her claims with the Defendant Federal Insurance Company and a stipulation of dismissal has been filed.  The Plaintiff also has a settlement agreement with the Defendant The Sklover Group, Inc., but the settlement has not been consummated and no stipulation of dismissal has yet been filed.

The Plaintiff has recently learned that HealthExtras, Inc. ("HealthExtras") also was involved in the marketing and advertising of the policy.  Accordingly, the Plaintiff now seeks leave to file a Second Amended Complaint adding causes of action against HealthExtras for fraud/deceit, violation of M.G.L. c. 175, §110E, violation of M.G.L. c.93A, §§2 and 9, beach of contract and promissory estoppel.  The Proposed Second Amended Complaint also removes all Counts against Federal Insurance Company.

---

[1] The original Complaint was amended simply to correct a misstatement of American Express' legal corporate name.

## II. Legal Argument

Pursuant to F.R.C.P. 15(a):

> A party may amend the party's pleading once as a matter of right before a responsive pleading is served . . . [o]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; <u>and leave shall be freely given when justice so requires</u>.

Here, justice requires that HealthExtras be added as a party. Upon information and belief, HealthExtras played a significant role in the marketing and advertisement of the disability policy in question -- the conduct underlying this lawsuit -- and accordingly is a necessary and proper defendant in this lawsuit.

A separate, parallel lawsuit against HealthExtras would unduly and unnecessarily burden the Court and impose additional costs on, and increase the inconvenience to, the litigants. Accordingly, the interest of the Court and the litigants would be best served by the inclusion of HealthExtras in this lawsuit.

## III. Conclusion

For all of the foregoing reasons, the Plaintiff's Motion for Leave to File a Second Amended Complaint ought to be allowed.

        The Plaintiff,
        Altagracia J. Peguero,
        By Her Attorney,


        /s/ Kevin Donius
        Kevin Donius, Esq.
        Law Office of Kevin Donius, P.C.
        500 Granite Avenue
        Milton, MA  02186
        Telephone:  617-296-4900
        Facsimile:  617-696-6704
        BBO # 551298

Dated:  November 16, 2005

**CERTIFICATE OF SERVICE**

    I, Kevin Donius, hereby certify that on this date, November 16, 2005, I caused to be served the foregoing document, by electronic notice, upon the following counsel of record:

| | |
|---|---|
| Mark W. Corner, Esquire<br>Rieman & Braunstein<br>Three Center Plaza<br>Boston, MA  02108 | Allison M. O'Neil, Esquire<br>Craig & Macauley, P.C.<br>Federal Reserve Plaza<br>600 Atlantic Avenue<br>Boston, MA  02210 |
| John F. Farraher, Jr., Esquire<br>Greenberg & Traurig<br>One International Place<br>20th Floor<br>Boston, MA  02110 | H. Christopher Boehning, Esquire<br>Paul, Weiss, Rifland, Wharton &<br>  Garrison, LLP<br>1285 Avenue of the Americas<br>New York, NY  10019-6064 |

        /s/ Kevin Donius
        Kevin Donius