UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALTAGRACIA J. PEGUERO,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>AMERICAN EXPRESS COMPANY, THE SKLOVER GROUP, INC., and FEDERAL INSURANCE COMPANY,<br><br>　　　　　　　　Defendants. | Civil Action No. 05-10995-RCL |

**DEFENDANT AMERICAN EXPRESS COMPANY'S**
**UNOPPOSED MOTION TO FILE THIRD-PARTY COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 14(a), defendant American Express Company ("American Express"), by and through its attorneys, and without opposition, hereby moves the Court for leave to file a Third-Party Complaint against HEALTHEXTRAS, L.L.C. ("HEALTHEXTRAS"). In support of this motion, American Express attaches as Exhibit A hereto a copy of its proposed Third-Party Complaint and states:

**RELEVANT PROCEDURAL HISTORY**

1.　　Plaintiff, Altagracia Peguero ("Plaintiff") filed this action on or about April 15, 2005 against defendants, American Express, The Sklover Group, Inc., and Federal Insurance Company (collectively, "Defendants"), asserting causes of action for fraud/deceit, violation of M.G.L.c.175, §110E, violation of M.G.L.c.93A, §§2 and 9, breach of contract, and promissory estoppel. Plaintiff bases her claims on the allegation that Defendants advertised and marketed a disability insurance policy (the "Policy") in an unfair and deceptive manner and that Plaintiff was injured as a result of such alleged conduct.

      2.      Plaintiff has settled her claims against The Sklover Group, Inc. and Federal Insurance Company, although American Express maintains cross-claims against those defendants.

      3.      On September 21, 2005, a Rule 16 conference was held during which American Express informed the Court of its desire to file a third-party complaint against HEALTHEXTRAS and its intent to file this motion.

## HEALTHEXTRAS IS A PROPER THIRD-PARTY DEFENDANT

      4.      The requirements of Federal Rule of Civil Procedure 14 are satisfied here, as HEALTHEXTRAS is liable in full to American Express for any liability American Express might incur in connection with Plaintiff's claims.  Pursuant to a September 17, 1999 "Marketing Agreement" between the companies (the "Agreement"), HEALTHEXTRAS owes American Express a broad duty of indemnification for any and all liabilities or expenses, including attorney's fees and costs, directly or indirectly arising out of or in connection with the Policy.  Notwithstanding that this suit arises out of or in connection with the Policy, HEALTHEXTRAS has refused American Express' demands for indemnification.  Thus, it is appropriate that American Express be allowed to assert claims for indemnification against HEALTHEXTRAS in this action.

        Respectfully submitted,

        AMERICAN EXPRESS COMPANY

        By its attorneys:


        /s/ John F. Farraher, Jr.
        John F. Farraher, Jr. BBO # 568194
        GREENBERG TRAURIG, LLP
        One International Place, 20th Floor
        Boston, MA   02110
        Tel:  (617) 310-6000
        Fax:  (617) 310-6001


Dated:  November 17, 2005


## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

American Express, by and through counsel, hereby certifies that it has conferred with all counsel of record in a good faith attempt to resolve or narrow the issues raised in this motion and that all counsel do not oppose the relief sought herein.

        /s/ John F. Farraher, Jr.
        John F. Farraher, Jr.


## CERTIFICATION PURSUANT TO LOCAL RULE 15.1

American Express, by and through counsel, hereby certifies that it complied with the requirements of Local Rule 15.1(B) by providing counsel for HEALTHEXTRAS written notice of its intention to file a motion seeking leave to file a third-party complaint ten days in advance of the filing of this motion.

        /s/ John F. Farraher, Jr.
        John F. Farraher, Jr.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALTAGRACIA J. PEGUERO,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS COMPANY, THE SKLOVER GROUP, INC., and FEDERAL INSURANCE COMPANY,<br><br>Defendants.<br><br>AMERICAN EXPRESS COMPANY,<br><br>Third-Party Plaintiff<br><br>v.<br><br>HEALTHEXTRAS, L.L.C.,<br><br>Third-Party Defendant. | Civil Action No. 05-10995-RCL |

**THIRD-PARTY COMPLAINT OF AMERICAN EXPRESS COMPANY
AGAINST HEALTHEXTRAS, L.L.C.**

Defendant, Third-Party Plaintiff American Express Company ("American Express"), by and through its undersigned counsel, Greenberg Traurig, LLP, hereby complains of Third-Party Defendant, HEALTHEXTRAS, L.L.C. ("HEALTHEXTRAS"), as follows:

**THE PARTIES**

1.   American Express is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business at 200 Vesey Street, New York, New York.

1

2. On information and belief, HEALTHEXTRAS is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business at 2275 Research Boulevard, Rockville, Maryland.

