UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALTAGRACIA PEGUERO,<br><br>                              Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS COMPANY,<br>INC., THE SKLOVER GROUP, INC.<br><br>                              Defendants, | Civil Action No. 05-10995-RCL |
| AMERICAN EXPRESS COMPANY,<br>INC.,<br><br>                              Cross-Claim Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY and<br>THE SKLOVER GROUP INC.,<br><br>                              Cross-Claim Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF FEDERAL
INSURANCE COMPANY'S MOTION TO DISMISS THE
<u>CROSS-CLAIM FOR CONTRIBUTION OF AMERICAN EXPRESS</u>**

Cross-claim Defendant Federal Insurance Company ("Federal") respectfully submits this memorandum of law in support of its motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the cross-claim for contribution of American Express Company, Inc. ("American Express"), in its entirety and with prejudice.

**<u>INTRODUCTION</u>**

American Express brings its cross-claim for contribution, as well as a cross-claim for indemnification, against Federal for one reason: to force Federal's continued participation in this action despite the dismissal of plaintiff Altagracia

Peguero's claims against Federal. Federal and cross-claim defendant The Sklover Group Inc. ("Sklover"), have negotiated good faith settlements with plaintiff that ended their involvement in this matter. As a result of these good faith settlements, American Express' cross-claim for contribution is *specifically barred* by Massachusetts General Laws c. 231B § 4(b). Accordingly, the Court should dismiss the cross-claim with prejudice.

## STATEMENT OF FACTS

This case arises out of the Altagracia Peguero's purchase of insurance coverage under a Catastrophic Injury and Accidental Disability Insurance Policy (the "Policy") marketed and sold by American Express.

### A.    Plaintiff Altagracia Peguero's Claims

This lawsuit originated on March 24, 2005, when plaintiff filed suit in the Commonwealth of Massachusetts, Massachusetts Trial Court, Suffolk Superior Court naming American Express, Sklover and Federal as defendants (Civil Action No. 05-11900) (the "Complaint"). The action sought to recover a $1.5 million insurance benefit to which plaintiff alleged she was entitled under the Policy. Amended Cplt. ¶¶ 13, 14, 38-41.

On April 19, 2005, Peguero filed a First Amended Complaint and Jury Demand, again naming American Express, Sklover and Federal as defendants (the "Amended Complaint"). In her Amended Complaint, plaintiff alleged "a scheme pursuant to which American Express and Sklover would market a so-called Accident Disability Policy (the "Policy"), underwritten by Federal Insurance, to American Express customers." Amended Cplt. ¶ 5. Under this alleged scheme, plaintiff received from American Express, by mail, "solicitations and promotional materials" that were "false,

misleading, unfair and deceptive." Amended Cplt. ¶ ¶ 8-10. Based upon these allegations, plaintiff asserted five causes of action. Four of the causes of action, for fraud and deceit, violation of M.G.L. ch. 175 § 110E, violation of M.G.L. ch. 93A §§ 2 and 9, and promissory estoppel, related directly to the allegedly false and misleading written materials provided to plaintiff by American Express. Amended Cplt. ¶¶ 24-29, 30-32, 33-37, 42-47. Only plaintiff's breach of contract claim concerned Federal's denial of Peguero's claim for the $1.5 million insurance benefit for "permanent and total disability" under the terms of the Policy. *Id*. at ¶¶ 38-41.

      **B.**    **Federal's Settlement with Plaintiff and American Express' Cross-Claims for Contribution and Indemnification.**

In May 2005, Federal, Sklover and American Express filed a Notice of Removal and timely removed the lawsuit and Amended Complaint to the United States District Court, District of Massachusetts (Civil Action No. 05-10995-RCL). Soon after, plaintiff and Federal began settlement negotiations. American Express was notified of, and was invited to participate in, these settlement negotiations. American Express declined to participate and Federal ultimately entered into a confidential Settlement and Release Agreement with plaintiff on August 16, 2005. On September 21, 2005, pursuant to the Settlement Agreement, plaintiff's counsel filed a Stipulation of Dismissal, discontinuing plaintiff's action as against Federal.

American Express filed its Answer, Affirmative Defenses and Cross-Claims on May 31, 2005. In it, American Express asserted cross-claims against Federal and Sklover for contribution and indemnification. Cross-Claims ¶ 5. American Express provided no facts to support its claim that it was entitled to contribution and indemnification. Instead, it stated in conclusory language that "in the event American

3

Express is found liable for any claims made by [plaintiff], it is entitled to recover contribution and indemnity from Sklover and Federal." *Id*. ¶ 5.

Prior to filing this motion, counsel for Federal has had numerous conversations with American Express regarding the sufficiency of American Express' cross-claims, particularly that for contribution. Federal has repeatedly shown American Express that its cross-claim for contribution was barred under Massachusetts law and has asked American Express to withdraw that claim. Despite these discussions, and despite counsel to American Express' acknowledgement at the September 21, 2005 scheduling conference that its cross-claim for contribution is *specifically barred* under General Laws c. 231B § 4(b), American Express nonetheless has refused to withdraw its cross-claim for contribution.

