UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALTAGRACIA J. PEGUERO,<br><br>               Plaintiff,<br><br>               v.<br><br>AMERICAN EXPRESS COMPANY, THE SKLOVER GROUP, INC., and FEDERAL INSURANCE COMPANY,<br><br>               Defendants. | Civil Action No. 05-10995-RCL |

**DEFENDANT/CROSS-CLAIMANT AMERICAN EXPRESS COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO FEDERAL INSURANCE COMPANY'S MOTION TO DISMISS THE CROSS CLAIM FOR CONTRIBUTION**

Defendant/Cross-Claimant, American Express Company ("American Express"), respectfully submits this memorandum of law in opposition to the motion of Cross-Claim Defendant Federal Insurance Company ("Federal") to dismiss American Express' cross-claim for contribution.

As Federal acknowledges in its brief, American Express has asserted claims for both contribution and indemnification against Federal. Federal's motion, however, seeks only the dismissal of American Express' contribution claim, and even then, falls short of providing adequate grounds for the dismissal of the claim.[1]

Federal bases it motion exclusively on M.G.L. c. 231B, § 4(b) (referred to alternatively herein as the "Statute"), which provides that a defendant's good faith settlement with the plaintiff in an action extinguishes joint-tortfeasor liability for contribution. By its plain terms, however, the Statute does not apply to non-tort liability and thus does not reach the equitable contribution

---

[1] Because Federal has not (and could not) challenge American Express' right to indemnification, the resolution of this motion will not affect Federal's status as a party to this action.

1

available to co-obligors who incur non-tort joint liability to a third party. American Express' cross-claim encompasses this equitable, non-tort aspect of contribution and in that regard is not subject to the statutory extinguishment of tort contribution claims incident to Federal's settlement.

Massachusetts courts have long recognized the right of co-obligors to seek non-tort, equitable contribution from one another for any amount paid in satisfaction of the shared obligation exceeding the aggrieved obligor's equitable or allotted share. Plaintiff's First Amended Complaint contains a single tort claim for fraud (the First Cause of Action). The balance of the pleading contains claims for alleged violations of M.G.L. c. 175, § 110E and M.G.L. c. 93A, §§ 2 and 9 (the Second and Third Causes of Action), breach of contract (Fourth Cause of action) and promissory estoppel (Fifth Cause of Action), asserted against all of the named defendants as joint obligors. Pursuant to these counts, Plaintiff seeks to recover, in addition to certain statutory damages, $1.5 million in insurance benefits that she claims were promised to her by the defendants.

In the event the defendants are held liable on these claims, American Express has the right to obtain equitable contribution from Federal. Thus, the dismissal of American Express' claim for contribution would be improper.

**RELEVANT FACTS**

In the fourth count of her First Amended Complaint, Plaintiff alleges that American Express and Federal are joint obligors on a contract of indemnity on which Plaintiff claims she is owed payment. Plaintiff specifically makes the following allegations pertinent to this motion:

39. Pursuant to the contract for insurance entered into between American Express, Federal Insurance, Sklover and the Plaintiff, the Plaintiff was entitled to a payment of a $1.5 million lump sum if she became permanently and totally disabled.

2

> 40. The Plaintiff became disabled on or about December 25, 2002.
>
> 41. The Defendants breached the contract between them and the Plaintiff by refusing to pay her the $1.5 million lump sum benefit after she became disabled.

In the fifth count, Plaintiff further alleges that the defendants are all liable for failure to provide her with coverage for her injury under a theory of promissory estoppel.  First Amended Complaint ¶¶ 42-47.

Plaintiff likewise treats the defendants as co-obligors with respect to her statutory claims under M.G.L. c. 175, § 110E and M.G.L. c. 93A, §§ 2 and 9.  With respect to the statutory claims, Plaintiff makes the following pertinent allegations:

> 32. As a consequence of the Defendants' breach of M.G.L. c. 175, § 110E, pursuant to that statute, the Plaintiff is entitled to $1.5 Million . . . .
>
> 37. By virtue of the Defendants' breach of M.G.L. c. 93A, §§ 2 and 9, the Plaintiff is entitled to compensatory damages, treble damages, attorney fees, costs, interest, and such other relief as the Court deems just and appropriate.

On May 31, 2005, American Express filed its Answer to the First Amended Complaint, which included cross-claims of indemnification and contribution against Federal.  Encompassed within its claim for contribution are claims for equitable, non-tort contribution in connection with Plaintiff's non-tort claims. American Express thus respectfully submits that the dismissal of its contribution claim would be unwarranted and improper.

## ARGUMENT

**I.    Legal Standard**

In evaluating a motion to dismiss, the court must take factual allegations made in the complaint as true and "make all reasonable inferences in favor of the plaintiff."  <u>Hostar Marine Transport Systems, Inc. v. U.S.</u>, 2005 WL 1331221 at *1 (D. Mass. May 26, 2005); <u>Waterson v.</u>

Paige, 987 F.2d 1, 3 (1st Cir. 1993). Dismissal should only be allowed where the complaint, viewed in a light most favorable to the plaintiff, contains "no set of facts justifying recovery." Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999).

