UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALTAGRACIA PEGUERO,<br><br>                                      Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS COMPANY,<br>INC., THE SKLOVER GROUP, INC.<br><br>                                    Defendants,<br><br>AMERICAN EXPRESS COMPANY,<br>INC.,<br><br>                         Cross-Claim Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY and<br>THE SKLOVER GROUP INC.,<br><br>                       Cross-Claim Defendants. | Civil Action No. 05-10995-RCL |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF
FEDERAL INSURANCE COMPANY'S MOTION TO DISMISS
THE CROSS-CLAIM FOR CONTRIBUTION OF AMERICAN EXPRESS**

       Defendant Federal Insurance Company ("Federal") respectfully submits this reply memorandum of law in further support of its motion to dismiss.

**Preliminary Statement**

       American Express Company Inc. ("American Express") now concedes – as it must – that its cross-claim for contribution against Federal is barred by Massachusetts law. To escape dismissal, American Express now seeks to recast its cross-claim as one for "equitable contribution." But the allegations here make clear that American Express has no claim for "equitable contribution." Accordingly, American

Express's cross-claim for contribution – in whatever form – should be dismissed in its entirety.[1]

## ARGUMENT

Federal's opening brief established that American Express has no claim for contribution. That is because Massachusetts law provides that a good faith settlement like the one between Federal and plaintiff "shall discharge the tortfeasor to whom it is given from *all liability for contribution*." M.G.L. c. 231B, § 4(b) (emphasis added). By its plain terms, this statute extinguished American Express's claim for contribution against Federal. American Express does not disagree.

Instead, American Express now tries to squeeze into the narrow doctrine of "equitable contribution." But the allegations of the Complaint belie this. Equitable contribution is the right to recover from a co-obligor who shares liability with the party seeking contribution. *Lexington Ins. Co.* v. *General Accident Ins. Co.*, 338 F.3d 42, 49 (1st Cir. 2003). It applies only when the parties owe the *same obligation* to a third party and one of the parties pays more than its share of the obligation. *Hartford Cas. Ins. Co.* v. *Argonaut-Midwest Ins. Co.*, 854 F.2d 279, 283 (7th Cir. 1988) (emphasis added).

In the insurance context, Massachusetts courts have applied equitable contribution in at most one situation: when two insurers were jointly obligated under insurance policies to provide "coverage for the same insureds and the same risk," and one insurer paid more of the loss than it believed to be its equitable share. *United States Fire Ins.*, 2001 WL 1688368 at *5, citing *Ohio Cas. Ins. Co.* v. *State Farm Fire and Cas. Co.*, 262 Va. 238, 546 S.E.2d 421, 423 (2001); *but see Lexington Ins.*, 338 F.3d at 49 (noting

---

[1] Although Federal has not addressed American Express' cross-claim for indemnification in its motion to dismiss, it believes that discovery will bear out that the indemnification claim, like the contribution claim, is baseless. Federal reserves all of its rights with regard to the indemnity claim.

that Massachusetts has not "definitively adopted the doctrine of equitable contribution between co-insurers").

As an initial matter, American Express has made no payment and thus has no claim for equitable contribution. More fundamentally, however, the Complaint makes clear that American Express and Federal are *not* co-insurers. They do *not* share any obligation arising out of the insurance policy at issue (the "Policy"). The Complaint pleads only that Federal is the underwriter of the Policy. Cplt. ¶¶ 5, 6. American Express, on the other hand, was the marketer of the Policy, and its obligations to plaintiff arise from its role in marketing and promoting the insurance policy. Cplt. ¶¶ 5, 8. American Express is not an insurer and has no obligations under the Policy to pay the Plaintiff. Conversely, Federal is not a marketer or promoter of the Policy.

Thus, to the extent that American Express's brief says that American Express, Federal and The Sklover Group Inc. are jointly "obligated, pursuant to the terms of an insurance contract, to indemnify [plaintiff] against the alleged loss," Pl. Opp. Br. at 5, that assertion is at odds with the allegations of the Complaint and is simply false. Because American Express and Federal are not co-insurers and share no common obligations arising out of the Policy, American Express is not entitled to equitable contribution from Federal under Massachusetts law.

**CONCLUSION**

For the reasons set forth above, and in Federal's Opening Brief, Federal Insurance Company respectfully submits that the Court should dismiss American Express's cross-claim for contribution in its entirety.

Dated: Boston, Massachusetts
January 9, 2006

RIEMER & BRAUNSTEIN LLP

By:  /s/ Mark W. Corner
Mark W. Corner (BBO#550156)

Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

H. Christopher Boehning
Danielle M. Aguirre
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

*Attorneys for Cross-claim Defendant Federal Insurance Company*

**CERTIFICATE OF SERVICE**

      I, Mark W. Corner hereby certify that on this date, January 9, 2006, I caused to be served the foregoing document, by electronic notice, upon the following counsel of record:

| | |
|---|---|
| Kevin Donius, Esquire<br>Corcoran, FitzGerald & Hennessey<br>500 Granite Avenue<br>Milton, MA 02186 | Allison M. O'Neil, Esquire<br>Craig & Macauley, P.C.<br>Federal Reserve Plaza<br>600 Atlantic Avenue<br>Boston, MA 02210 |

John F. Farraher, Jr., Esquire
Greenberg Traurig
One International Place
20th Floor
Boston, MA 02110

                                                                         */s/ Mark Corner*
                                                                         Mark W. Corner

928379.1