UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
ALTAGRACIA J. PEGUERO,         )
      Plaintiff,               )
                               )
      v.                       )   Civil Action No. 05-10995-RCL
                               )
AMERICAN EXPRESS COMPANY,      )
THE SKLOVER GROUP, INC.        )
and FEDERAL INSURANCE COMPANY, )
      Defendants.              )
                               )
AMERICAN EXPRESS COMPANY,      )
      Third-Party Plaintiff,   )
                               )
      v.                       )
                               )
HEALTHEXTRAS, L.L.C.,          )
      Third-Party Defendant.   )
_____)
```

**PLAINTIFF'S DIRECT CLAIMS AGAINST**
**THIRD-PARTY DEFENDANT HEALTHEXTRAS, INC.**

### I.   PARTIES

1. The Plaintiff, Altagracia J. Peguero, is an individual who at all times material hereto has resided at 1 Shandon Road, Apartment 215, Dorchester, Massachusetts.

2. The Defendant, American Express Company ("American Express"), is a corporation duly organized and existing under the laws of the State of New York, which has at all times material hereto maintained its principal place of business at 200 Vesey Street, New York, New York.  At all times material hereto,

    American Express has conducted business in the Commonwealth of Massachusetts.

3. The Defendant, The Sklover Group, Inc. ("Sklover"), is a corporation duly organized and existing under the laws of the State of New York, which has at all times material hereto maintained its principal place of business at 400 Post Avenue, Suite 103, Westbury, New York. At all times material hereto, The Sklover Group has conducted business in the Commonwealth of Massachusetts.

4. The Third-Party Defendant Healthextras, Inc. ("Healthextras"), is a corporation duly organized and existing, upon information and belief, under the laws of the State of Maryland, which has at all times material hereto maintained its principal place of business at 800 King Farm Boulevard, Rockville, Maryland. At all times material hereto, Healthextras has conducted business in the Commonwealth of Massachusetts.

GENERAL FACTUAL ALLEGATIONS

5. American Express, Sklover and Healthextras (collectively, "the Defendants") devised a scheme pursuant to which American Express, Sklover and

   Healthextras would market a so-called Accident Disability Policy (the "Policy"), underwritten by Federal Insurance Company, to American Express customers.

6. The Policy, arranged by Sklover, marketed by the Defendants, and underwritten by Federal Insurance, provides coverage, as interpreted by the Defendants, so minimal as to be illusory and unconscionable.

7. As part of the scheme devised by the Defendants, the Policy was to be advertised and marketed in a manner intended to deceive customers regarding the coverage provided.

8. In or around August 2002, the Plaintiff received solicitations and promotional materials by mail from American Express regarding the Policy.

9. The solicitations and promotional materials the Plaintiff received contained misrepresentations and were misleading, unfair, and deceptive in that they falsely led the Plaintiff to believe she would be entitled to a payment of $1.5 Million dollars if she were to become disabled.

10. The solicitations and promotional materials were false, misleading, unfair and deceptive, in violation

of M.G.L. c.93A and M.G.L. c.175, §110E, because, among other things they:

a) utilized a misleading policy name;

b) emphasized in oversized, bold letters "Financial Security" and stated "You're covered with up to $1.5 Million if an accident leaves you permanently disabled";

c) stated, without qualification or further definition, that "This plan will pay you a $1.5 Million lump sum benefit in the event a catastrophic accident leaves you totally and permanently disabled, and unable to work";

d) minimized and obscured exceptions, reductions, and the limitations of the policy by listing them in small print on the back of the solicitation;

e) failed to provide a conspicuous, unambiguous definition of disability; and

f) promoted for sale an unconscionable insurance policy with illusory coverage of no real economic value.

11. In reliance upon the false, misleading, unfair and deceptive representations contained in the solicitations and promotional materials, the Plaintiff purchased the Policy and paid the premiums therefor.

12. The Plaintiff was never provided a plan summary or the Accident Disability Policy by the Defendants.

13. On December 25, 2002, the Plaintiff became permanently and totally disabled when her right dominant arm was amputated in a motor vehicle rollover accident.

