UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALTAGRACIA PEGUERO,<br><br>                              Plaintiff,<br><br>         v.<br><br>AMERICAN EXPRESS COMPANY,<br>INC.,<br><br>                              Defendant, | Civil Action No. 05-10995-RCL |
| AMERICAN EXPRESS COMPANY,<br>INC.,<br><br>                    Cross-Claim Plaintiff,<br><br>         v.<br><br>FEDERAL INSURANCE COMPANY and<br>THE SKLOVER GROUP INC.,<br><br>                    Cross-Claim Defendants. | |

**FEDERAL INSURANCE COMPANY'S MOTION TO**
**COMPEL DOCUMENT PRODUCTION BY AMERICAN EXPRESS**
**(Telephonic Oral Argument Requested)**

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and Local

Rules 7.1 and 37.1, Cross-claim Defendant Federal Insurance Company ("Federal")

respectfully moves this Court for an order compelling defendant American Express

Company Inc. ("American Express") to produce the so-called Marketing Agreement (and

any amendments thereto) in compliance with its Rule 26(a)(1) initial disclosure

obligations.  As grounds for this motion, Federal states as follows:

1.     On January 10, 2006, American Express filed a Third Party

Complaint (the "Complaint," attached hereto as Exhibit A) against HealthExtras, Inc.

("HealthExtras").  In its Complaint, American Express asserted a claim for

indemnification against HealthExtras, supported solely by a "Marketing Agreement"

between American Express and HealthExtras.  The Marketing Agreement is referenced

and quoted extensively in the Complaint. Ex. A, ¶ ¶ 5-8.  American Express, without any

legitimate basis, has refused timely to produce the Marketing Agreement in response to

Federal's correspondence requesting that document and any amendments thereto.

      2.      Under Federal Rule of Civil Procedure 26(a)(1), American Express

is obligated to produce the Marketing Agreement without further delay.  Rule 26(a)(1)'s

initial disclosure obligations were designed to free the parties from serving discovery

requests for certain materials that should, in the ordinary course, be made available or

known at the start of the action.  Federal Rules of Civil Procedure, Advisory Committee

Notes, 146 F.R.D. 401, 627 (Dec. 1, 1993) ("[Rule 26(a)(1)] imposes on parties a duty to

disclose, without awaiting formal discovery requests, certain basic information…").  In

violation of Rule 26(a)(1), American Express has unreasonably refused to produce the

Marketing Agreement.

      3.      Specifically, because the  Marketing Agreement is used by

American Express to "support its claims" against HealthExtras, it is covered by the

requirements of Rule 26(a)(1)(B).  American Express <u>concedes</u> that the Marketing

Agreement is covered by the initial disclosure obligations of Rule 26 (February 21, 2006

letter from John Farraher, attached hereto as Exhibit B).  American Express has argued,

however, that it satisfied its obligations under Rule 26(a)(1)(B) by disclosing the

existence of the Marketing Agreement.

      4.      While it is true that a party may initially provide a description of

the document in satisfaction of Rule 26(a)(1)(B), the Commentary to Rule 26(a)(1)(B)

expressly contemplates that, following such identification, a party may obtain a copy of

the document in question through informal requests.  Advisory Committee Notes, 146 F.R.D. at 630-631.

5.    Federal has made numerous informal requests for the Marketing Agreement in correspondence to American Express.  Federal's first letter, dated January 12, 2006, requested that American Express make a copy of the Marketing Agreement available to all parties to the litigation (attached hereto as Exhibit C).

6.    Having received no response or written objection to Federal's first letter request, Federal contacted American Express by telephone, and then made a second written request for production of the Marketing Agreement on February 8, 2006 (attached hereto as Exhibit D).  Federal has since spoken with counsel for American Express on numerous occasions regarding this matter.  As Federal indicated in its letter to American Express, because American Express has "placed its Marketing Agreement with HealthExtras at the center of this litigation" by using it to support its claim for indemnification, the Agreement must be provided to all parties in this litigation.  *See* Ex. D.

7.    In initial consultations with counsel for American Express, American Express argued that it could not provide a copy of the Marketing Agreement because it contained a confidentiality provision.  In an effort to resolve this dispute without burdening the Court, Federal assured counsel for American Express that it would treat the Marketing Agreement as "Confidential."  *See* Ex. D.  It further explained that counsel for HealthExtras – the counter-party to the Marketing Agreement – had no objection to American Express's production of the Marketing Agreement to counsel for

Federal or Peguero, given counsel's assurances that they would treat the Marketing Agreement as "Confidential." *Id*.

