UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALTAGRACIA J. PEGUERO,<br><br>   Plaintiff,<br><br>   v.<br><br>AMERICAN EXPRESS COMPANY and THE SKLOVER GROUP, INC.,<br><br>   Defendants.<br><br>AMERICAN EXPRESS COMPANY,<br><br>   Third-Party Plaintiff<br><br>   v.<br><br>HEALTHEXTRAS, L.L.C.,<br><br>   Third-Party Defendant.<br><br>AMERICAN EXPRESS COMPANY,<br><br>   Cross-ClaimPlaintiff<br><br>   v.<br><br>FEDERAL INSURANCE COMPANY and THE SKLOVER GROUP, INC.,<br><br>   Cross-claim Defendants | Civil Action No. 05-10995-RCL |

## JOINT MOTION FOR ENTRY OF A PROTECTIVE ORDER

  Pursuant to Fed. R. Civ. P. 26(c), the undersigned parties, by and through their counsel, seek the entry of a Stipulated Protective Order in the form attached hereto as **Exhibit "A"**. In support of their joint request, the parties state as follows:

1.  Certain documents and information requested and/or subject to disclosure in this action may constitute the confidential or proprietary information of one or more of the parties in this case (hereinafter, "Confidential Material"). The parties agree that the disclosure of Confidential Material in the course of this suit should not take place in the absence of a protective order appropriately limiting the use and dissemination of such Confidential Material. The parties have stipulated and agreed to the form of this protective order and its entry as set forth in Stipulated Protective Order attached hereto as **Exhibit "A"**.

**WHEREFORE**, the Parties, by and through their respective counsel, respectfully request that the Court allow their request for entry of the Stipulated protective Order.

| | |
|---|---|
| THE PLAINTIFF,<br>ALTAGRACIA J. PEGUERO<br>By her attorney, | THE DEFENDANT AND THIRD-PARTY<br>AND CROSS-CLAIM PLAINTIFF,<br>AMERICAN EXPRESS<br>By its attorney, |
| /s/ Kevin Donius, by<br>John F. Farraher, Jr., with<br>Permission | /s/ John F. Farraher, Jr. |
| _____ | _____ |
| Kevin Donius, Esq.<br>Law Offices of Kevin Donius<br>500 Granite Avenue<br>Milton, MA  02186<br>TEL:(617) 696-5700<br>FAX:(617) 696-6704<br>BBO # 551298 | John F. Farraher, Jr., Esq.<br>Greenberg Traurig, LLP<br>One International Place<br>Boston, MA  02110<br>TEL:   (617) 310-6000<br>FAX:  (617) 310-6001<br>BBO # 568194 |

| | |
|---|---|
| THE DEFENDANT,<br>THE SKLOVER GROUP, INC.<br>By its attorney, | THE CROSS-CLAIM DEFENDANT,<br>FEDERAL INSURANCE COMPANY<br>By its attorney, |
| /s/ Allison O'Neil, by<br>John F. Farraher, Jr., with<br>permission | /s/ Mark W. Corner, by<br>John F. Farraher, Jr., with<br>permission |
| _____<br>Allison M. O'Neil, Esq.<br>Craig & Macauley, P.C.<br>Federal Reserve Plaza<br>600 Atlantic Avenue<br>Boston, MA 02210<br>TEL: (617) 367-9500<br>FAX: (617) 742-1788<br>BBO # | _____<br>Mark W. Corner, Esq.<br>Riemer & Braunstein, LLP<br>Three Center Plaza<br>Boston, MA 02108<br>TEL: (617) 523-9000<br>FAX: (617) 880-3456<br>BBO # 550156 |

/s/ H. Christopher Boehning, by
John F. Farraher, Jr., with
permission

_____
H. Christopher Boehning, Esq.
Paul, Weiss, Rifkind, Wharton
 & Garrison, LLP
1285 Avenue of the Americas
New York, NY 10019-6064
TEL: (212) 373-3000
FAX: (212) 492-0723

THIRD-PARTY DEFENDANT,
HEALTHEXTRAS, LLC
By its attorney,

/s/ Donald Pinto, by
John F. Farraher, Jr., with
permission

_____
Donald R. Pinto, Jr., Esq. BBO # 548421
Rackemann, Sawyer & Brewster, P.C.
1 Financial Center
Boston, MA 02111
TEL: (617) 542-2300

Dated: March 17, 2006

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Counsel of record hereby certify that they have conferred with each other in a good faith attempt to resolve or narrow the issues raised in this joint motion.