## JURISDICTION

3. The court has jurisdiction over this dispute under 28 U.S.C. §§ 1332 and 1367, as the claims asserted by American Express against HEALTHEXTRAS are part of the same Article III case and controversy as the existing claims in this action, the amount in controversy exceeds $75,000 and the complete diversity exists between American Express and HEALTHEXTRAS.

## FACTS

4. On or about April 15, 2005, Plaintiff, Altagracia Peguero filed her First Amended Complaint against, among others, American Express.

5. Peguero's claims, the validity of which American Express disputes, arise out of her purchase of an accidental disability plan (the "Plan") that HEALTHEXTRAS developed, marketed and provided to American Express cardholders pursuant to a September 17, 1999 "Marketing Agreement" between the companies (the "Agreement") .

6. Section 9(a) of the Agreement requires HEALTHEXTRAS to

> protect, defend, indemnify and hold harmless [American Express], its parent, subsidiaries, affiliates, successors, assigns, directors, officers, agents and employees (each an Indemnitee) from and against any loss, damage, cost, expense, liability, and settlement, including without limitation, any reasonable attorney fees and court costs (each of the foregoing a "Claim") reasonably incurred by any Indemnitee which Claim arises out of or in connection with, either directly or indirectly, (i) the performance of HEALTHEXTRAS or its officers, directors, employees, Approved Vendors, contractors or agents (collectively, the "Agents") of the duties and obligations under this Agreement; (ii) the failure of HEALTHEXTRAS or its Agents, as the case may be, to comply with the terms of this Agreement; or (iii) the failure of HEALTHEXTRAS (including without limitation its Agents who perform on behalf of HEALTHEXTRAS hereunder) to comply with its obligations under any and all

laws, rules or regulations applicable to HEALTHEXTRAS, its Agents or the Accidental Disability Plan, as the case may be; or (iv) the Accidental Disability Plan.

7. Under section 13(b) of the Agreement, HEALTHEXTRAS warranted that its performance under the Agreement complied and would comply with all applicable laws, including "fair trade and advertising laws and regulations."

8. Peguero's claims, and the resultant expense to American Express, fall squarely within HEALTHEXTRAS' duty to indemnify American Express set forth in section 9 of the Agreement.

9. HEALTHEXTRAS has been on notice of Plaintiff's claims since in or around June 2004, prior to the commencement of litigation.

10. On August 31, 2005, American Express served HEALTHEXTRAS with a formal demand for indemnification.

11. HEALTHEXTRAS refused to indemnify American Express.

## COUNT I
### (Contractual Indemnification)

12. American Express incorporates and restates the allegations of paragraphs 1 through 11.

13. The Agreement is a valid and enforceable contract between American Express and HEALTHEXTRAS.

14. Under the Agreement, HEALTHEXTRAS is obligated to indemnify American Express for any and all expenses arising out of or connected with the Plan along with any such expenses arising out of the failure of HEALTHEXTRAS to comply with the terms of the Agreement.

15. HEALTHEXTRAS breached the Agreement by refusing American Express' request for indemnification.

16. All conditions precedent to HEALTHEXTRAS' performance under the Agreement have been satisfied.

## COUNT II
### (Implied Indemnification)

17. American Express incorporates and restates the allegations of paragraphs 1 through 16.

18. The nature of and special factors surrounding the relationship between HEALTHEXTRAS and American Express demonstrate that the parties intended HEALTHEXTRAS to bear ultimate responsibility for any legal expenses and/or liability related to the Plan and obligate HEALTHEXTRAS to indemnify American Express for such liabilities and expenses.

19. As such, HEALTHEXTRAS owes American Express an implied duty of indemnification for all expenses and/or liability incurred in connection with Peguero's claims.

## COUNT III
### (Unjust Enrichment)

20. American Express incorporates and restates the allegations of paragraphs 1 through 19.

21. HEALTHEXTRAS has failed to honor its obligation to indemnify American Express and has thereby benefited (to American Express' detriment) in an amount equal to American Express' costs incurred in connection with Peguero's suit, including legal fees and any judgment that might be awarded.

22.     The circumstances of this case are such that it would be unjust for HEALTHEXTRAS' to retain this benefit.

**WHEREFORE,** American Express demands judgment against HEALTHEXTRAS awarding American Express indemnification for any and all expenses, including attorney's fees and costs, associated with its defense against Plaintiff's claims and its enforcement of HEALTHEXTRAS' obligations under the Agreement;  for any and all sums that may be adjudged against American Express in favor of Plaintiff; and any other relief the Court deems just.

Respectfully submitted,

AMERICAN EXPRESS COMPANY

By its attorneys:

/s/ John F. Farraher, Jr.
John F. Farraher, Jr. BBO # 568194
GREENBERG TRAURIG, LLP
One International Place, 20th Floor
Boston, MA   02110
Tel:  (617) 310-6000
Fax:  (617) 310-6001

Dated:  November  17, 2005