**ARGUMENT**

Under Rule 12(b)(6), this Court may dismiss the cross-claim if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Tolman v. Finneran,* 171 F. Supp. 2d 31, 35 (D. Mass. 2001) (Saris, J.) (citation omitted). In evaluating the motion to dismiss, the Court takes as true "the well-pleaded facts as they appear in the complaint, extending [the] plaintiff every reasonable inference in his favor." *Id.* (citations omitted). "Plaintiffs may not, however, rely upon 'unsupported conclusions or interpretations of law.'" *Id.* (citation omitted). Instead, American Express must make sufficient factual allegations to survive a Rule 12(b)(6) motion. *See Day v. Fallon County Health Plan, Inc.*, 917 F. Supp. 72, 75 (D. Mass. 1996). Under this legal standard, the contribution cross-claim asserted by American Express is legally insufficient.

American Express' cross-claim for contribution against Federal is barred by Massachusetts General Laws c. 231B § 4(b). G.L. c.231B, § 4(b) (2005). The claim should therefore be dismissed.

General Laws c. 231B, § 4 provides,

> "When a release or a covenant not to sue or not to enforce judgment is given in good-faith to one of two or more persons liable in tort for the same injury: … (b) it shall discharge the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor."

Therefore, when a defendant – such as Federal – enters into a settlement with plaintiff in good faith, that defendant is automatically released from a co-defendant's cross-claim for contribution. *Chapman* v. *Bernard's Inc.*, 198 F.R.D. 575, 577 (D.Mass. 2001). The very purpose and goal of this statute is to "promote settlement" among the parties in a litigation. *Noyes*, 28 Mass.App.Ct. at 190; *Slocum* v. *Donohue*,

5

693 N.E.2d 179, 182 (Mass.App.Ct. 1998); *Chapman*, 198 F.R.D. at 577 (stating that the statute "represents the realization that a joint tortfeasor will be unlikely to settle if he remains open to contribution claims").

A party seeking contribution against a defendant that has settled bears the burden of establishing a "lack of good faith" with regard to the settlement. *Noyes*, *supra* at 190. In order to establish a lack of good faith, however, the opposing party must establish "collusion, fraud, dishonesty [or] other wrongful conduct." *Id*. In this case, American Express has not made a single allegation that the settlement was collusive or otherwise wrongful. Absent such allegations, there is no "proper basis for denying [Federal] the right to 'buy [its] peace' and be free of liability for contribution to [American Express]." *Bonilla* v. *Passat*, 1995 WL 517456 at *2 (Mass.Super.) (*citing Noyes*, 28 Mass.App.Ct. at 191).

American Express has not made any allegation of bad faith because the settlement between Federal and Plaintiff was undoubtedly "fair and reasonable." *Slocum*, 44 Mass.App.Ct. at 938. The confidential Settlement and Release Agreement, signed on August 16, 2005, was the culmination of productive negotiations between the parties. On September 21, 2005, plaintiff filed a Stipulation of Dismissal, discharging all claims against Federal. That plaintiff and Federal entered into settlement in good faith is clear and undisputed. *See Noyes*, 28 Mass.App.Ct. at 191; *Chapman*, 198 F.R.D. at 578; *Wilhelm* v. *Bonnie & Clyde Contracting Co.*, 1999 WL 97947 (Mass.Super.); *Bonilla*, 1995 WL 517456 at *2.

Because American Express is specifically proscribed under Massachusetts law from recovering contribution from Federal, the contribution cross-claim must be dismissed.

## **CONCLUSION**

For the foregoing reasons, Federal is entitled to, and respectfully requests, the entry of an order dismissing the cross-claim for contribution asserted by American Express with prejudice.

Dated: Boston, Massachusetts
November 17, 2005

        RIEMER & BRAUNSTEIN LLP


        By: _____*/s/ Mark Corner*_____
            Mark W. Corner (BBO#550156)

        Three Center Plaza
        Boston, Massachusetts 02108
        (617) 523-9000

        PAUL, WEISS, RIFKIND, WHARTON &
        GARRISON LLP

        H. Christopher Boehning
        Danielle M. Aguirre
        1285 Avenue of the Americas
        New York, New York 10019-6064
        (212) 373-3000

        *Attorneys for Cross-claim Defendant Federal*
        *Insurance Company*

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)

Mark W. Corner, counsel of record for the Defendant Federal Insurance Company, hereby certifies that on November 16, 2005, Danielle Aguirre of the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP, co-counsel to Federal Insurance Company, conferred by telephone with John F. Farraher, counsel to American Express, in an effort in good faith to resolve or narrow the issue presented in this motion, as required by Local Rule 7.1(A)(1), and that the parties were unable to resolve the issues raised in this motion.

**SIGNED UNDER THE PENALTIES OF PERJURY THIS 17th DAY OF NOVEMBER 2005.**

                              */s/ Mark Corner*

**CERTIFICATE OF SERVICE**

      I, Mark W. Corner hereby certify that on this date, November 17, 2005, I caused to be served the foregoing document, along with the accompanying Memorandum of Law, by electronic notice, upon the following counsel of record:

| | |
|---|---|
| Kevin Donius, Esquire<br>Corcoran, FitzGerald & Hennessey<br>500 Granite Avenue<br>Milton, MA 02186 | Allison M. O'Neil, Esquire<br>Craig & Macauley, P.C.<br>Federal Reserve Plaza<br>600 Atlantic Avenue<br>Boston, MA 02210 |

John F. Farraher, Jr., Esquire
Greenberg Traurig
One International Place
20th Floor
Boston, MA 02110

                                              */s/ Mark Corner*
                                              Mark W. Corner

.