II.    **American Express' Claim for Contribution Should Not Be Dismissed Because It Encompasses Claims for Equitable Contribution.**

   A.    **American Express Has Viable Claims for Equitable Contribution.**

The Massachusetts Supreme Court "long ago decided that in an equitable action for contribution, one who paid a debt could seek contribution from all solvent codebtors within the court's jurisdiction for shares calculated on the whole amount of the debt." Martignetti v. Haigh-Farr, Inc., 425 Mass. 294, 317 (1997). "'Equitable contribution is ... the right to recover ... from a co-obligor who shares such liability with the party seeking contribution.'" Lexington Ins. Co. v. General Accident Ins. Co., 338 F.3d 42, 49 (1st Cir. 2003) (quoting Truck Ins. Exchange v. Unigard Insurance Co., 79 Cal. App. 4th 966, 974, 94 Cal. Rptr. 2d 516 (2000)); accord U.S. Fire Ins. Co. v. Peerless Ins. Co., No. 00-5595, 2001 WL 1688368 at *5 (Mass. Super. Ct., Dec. 20, 2001). Equitable contribution is distinct and separate from contribution among joint tortfeasors in that it does not arise out of tort liability and is limited to those contexts in which the parties owe the same obligation to a third party and one of the parties pays more than its share of the obligation. See Hartford Cas. Ins. Co. v. Argonaut-Midwest Ins. Co., 854 F.2d 279, 283 (7th Cir. 1988) ("the equitable contribution among coinsurers to which the cases refer is a distinct principle from contribution among joint tortfeasors").

Within the insurance context, "the right to [equitable] contribution arises when several insurers are obligated to indemnify or defend the same loss or claim." U.S. Fire, 2001 WL 1688368 at *5 (quoting Truck Ins., supra); see also Rubenstein v. Royal Ins. Co., 44 Mass. App. Ct. 842, 852 (1998) ("Of course, there is no bar against an insurer obtaining a share of

4

indemnification or defense costs from other insurers under the doctrine of equitable contribution."). The doctrine has also been applied, by way of example, to allow a co-maker on a note to recover from another co-maker his share of note payments, Benmaor v. Goldberg, 10 Mass. L. Rptr. 375 (1999), and to allow a co-guarantor on a note to recover from another guarantor his share of payments made on the note. Clark v. Trumble, 44 Mass. App. Ct. 438 (1998).

Here, Plaintiff alleges that American Express, Federal and defendant The Sklover Group, Inc. ("Sklover") are obligated, pursuant to the terms of an insurance contract, to indemnify her against the alleged loss associated with her disability, and she otherwise alleges they are obligated to provide the sought after indemnity under a promissory estoppel theory and that they are liable for breach of M.G.L. c. 175, § 110E and M.G.L. c. 93A, §§ 2 and 9. The factual circumstances alleged by Plaintiff fit squarely within the doctrine of equitable contribution and preclude the dismissal of American Express' contribution claim.[2]

### B.    M.G.L. c. 231B, § 4 Applies Only to Tort-Based Contribution Claims.

General Laws chapter 231B, § 4 states, in relevant part,:

> When a release or covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons **liable in tort** for the same **injury**:
>
> \*    \*    \*
>
> > (*b*) It shall discharge the tortfeasor to whom it is given from all liability for contribution to **any other tortfeasor**.

M.G.L. c. 231B, §4 (emphasis added). By its plain terms, the Statute applies only to contribution between tortfeasors and does not reach any right of recovery between co-defendants founded on

---

[2]    As with claims for indemnity and tort contribution, although a cause of action generally does not arise for equitable contribution until payment is made by the would-be claimant, it is a long-settled practice under Fed. R. Civ. P. 13(g) (which allows the assertion of cross-claims alleging that a co-defendant is or may be liable for all or part of a judgment against the cross claimant) to permit the assertion of such claims.

non-tort liability. See Elias v. Unisys Corp., 410 Mass. 479, 480-81 (1991) (M.G.L. c. 231B "applies only to joint tortfeasors, those 'jointly liable in tort' for an injury."). That the statute was not intended to reach beyond the context of contribution for joint tort liability is confirmed by M.G.L. c. 231B, § 1(e), which makes clear that the statute has no effect on any right of indemnity (whether contractual or arising out of vicarious liability in tort).

Here, American Express and Federal are not joint tortfeasors with respect to the breach of contract and promissory estoppel claims giving rise to American Express' right to assert its cross claim for equitable contribution nor with respect to the statutory violations alleged by Plaintiff. Further, the equitable contribution sought here is not the tort-based contribution addressed by the Statute, but is instead a distinct principle with an independent doctrinal identity. Hartford Cas., 854 F.2d at 283. As such, M.G.L. c. 231B, § 4(b) does not apply to that claim and Federal's motion to dismiss must be denied.

## **CONCLUSION**

For the foregoing reasons, American Express respectfully requests that the Court deny Federal's motion to dismiss American Express' contribution claim.

## REQUEST FOR ORAL ARGUMENT

American Express also requests an oral argument on the Motion pursuant to Local Rule 7.1(D).

AMERICAN EXPRESS COMPANY,

By its attorneys:

/s/ John F. Farraher, Jr.
John F. Farraher, Jr., BBO #568194
GREENBERG TRAURIG, LLP
One International Place, 20th Floor
Boston, Massachusetts 02110
Tel:  (617) 310-6000
Fax:  (617) 310-6001

Dated:  December 1, 2005


## CERTIFICATE OF SERVICE

I, John F. Farraher, Jr., hereby certify that on December 1, 2005, I served a copy of the foregoing by first-class mail, postage pre-paid, upon the following:

| | |
|---|---|
| Kevin Donius, Esq.<br>500 Granite Avenue<br>Milton, MA 02186 | Mark W. Corner<br>Reimer & Braunstein LLP<br>Three Center Plaza<br>Boston,  MA 02108 |
| H. Christopher Boehning<br>Paul Weiss, Rifkind, Wharton & Garrison LLP<br>12385 Avenue of The Americas<br>New York, NY 10019-6064 | Allison M. O'Neil<br>Craig & Macauley<br>Federal Reserve Plaza<br>600 Atlantic Avenue<br>Boston MA 02210 |

/s/ John F. Farraher, Jr.
John F. Farraher, Jr.

Case 1:05-cv-10995-WGY    Document 37    Filed 12/01/2005    Page 8 of 8

8