14. Following her accident, the Plaintiff applied to Federal Insurance Company for the total disability benefits payable under the Policy.

15. In response to her application, Federal Insurance Company informed the Plaintiff that she was entitled to $500.00 under the Policy and that under the Policy she would not be deemed "permanently and totally disabled" unless she had lost the use of one hand and one foot, both hands, sight in both eyes, hearing in both ears, or the ability to speak.

16. Had the Plaintiff been aware of this definition of total and permanent disability, she would not have purchased the Policy.

17. On October 4, 2005 the Plaintiff's attorney served Healthextras by certified mail with a Demand for Relief Pursuant to Massachusetts General Laws Chapter 93A §§2 and 9.

18. Healthextras made no written offer of settlement in response to the Demand Letter within 30 days of its receipt of the Demand Letter.

## **CAUSES OF ACTION**

### **FIRST CAUSE OF ACTION**

(Against Healthextras for Fraud/Deceit)

19. The Plaintiff re-alleges and incorporates herein by reference the factual allegations contained in Paragraphs one through eighteen above.

20. Healthextras, together with the other Defendants, knowingly misrepresented the provisions of the Policy to the Plaintiff by, among other things, sending her solicitations and promotional materials that:

    a)  utilized a misleading policy name;

    b)  emphasized in oversized, bold letters "Financial Security" and stated "You're covered with up to $1.5 Million if an accident leaves you permanently disabled";

    c)  stated, without qualification or further definition, that "This plan will pay you a $1.5 Million lump sum benefit in the event a catastrophic accident leaves you totally and permanently disabled, and unable to work";

    d)  minimized and obscured exceptions, reductions, and the limitations of the policy by listing them in small print on the back of the solicitation;

    e)  failed to provide a conspicuous, unambiguous definition of disability; and

    f)  promoted for sale an unconscionable insurance policy with illusory coverage of no real economic value.

21. Healthextras, together with the other Defendants, knowingly misrepresented the provision of the Policy to the Plaintiff for the purpose of inducing her to purchase it.

22. In reasonable reliance upon the Defendants' misrepresentations of the Policy provisions, the Plaintiff purchased the Policy.

23. As a direct and proximate result of her reliance upon the Defendants' misrepresentations, the Plaintiff did not purchase other disability insurance which would have provided benefits to her when she became disabled by the loss of her arm.

24. As a direct and proximate result of her reliance upon the Defendants' misrepresentations, the Plaintiff paid premiums for illusory insurance coverage.

WHEREFORE, the Plaintiff, Altagracia J. Peguero, demands judgment against the Third-Party Defendant, Healthextras, Inc., in an amount to be determined by a jury at trial, plus, costs, interest, and all other relief the Court deems just and appropriate.

**SECOND CAUSE OF ACTION**

(Against Healthextras For Violation of M.G.L. c.175, §110E)

25. The Plaintiff re-alleges and incorporates herein by reference the factual allegations contained in paragraph one through eighteen above.

26. By knowingly misrepresenting the provisions of the Policy as set forth above, and by minimizing, obscuring, and rendering ambiguous the definitions of disability and the amounts payable under the Policy in its advertisements, the Defendants violated M.G.L. c.175, §110E, and the regulations promulgated thereunder.

27. As a consequence of the Defendants' breach of M.G.L. c.175, §110E, pursuant to that statute, the Plaintiff is entitled to $1.5 Million, the amount she reasonably anticipated she would have recovered had she not been deceived, plus reasonable costs and attorney fees.

WHEREFORE, the Plaintiff, Altagracia J. Peguero, demands judgment against the Third-Party Defendant, Healthextras, Inc., in an amount to be determined by a jury at trial, plus costs, interest, attorney fees and all other relief the Court deems just and appropriate.

## **THIRD CAUSE OF ACTION**

(Against Healthextras For Violation
of M.G.L. c.93A, §§2 and 9)

28. The Plaintiff re-alleges and incorporates herein by reference the factual allegations contained in paragraph one through eighteen above.

29. By knowingly misrepresenting the Policy provisions as set forth above and by minimizing, obscuring, and rendering ambiguous the definition of disability and the amounts payable under the Policy, the Defendants falsely, deceptively, and unfairly advertised the Policy in violation of M.G.L. c.93A, §§ 2 and 9, and the regulations promulgated thereunder.