8.    But this was not enough for American Express. American Express now states that it will not produce the Marketing Agreement until the parties have <u>agreed upon</u>, and this Court has <u>entered</u>, a Protective Order and Confidentiality Stipulation. *See* Ex. B. American Express's latest demand is unreasonable and intended solely to delay resolution of this case. As we explain below – and as American Express knows all too well – early production of the Marketing Agreement and any amendments thereto is likely to streamline this case and permit Federal to get the peace it bargained for when it settled with the plaintiff in this action. For this reason, Federal now seeks the Court's assistance.

9.    The timely production of the Marketing Agreement is crucial to Federal. The Agreement, which sets forth the responsibilities of American Express and HealthExtras in marketing and promoting the insurance policy at issue in this action, is relevant to Federal's motion to dismiss American Express's cross-claim for contribution. With Federal's motion to dismiss American Express's contribution claim scheduled to be argued before this Court on April 3, 2006, Federal believes that prompt production of the Marketing Agreement and any amendments thereto would benefit the Court and parties. Federal believes that the Marketing Agreement will provide conclusive evidence that American Express's contribution and indemnification claims against Federal are defective.

10.    For this reason, although Federal was initially willing to treat the Marketing Agreement as "Confidential," Federal can no longer wait for American

Express, especially given that the Marketing Agreement is unlikely to qualify for "Confidential" treatment under any order this Court might enter. The Marketing Agreement has already been relied upon and quoted at length by American Express in its publicly-filed Complaint against HealthExtras. Ex. A, ¶¶ 5-8; *see U.S.* v. *Moscony*, 927 F.2d 742, 752 (3d Cir. 1991) (A party does not intend information to be confidential where that party "knew [it] would be disclosed in legal documents, such as complaints," which are generally made public.). Given that fact, it is hard to imagine the basis for American Express's claim that the Marketing Agreement is "Confidential."

Accordingly, Federal respectfully moves this Court to enter an Order compelling American Express:

(1) to produce the Marketing Agreement and any amendments thereto immediately as a non-confidential, publicly-referenced document; or

(2) to produce the Marketing Agreement immediately with the understanding that the document will remain confidential pending the execution of a Protective Order in this action.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Federal Insurance Company requests oral argument on this motion, and further requests that such hearing take place telephonically (to accommodate Federal's lead counsel, who is located in New York City), and in advance of the hearing on Federal's Motion to Dismiss American Express' Crossclaim for Contribution, presently scheduled for April 3, 2006. As grounds for this request, Federal states that the requested disclosure of the subject Agreement will likely enable

Federal to demonstrate that American Express' claims against Federal for

indemnification and for contribution are precluded as a matter of law.

Dated: Boston, Massachusetts
       March 13, 2006

                    RIEMER & BRAUNSTEIN LLP


                    By: _*/s/ Mark W. Corner*_____
                        Mark W. Corner (BBO #550156)

                    Three Center Plaza
                    Boston, Massachusetts 02108
                    (617) 523-9000


                    PAUL, WEISS, RIFKIND, WHARTON &
                    GARRISON LLP


                    By: _*/s/ H. Christopher Boehning*_____
                        H. Christopher Boehning
                        Danielle M. Aguirre
                        (*admitted pro hac vice*)

                    1285 Avenue of the Americas
                    New York, New York 10019-6064
                    (212) 373-3000

                    *Attorneys for Cross-claim Defendant*
                    *Federal Insurance Company*


## **CERTIFICATION PURSUANT TO LOCAL RULE 7.1**

       Defendant Federal Insurance Company, by and through counsel, hereby

certify that they have conferred with counsel of record for co-defendant American

Express Company in a good faith attempt to resolve or narrow the issues raised in this

motion and that co-defendant American Express Company, acting through counsel, has

refused the granting of the relief sought herein.