/s/ Allison M. O'Neil, by
John F. Farraher, Jr., with permission

_____

Allison M. O'Neil

/s/ Mark Corner, by
John F. Farraher, Jr., with permission

_____

Mark W. Corner

/s/ John F. Farraher, Jr.

_____

John F. Farraher, Jr.

/s/ Donald Pinto, by
John F. Farraher, Jr., with permission

_____

Donald R. Pinto, Jr.

/s/ H. Christopher Boehning, by
John F. Farraher, Jr., with permission

_____

H. Christopher Boehning

/s/ Kevin Donious, by
John F. Farraher, Jr., with permission

_____

Kevin Donious

## CERTIFICATE OF SERVICE

I, John F. Farraher, Jr., hereby certify that on March 17, 2006 I served a copy of the foregoing by electronic mail upon counsel of record.

/s/ John F. Farraher, Jr.

_____

John F. Farraher, Jr.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALTAGRACIA J. PEGUERO,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>AMERICAN EXPRESS COMPANY and THE SKLOVER GROUP, INC.,<br><br>　　　　　Defendants.<br><br>AMERICAN EXPRESS COMPANY,<br><br>　　　　　Third-Party Plaintiff<br><br>　　　　　v.<br><br>HEALTHEXTRAS, L.L.C.,<br><br>　　　　　Third-Party Defendant.<br><br>AMERICAN EXPRESS COMPANY,<br><br>　　　　　Cross-ClaimPlaintiff<br><br>　　　　　v.<br><br>FEDERAL INSURANCE COMPANY and THE SKLOVER GROUP, INC.,<br><br>　　　　　Cross-claim Defendants | Civil Action No. 05-10995-RCL |

## STIPULATED PROTECTIVE ORDER

**WHEREAS,** certain documents and information requested and/or subject to disclosure in this action may constitute the confidential or proprietary information of one or more of the parties in this case (hereinafter, "Confidential Material"); and

**WHEREAS,** the parties agree that the disclosure of Confidential Material in the course of this suit should not take place in the absence of a protective order appropriately limiting the use and dissemination of such Confidential Material; and

**WHEREAS,** the parties have stipulated and agreed to the form of this protective order and its entry; and

**WHEREAS,** good cause has been shown for the entry of this Order;

**NOW THEREFORE,** the Court hereby Orders as follows:

1. This Order shall cover all documents or other information obtained through or in connection with this action, including but not limited to deposition testimony or exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production, documents produced by the parties to this action or by any non-party, as well as any information obtained therefrom.

2. Any party to this action who, in good faith, determines or has reason to believe that any documents, testimony or other information requested from or being provided by the party, any other party, or any non-party constitutes Confidential Material shall be entitled to designate the same as such and subject to the provisions of this Protective Order.

3. The party or non-party who produces or provides materials or information designated Confidential Material shall be referred to herein as the "Producing Party."

4. The party designating information as Confidential Material shall be referred to herein as the "Designating Party."

5. The Confidential Material may be disclosed only to "qualified persons," as defined below in paragraph 8.

6. The Confidential Material and any copies thereof shall be destroyed or returned to the Producing Party within thirty (30) days after the final conclusion of this litigation. In the event the Confidential Material are destroyed, counsel shall certify in writing to the Producing Party and the Designating Party that such destruction has taken place. Final conclusion of this action shall mean after all appeal periods have expired and any settlements or judgments have become final.

7. The Confidential Material shall be used solely for the purposes of this action, and shall not be made available or disclosed to persons other than qualified persons as defined in paragraph 8.