30. As set forth above, in Paragraphs 17 through 18, Healthextras was served with proper and legally sufficient demands for relief under M.G.L. c.93A.

31. Healthextras failed to make a timely, reasonable, written offer of settlement in response to the demand for relief.

32. By virtue of the Defendants' breach of M.G.L. c.93A, §§2 and 9, the Plaintiff is entitled compensatory damages, treble damages, attorney fees, costs, interest, and such other relief as the Court deems just and appropriate.

WHEREFORE, the Plaintiff, Altagracia J. Peguero, demands judgment against the Third-Party Defendant, Healthextras, Inc., in an amount to be determined by a jury at trial, plus costs, interest, treble damages, attorney fees and all other relief the Court deems just and appropriate.

## FOURTH CAUSE OF ACTION

(Against Healthextras For Breach of Contract)

33. The Plaintiff re-alleges and incorporates herein by reference the factual allegations contained in paragraphs one through eighteen above.

34. Pursuant to the contract for insurance entered into between the Defendants and the Plaintiff, the Plaintiff was entitled to a payment of a $1.5 Million lump sum if she became permanently and totally disabled.

35. The Plaintiff became disabled on or about December 25, 2002.

36. The Defendants breached the contract between them and the Plaintiff by refusing to pay her the $1.5 Million lump sum benefit after she became disabled.

WHEREFORE, the Plaintiff, Altagracia J. Peguero, demands judgment against the Third-Party Defendant,

Healthextras, Inc., in an amount to be determined by a jury at trial, plus, costs, interest, attorney fees, and all other relief the Court deems just and appropriate.

### FIFTH CAUSE OF ACTION

(Against Healthextras For Promissory Estoppel)

37. The Plaintiff re-alleges and incorporates herein by reference the factual allegations contained in paragraphs one through eighteen above.

38. The Defendants knowingly misrepresented the Policy provisions as set forth above.

39. In reasonable reliance upon the Defendants' representations, the Plaintiff purchased the Policy and was led to believe she would be entitled to $1.5 Million under the Policy if she became disabled.

40. In reasonable reliance upon her belief that she had purchased insurance which would cover her if she were to become disabled, the Plaintiff did not purchase other disability insurance.

41. The Plaintiff became disabled on or about December 25, 2002.

42. Having induced the Plaintiff to purchase the Policy with their misrepresentations, the Defendants are estopped from denying that the Plaintiff was entitled

to $1.5 Million under the Policy when she became disabled.

WHEREFORE, the Plaintiff, Altagracia J. Peguero, demands judgment against the Third-Party Defendant, Healthextras, Inc., in an amount to be determined by a jury at trial, plus, costs, interest, attorney fees, and all other relief the Court deems just and appropriate.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

                THE PLAINTIFF,
                By her Attorney,

                /s/ Kevin Donius
                Kevin Donius, Esquire
                Law Offices of Kevin Donius, P.C.
                500 Granite Avenue
                Milton, MA  02186
                TEL  (617) 296-4900
                FAX  (617) 696-6704
                BBO#:  551298

Date:   January 20, 2006

CERTIFICATE OF SERVICE

I, Kevin Donius, hereby certify that on this date, January 20, 2006, I caused to be served the foregoing document, by electronic notice and first-class mail, upon the following counsel of record:

Mark W. Corner, Esquire
Rieman & Braunstein
Three Center Plaza
Boston, MA  02108

Allison M. O'Neil, Esquire
Craig & Macauley, P.C.
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210

John F. Farraher, Jr., Esquire
Greenberg & Traurig
One International Place
20th Floor
Boston, MA  02110

H. Christopher Boehning, Esquire
Paul, Weiss, Rifland, Wharton & Garrison, LLP
1285 Avenue of the Americas
New York, NY  10019-6064

Joseph M. Mott, Esquire
Deputy General Counsel
HealthExtras, Inc.
800 King Farm Boulevard
Rockville, MD  20850


/s/ Kevin Donius
Kevin Donius