                                         /s/ H. Christopher Boehning
                                        H. Christopher Boehning

## <u>CERTIFICATE OF SERVICE</u>

        I, Mark W. Corner hereby certify that on this date, March 13, 2006, I caused to be
served the foregoing document, by electronic notice, upon the following counsel of
record:

Kevin Donius, Esquire                    Allison M. O'Neil, Esquire
Corcoran, FitzGerald & Hennessey         Craig & Macauley, P.C.
500 Granite Avenue                       Federal Reserve Plaza
Milton, MA 02186                         600 Atlantic Avenue
                                         Boston, MA 02210


John F. Farraher, Jr., Esquire
Greenberg Traurig
One International Place
20th Floor
Boston, MA 02110


                                              /s/ Mark Corner
                                        Mark W. Corner




941002.1

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALTAGRACIA J. PEGUERO,

Plaintiff,

v.

AMERICAN EXPRESS COMPANY, THE
SKLOVER GROUP, INC., and FEDERAL
INSURANCE COMPANY,

Defendants.

AMERICAN EXPRESS COMPANY,

Third-Party Plaintiff

v.

HEALTHEXTRAS, L.L.C.,

Third-Party Defendant.

Civil Action No. 05-10995-RCL

### THIRD-PARTY COMPLAINT OF AMERICAN EXPRESS COMPANY
### AGAINST HEALTHEXTRAS, L.L.C.

Defendant, Third-Party Plaintiff American Express Company ("American Express"), by

and through its undersigned counsel, Greenberg Traurig, LLP, hereby complains of Third-Party

Defendant, HEALTHEXTRAS, L.L.C. ("HEALTHEXTRAS"), as follows:

### THE PARTIES

1.      American Express is a corporation duly organized and existing under the laws of

the State of New York, with its principal place of business at 200 Vesey Street, New York, New

York.

1

2.    On information and belief, HEALTHEXTRAS is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business at 2275 Research Boulevard, Rockville, Maryland.

## JURISDICTION

3.    The court has jurisdiction over this dispute under 28 U.S.C. §§ 1332 and 1367, as the claims asserted by American Express against HEALTHEXTRAS are part of the same Article III case and controversy as the existing claims in this action, the amount in controversy exceeds $75,000 and the complete diversity exists between American Express and HEALTHEXTRAS.

## FACTS

4.    On or about April 15, 2005, Plaintiff, Altagracia Peguero filed her First Amended Complaint against, among others, American Express.

5.    Peguero's claims, the validity of which American Express disputes, arise out of her purchase of an accidental disability plan (the "Plan") that HEALTHEXTRAS developed, marketed and provided to American Express cardholders pursuant to a September 17, 1999 "Marketing Agreement" between the companies (the "Agreement") .

6.    Section 9(a) of the Agreement requires HEALTHEXTRAS to

protect, defend, indemnify and hold harmless [American Express], its parent, subsidiaries, affiliates, successors, assigns, directors, officers, agents and employees (each an Indemnitee) from and against any loss, damage, cost, expense, liability, and settlement, including without limitation, any reasonable attorney fees and court costs (each of the foregoing a "Claim") reasonably incurred by any Indemnitee which Claim arises out of or in connection with, either directly or indirectly, (i) the performance of  HEALTHEXTRAS or its officers, directors, employees, Approved Vendors, contractors or agents (collectively, the "Agents") of the duties and obligations under this Agreement; (ii) the failure of HEALTHEXTRAS or its Agents, as the case may be, to comply with the terms of this Agreement; or (iii) the failure of HEALTHEXTRAS (including without limitation its Agents who perform on behalf of HEALTHEXTRAS hereunder) to comply with its obligations under any and all

2

laws, rules or regulations applicable to HEALTHEXTRAS, its Agents or the Accidental Disability Plan, as the case may be; or (iv) the Accidental Disability Plan.

7.      Under section 13(b) of the Agreement, HEALTHEXTRAS warranted that its performance under the Agreement complied and would comply with all applicable laws, including "fair trade and advertising laws and regulations."

8.      Peguero's claims, and the resultant expense to American Express, fall squarely within HEALTHEXTRAS' duty to indemnify American Express set forth in section 9 of the Agreement.

9.      HEALTHEXTRAS has been on notice of Plaintiff's claims since in or around June 2004, prior to the commencement of litigation.