8. "Qualified person" as used herein means:

   a. the attorneys, paralegal and clerical staff employed directly under the supervision and control of counsel of record for the parties;

   b. in-house counsel for the parties;

   c. experts or consultants who are retained, specifically employed, or informally consulted by counsel concerning the preparation and trial of this action and their secretarial and clerical employees, provided that such experts or consultants execute an acknowledgement in the form of Exhibit A hereto, a copy of which will be maintained in the files of counsel for the party making disclosure to such person.

   d. court reporters and other persons involved in recording any testimony in this action;

   e. employees of imaging, copying or microfilming services utilized with respect to this action or the prosecution or the defense thereof; and

    f.  the Court and any persons employed by the Court whose duties require access to any information filed in connection with this action.

  9.  Any document produced that constitutes Confidential Material shall be marked "CONFIDENTIAL" on each page.  The parties may designate information disclosed during a deposition as Confidential Material by notifying the parties in writing, within fifteen (15) days of receipt of the transcript, of specific pages and lines which it designates as confidential.  Prior to the expiration of the aforesaid fifteen-day period, the parties shall treat each deposition transcript in its entirety as containing Confidential Material.

  10.  Production of the Confidential Material shall not in any way constitute a waiver of any party's right to raise or assert any objections, including but not limited to the use, relevance or admissibility at trial of any information, whether or not comprised of any information furnished pursuant to the provisions of this Protective Order.

  11.  Any person who has received Confidential Material pursuant to this Protective Order and who receives a lawful subpoena or other compulsory process seeking disclosure of such Confidential Material shall (1) as soon as reasonably practicable give notice thereof to counsel by telephone and facsimile and furnish a copy of the subpoena or other compulsory process so as to afford counsel for the Producing Party and Designating Party a reasonable opportunity to seek a protective order; and (ii) if application is made to quash the subpoena or other compulsory process, or otherwise to seek a protective order from the court, that person shall not produce such Confidential Material prior to receiving a court order or the consent of counsel.  In the event that production of Confidential Material is made notwithstanding such prompt application for relief, it shall continue to be treated as Confidential Material by all persons subject to this Protective Order unless and until the Court shall otherwise direct.

12. Confidential Material shall be filed with the Court in accordance with Local Rule 7.2 of the U.S. District Court for the District of Massachusetts. Additionally, when documents, briefs, transcripts or motions containing Confidential Material are filed with the Court, they shall be placed in a sealed envelope or other appropriately sealed container on which it will state as follows:

    a. the caption of the action;

    b. the name of the party filing the sealed envelope or other appropriately sealed container and an indication of the contents; and

    c. a statement substantially as follows:

    CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER NOT TO BE OPENED WITHOUT AUTHORIZATION.

Such envelope or container shall not be opened without further order of the Court except by qualified persons under the terms of this Protective Order.

13. If any party inadvertently fails to designate an item pursuant to this Protective Order as Confidential Material, it shall be entitled to make such a correction. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately designated. Those individuals who reviewed the documents or other information prior to notice of the misdesignation by the producing party shall return or destroy the original and all copies of such material and shall honor the provisions of this Protective Order with respect to the use and disclosure of any confidential information in the misdesignated documents.

14. Any party (the "Objecting Party") may object to a Designating Party's confidentiality designation, by serving a written objection upon all other parties, specifying the precise documents at issue and the grounds for the Objecting Party's contention that the

documents were not properly designated Confidential Material. The Designating Party and Objecting Party shall then, within ten (10) days of the service of such objection or such additional time as they parties may agree upon (the "meet and confer period"), attempt to resolve by agreement whether the designated information or document (or portion thereof) is entitled to be treated as Confidential Material under the Protective Order. If the Designating Party and Objecting Party fail to agree after a reasonable effort, the Designating Party may, within ten (10) days after the end of the meet and confer period, move for an order from the Court authorizing such designation. While such an application is pending, the document, testimony or other information in question shall be treated as Confidential Material. If the Designating Party fails to move for an order within ten (10) days of receipt of written notice from the objecting party that the parties are unable to agree, the designated document or information shall not be treated as Confidential Material.