10.     On August 31, 2005, American Express served HEALTHEXTRAS with a formal demand for indemnification.

11.     HEALTHEXTRAS refused to indemnify American Express.

## COUNT I
### (Contractual Indemnification)

12.     American Express incorporates and restates the allegations of paragraphs 1 through 11.

13.     The Agreement is a valid and enforceable contract between American Express and HEALTHEXTRAS.

14.     Under the Agreement, HEALTHEXTRAS is obligated to indemnify American Express for any and all expenses arising out of or connected with the Plan along with any such expenses arising out of the failure of HEALTHEXTRAS to comply with the terms of the Agreement.

3

15.     HEALTHEXTRAS breached the Agreement by refusing American Express' request for indemnification.

16.     All conditions precedent to HEALTHEXTRAS' performance under the Agreement have been satisfied.

## COUNT II
### (Implied Indemnification)

17.     American Express incorporates and restates the allegations of paragraphs 1 through 16.

18.     The nature of and special factors surrounding the relationship between HEALTHEXTRAS and American Express demonstrate that the parties intended HEALTHEXTRAS to bear ultimate responsibility for any legal expenses and/or liability related to the Plan and obligate HEALTHEXTRAS to indemnify American Express for such liabilities and expenses.

19.     As such, HEALTHEXTRAS owes American Express an implied duty of indemnification for all expenses and/or liability incurred in connection with Peguero's claims.

## COUNT III
### (Unjust Enrichment)

20.     American Express incorporates and restates the allegations of paragraphs 1 through 19.

21.     HEALTHEXTRAS has failed to honor its obligation to indemnify American Express and has thereby benefited (to American Express' detriment) in an amount equal to American Express' costs incurred in connection with Peguero's suit, including legal fees and any judgment that might be awarded.

22.    The circumstances of this case are such that it would be unjust for HEALTHEXTRAS' to retain this benefit.

**WHEREFORE,** American Express demands judgment against HEALTHEXTRAS awarding American Express indemnification for any and all expenses, including attorney's fees and costs, associated with its defense against Plaintiff's claims and its enforcement of HEALTHEXTRAS' obligations under the Agreement;   for any and all sums that may be adjudged against American Express in favor of Plaintiff; and any other relief the Court deems just.

Respectfully submitted,

AMERICAN EXPRESS COMPANY

By its attorneys:

/s/ John F. Farraher, Jr.
John F. Farraher, Jr. BBO # 568194
GREENBERG TRAURIG, LLP
One International Place, 20th Floor
Boston, MA   02110
Tel:  (617) 310-6000
Fax:  (617) 310-6001

Dated:  November  17, 2005

# **EXHIBIT B**

# Greenberg
# Traurig

John F. Farraher, Jr.
farraher@gtlaw.com
Tel. 617.310-6029

February 21, 2006

**VIA EMAIL & FIRST CLASS MAIL**

H. Christopher Boehning, Esq.
Paul Wess Rifkind Wharton & Garrison
1285 Avenue Of the Americas
New York, NY 10019-6064

Re:   *Altagracia J. Peguero v. American Express Company, et. al.*
United States District Court for the District of Massachusetts
Civil Action No. 05-10995-RCL

Dear Attorney Boehning:

I am writing as a follow-up to the telephone conversation we had earlier this afternoon concerning your client's request for a copy of the September 17, 1999 Marketing Agreement ("Agreement") referenced in American Express Company's Third-Party Complaint against Healthextras, L.L.C. Per its terms, the Agreement is confidential and may not be disclosed to third-parties. Nevertheless, we intend to produce a copy of the Agreement in this case once an appropriate confidentiality order has been entered by the Court. While we appreciate your client's offer to "treat the Agreement as confidential," we believe that a court order is required to protect the confidentiality of the Agreement. Moreover, Healthextras must be given an opportunity to be heard prior to production of the document.

As you know, plaintiff also requested a copy of the Agreement pursuant to Fed. R. Civ. P. 34. Because of confidentiality concerns, American Express objected to the document request. Despite the objection, we spoke with plaintiff's counsel earlier today and informed him that American Express intends to provide a copy of the Agreement once a confidentiality order was entered. To that end, I am enclosing a draft Stipulated Protective Order for your review and comment. As soon as all parties have agreed to the terms of the Protective Order, I will arrange to have it filed with the Court.