DATED: _____

HON. REGINALD C. LINDSAY  
UNITED STATES DISTRICT JUDGE

## **STIPULATION**

The parties to this action, by and through their respective counsel, hereby stipulate to the terms of the Protective Order set forth above.

| | |
|---|---|
| THE PLAINTIFF,<br>ALTAGRACIA J. PEGUERO<br>By her attorney, | THE DEFENDANT AND THIRD-PARTY<br>AND CROSS-CLAIM PLAINTIFF,<br>AMERICAN EXPRESS<br>By its attorney, |
| /s/ Kevin Donius, by<br>John F. Farraher, Jr., with<br>permission | /s/ John F. Farraher, Jr. |
| _____<br>Kevin Donius, Esq.<br>Law Offices of Kevin Donius<br>500 Granite Avenue<br>Milton, MA  02186<br>TEL:(617) 696-5700<br>FAX:(617) 696-6704<br>BBO # 551298 | _____<br>John F. Farraher, Jr., Esq.<br>Greenberg Traurig, LLP<br>One International Place<br>Boston, MA  02110<br>TEL:   (617) 310-6000<br>FAX:   (617) 310-6001<br>BBO # 568194 |
| THE DEFENDANT,<br>THE SKLOVER GROUP, INC.<br>By its attorney, | THE CROSS-CLAIM DEFENDANT,<br>FEDERAL INSURANCE COMPANY<br>By its attorney, |
| /s/ Allison O'Neil, by<br>John F. Farraher, Jr., with<br>permission | /s/ Mark W. Corner, by<br>John F. Farraher, Jr., with<br>permission |
| _____<br>Allison M. O'Neil, Esq.<br>Craig & Macauley, P.C.<br>Federal Reserve Plaza<br>600 Atlantic Avenue<br>Boston, MA  02210<br>TEL:  (617) 367-9500<br>FAX:  (617) 742-1788<br>BBO # | _____<br>Mark W. Corner, Esq.<br>Riemer & Braunstein, LLP<br>Three Center Plaza<br>Boston, MA  02108<br>TEL: (617) 523-9000<br>FAX:  (617) 880-3456<br>BBO # 550156 |

/s/ H. Christopher Boehning, by
John F. Farraher, Jr., with
permission

_____

H. Christopher Boehning, Esq.
Paul, Weiss, Rifkind, Wharton
 & Garrison, LLP
1285 Avenue of the Americas
New York, NY  10019-6064
TEL: (212) 373-3000
FAX:  (212) 492-0723

THIRD-PARTY DEFENDANT,
HEALTHEXTRAS, LLC
By its attorney,

/s/ Donald Pinto, by
John F. Farraher, Jr., with
permission

_____

Donald R. Pinto, Jr., Esq.
Rackemann, Sawyer & Brewster, P.C.
1 Financial Center
Boston, MA 02111
TEL:  (617) 542-2300
FAX:  (617) 542-7437
BBO # 548421


Dated:  March 17, 2006

# EXHIBIT A

# CONSULTANT CERTIFICATION

I, the undersigned, hereby certify that I have read the attached Protective Order entered in *Peguero v. American Express Company, et al.*, United States District Court for the District of Massachusetts, Civil Action No. 05-10995-RCL (the "Action"). I understand the terms of this Protective Order, agree to be bound by such terms and conditions of said Order and agree to submit to the personal jurisdiction of this Court with respect to any proceeding related to the enforcement of this Protective Order, including any proceeding related to contempt of Court. I will not disclose Designated Materials marked CONFIDENTIAL to anyone other than persons specially authorized by the Order and agree to return all such material which comes into my possession to counsel from whom I received such materials or to destroy or all such material at counsel's instruction.

I declare under penalty of perjury that the foregoing is true and correct.

Name of Individual:

Current Address:

Employer:

Occupation:

Relationship to this action and its parties:

Dated:

                                        Signature