Finally, as for your threat to "go to court" to compel the production of the Agreement, your proposed course of conduct is both unnecessary and not in compliance with the applicable rules of procedure. As a practical matter, there is no need to ask the Court to order that the Agreement be produced; American Express will supply you with a copy once the protective order is entered. Procedurally, it is axiomatic that before your client may move to compel the production of a document under Fed. R. Civ. P. 37, your client must first request a copy of the document it seeks to compel in accordance with Fed. R. Civ. P. 34, which your client did not do. Your suggestion that American Express

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
CHICAGO
DALLAS
DENVER
FORT LAUDERDALE
LOS ANGELES
MIAMI
NEW JERSEY
NEW YORK
ORANGE COUNTY, CA
ORLANDO
PHILADELPHIA
PHOENIX
SILICON VALLEY
TALLAHASSEE
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
WILMINGTON
ZURICH

H. Christopher Boehning, Esq.
February 21, 2006
Page 2

is somehow compelled to provide a copy of the Agreement as part of its automatic disclosure is not persuasive. Rule 26(a)(1) provides that a party may either provide copies of documents it intends to use to support its claims or defenses or a description of such documents. Fed. R. Civ. P. 26(A)(1).

I look forward to hearing back from you (and other counsel of record) with any comments regarding the draft Protective Order. If you have any further questions or concerns, please do not hesitate to contact me.

Very truly yours,

John F. Farraher, Jr.

JFF/km
cc:    Louis Smith, Esq. (via email)
       Kevin Donious, Esq. (w/encl.)
       Allison M. O'Neil, Esq. (w/encl.)
       Donald R. Pinto, Jr., Esq. (w.encl.)

# **EXHIBIT C**

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000
FACSIMILE (212) 757-3990

LLOYD K. GARRISON    (1946-1991)
RANDOLPH E. PAUL    (1946-1956)
SIMON H. RIFKIND    (1950-1995)
LOUIS S. WEISS    (1927-1950)
JOHN F. WHARTON    (1927-1977)


WRITER'S DIRECT DIAL NUMBER
212-373-3061

WRITER'S DIRECT FACSIMILE
212-492-0061

WRITER'S DIRECT E-MAIL ADDRESS
cboehning@paulweiss.com

1615 L STREET, NW
WASHINGTON, DC 20036-5694
TELEPHONE (202) 223-7300
FACSIMILE (202) 223-7420

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101
FACSIMILE (81-3) 3597-8120

UNIT 3601, FORTUNE PLAZA OFFICE TOWER A
NO.7 DONG SANHUAN ZHONGLU
CHAO YANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300
FACSIMILE (86-10) 6530-9070/9080

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2536-9933
FACSIMILE (852) 2536-9622

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600
FACSIMILE (44 20) 7367 1650

MARK H. ALCOTT
ALLAN J. ARFFA
ROBERT A. ATKINS
JOHN F. BAUGHMAN
LYNN B. BAYARD
DANIEL J. BELLER
MITCHELL L. BERG
MARK S. BERGMAN
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
ANGELO BONVINO
RICHARD S. BORISOFF
HENK BRANDS
JOHN F. BREGLIO
JAMES BROCHIN
RICHARD J. BRONSTEIN
PATRICK S. CAMPBELL*
JEANETTE K. CHAN
YVONNE Y.F. CHAN
DOUGLAS A. CIFU
LEWIS R. CLAYTON
JAY COHEN
KELLEY A. CORNISH
DOUGLAS R. DAVIS
THOMAS V. DE LA BASTIDE III
JAMES M. DUBIN
LESLIE GORDON FAGEN
MARC FALCONE
PETER L. FELCHER
PETER E. FISCH
ROBERT C. FLEDER
MARTIN FLUMENBAUM
ANDREW J. FOLEY
HARRIS B. FREIDUS
KENNETH A. GALLO*
MICHAEL E. GERTZMAN
PAUL D. GINSBERG
ERIC S. GOLDSTEIN
ERIC GOODISON
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
BRUCE A. GUTENPLAN
GAINES GWATHMEY, III
ALAN S. HALPERIN
CLAUDIA HAMMERMAN
GERARD E. HARPER
BRIAN S. HERMANN
ROBERT M. HIRSH
JOYCE S. HUANG
JEH CHARLES JOHNSON
MEREDITH J. KANE
ROBERTA A. KAPLAN
BRAD S. KARP
JOHN C. KENNEDY
ALAN W. KORNBERG

DANIEL J. KRAMER
DAVID K. LAKHDHIR
JOHN E. LANGE
DANIEL J. LEFFELL
JEFFREY D. MARELL
MARCO V. MASOTTI
EDWIN S. MAYNARD
TOBY S. MYERSON
JOHN E. NATHAN
CATHERINE NYARADY
ALEX YOUNG K. OH
JOHN J. O'NEIL
KELLEY D. PARKER
ROBERT P. PARKER*
MARC E. PERLMUTTER
MARK F. POMERANTZ
VALERIE E. RADWANER
CAREY R. RAMOS
CARL L. REISNER
WALTER RIEMAN
RICHARD A. ROSEN
ANDREW N. ROSENBERG
STEVEN B. ROSENFELD
PETER J. ROTHENBERG
RAPHAEL M. RUSSO
JEFFREY D. SAFERSTEIN
JEFFREY B. SAMUELS
DALE M. SARRO
TERRY E. SCHIMEK
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JAMES H. SCHWAB
MICHAEL J. SEGAL
STEPHEN J. SHIMSHAK
DAVID R. SICULAR
MOSES SILVERMAN
STEVEN SIMKIN
JOSEPH J. SIMONS
MARILYN SOBEL
TARUN M. STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
ROBYN F. TARNOFSKY
JULIA T. TARVER
JUDITH R. THOYER
DANIEL J. TOAL
MARK A. UNDERBERG
MARIA T. VULLO
LAWRENCE G. WEE
THEODORE V. WELLS, JR.
LISA YANO
JORDAN E. YARETT
KAYE N. YOSHINO
ALFRED D. YOUNGWOOD
TONG YU

*NOT ADMITTED TO NEW YORK BAR.

January 12, 2005


Via Facsimile & US Mail

John F. Farraher, Jr.
Greenberg Traurig
One International Place
20th Floor
Boston, MA 02110

<i>Altagracia J. Peguero</i> v. <i>American Express Company, et al.</i><br>
Civil Action No. 05-10995-RCL

Dear Mr. Farraher:

    We recently received American Express's Third Party Complaint against HealthExtras LLC ("HealthExtras"), filed on January 10, 2006. The Third Party Complaint references and quotes extensively from, but does not annex as an exhibit, a "Marketing Agreement" between American Express and HealthExtras. Due to American Express's reliance on the Marketing Agreement in its Third Party Complaint, we request that a copy of the Agreement be made available to all parties.

    We appreciate your cooperation in this regard.

Sincerely,

H. Christopher Boehning

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
    John F. Farraher, Jr.

2

    cc:    Mark W. Corner, Esq.
             Kevin Donius, Esq.
             Allison M. O'Neil, Esq.
             Joseph M. Mott, Esq.

## **EXHIBIT D**

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000
FACSIMILE (212) 757-3990

LLOYD K. GARRISON     (1946-1991)
RANDOLPH E. PAUL      (1946-1956)
SIMON H. RIFKIND      (1950-1995)
LOUIS S. WEISS        (1927-1950)
JOHN F. WHARTON       (1927-1977)

WRITER'S DIRECT DIAL NUMBER
212-373-3266

WRITER'S DIRECT FACSIMILE
212-373-2827

WRITER'S DIRECT E-MAIL ADDRESS
daguirre@paulweiss.com

1615 L STREET, NW
WASHINGTON, DC 20036-5694
TELEPHONE (202) 223-7300
FACSIMILE (202) 223-7420

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101
FACSIMILE (81-3) 3597-8120

UNIT 3601, FORTUNE PLAZA OFFICE TOWER A
NO. 7 DONG SANHUAN ZHONGLU
CHAO YANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300
FACSIMILE (86-10) 6530-9070/9080

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2536-9933
FACSIMILE (852) 2536-9622

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600
FACSIMILE (44 20) 7367 1650

MARK H. ALCOTT
ALLAN J. ARFFA
ROBERT A. ATKINS
JOHN F. BAUGHMAN
LYNN B. BAYARD
DANIEL J. BELLER
MITCHELL L. BERG
MARK S. BERGMAN
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
ANGELO BONVINO
RICHARD S. BORISOFF
HENK BRANDS
JOHN F. BRESLIO
JAMES BROCHIN
RICHARD J. BRONSTEIN
PATRICK S. CAMPBELL*
JEANETTE K. CHAN
YVONNE Y.F. CHAN
DOUGLAS A. CIFU
LEWIS R. CLAYTON
JAY COHEN
KELLEY A. CORNISH
DOUGLAS R. DAVIS
THOMAS V. DE LA BASTIDE III
DANIEL J. DURSA
LESLIE GORDON FAGEN
MARC FALCONE
PETER L. FELCHER
PETER E. FISCH
ROBERT C. FLEDER
MARTIN FLUMENBAUM
ANDREW J. FOLEY
HARRIS B. FREIDUS
KENNETH A. GALLO*
MICHAEL E. GERTZMAN
PAUL D. GINSBERG
ERIC S. GOLDSTEIN
ERIC GOODISON
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
BRUCE A. GUTENPLAN
GAINES GWATHMEY, III
ALAN S. HALPERIN
CLAUDIA HAMMERMAN
GERARD E. HARPER
BRIAN S. HERMANN
ROBERT M. HIRSH
JOYCE S. HUANG
JEH CHARLES JOHNSON
MEREDITH J. KANE
ROBERTA A. KAPLAN
BRAD S. KARP
JOHN C. KENNEDY
ALAN W. KORNBERG

DANIEL J. KRAMER
DAVID K. LAKHDHIR
JOHN E. LANGE
DANIEL J. LEFFELL
JEFFREY D. MARELL
MARCO V. MASOTTI
EDWIN S. MAYNARD
TOBY S. MYERSON
JOHN E. NATHAN
CATHERINE NYARADY
ALEX YOUNG K. OH
JOHN J. O'NEIL
KELLEY D. PARKER
KELLEY D. PARKER*
MARC E. PERLMUTTER
MARK F. POMERANTZ
VALERIE E. RADWANER
CAREY R. RAMOS
CARL L. REISNER
WALTER RIEMAN
RICHARD A. ROSEN
ANDREW N. ROSENBERG
STEVEN B. ROSENFELD
PETER J. ROTHENBERG
RAPHAEL M. RUSSO
JEFFREY D. SAFERSTEIN
JEFFREY B. SAMUELS
DALE M. SARRO
TERRY E. SCHIMEK
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JAMES H. SCHWAB
MICHAEL J. SEGAL
STEPHEN J. SHIMSHAK
DAVID R. SICULAR
MOSES SILVERMAN
STEVEN SIMKIN
JOSEPH J. SIMONS
MARILYN SOBEL
TARUN M. STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
ROBYN F. TARNOFSKY
JULIE L. TARVER
JUDITH R. THOYER
DANIEL J. TOAL
MARK A. UNDERBERG
MARIA T. VULLO
LAWRENCE G. WEE
THEODORE V. WELLS, JR.
LISA YANO
JORDAN E. YARETT
KAYE N. YOSHINO
ALFRED D. YOUNGWOOD
TONG YU

*NOT ADMITTED TO NEW YORK BAR.

February 8, 2006

<u>Via Facsimile & US Mail</u>

John F. Farraher, Jr.
Greenberg Traurig
One International Place
20th Floor
Boston, MA 02110

*Altagracia J. Peguero* v. *American Express Company, et al.*
Civil Action No. 05-10995-RCL

Dear Mr. Farraher:

   To date, Federal has received no response to its January 12, 2006 letter to American Express requesting the production of the Marketing Agreement referenced in American Express's Third Party Complaint against HealthExtras, Inc. ("HealthExtras"). By this letter, Federal renews its request for a copy of the Agreement.

   Further, on February 7, 2006, we spoke with Joe Mott of HealthExtras, who believes that the Marketing Agreement is covered by the initial disclosure obligations and has assented to its production provided it is kept confidential. As we have previously conveyed to you, Federal will keep this Agreement confidential pending the parties negotiation of an appropriate order which will protect the confidentiality of the Marketing Agreement and restrict its use to this litigation. Given this, Federal sees no reason why the agreement should not be produced immediately by American Express.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

John F. Farraher, Jr.

2

American Express has placed its Marketing Agreement with HealthExtras at the center of this litigation. For this reason, and the reasons noted above, American Express must make this Agreement available to all parties to the litigation.

We appreciate your cooperation in this regard.

Sincerely,

Danielle M. Aguirre

cc:     Joseph M. Mott, Esq.
        Mark W. Corner, Esq.
        Kevin Donius, Esq.
        Allison M. O'Neil, Esq.
        H. Christopher Boehning, Esq.