UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALTAGRACIA J. PEGUERO, | |
| Plaintiff, | |
| v. | Civil Action No. 05-10995-RCL |
| AMERICAN EXPRESS COMPANY, THE SKLOVER GROUP, INC., ., and FEDERAL INSURANCE COMPANY, | |
| Defendants. | |
| AMERICAN EXPRESS COMPANY, | |
| Third-Party Plaintiff | |
| v. | |
| HEALTHEXTRAS, L.L.C., | |
| Third-Party Defendant. | |

**DEFENDANT, CROSS-CLAIMANT AMERICAN EXPRESS COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO FEDERAL INSURANCE COMPANY'S MOTION TO COMPEL PRODUCTION**

Defendant, Cross-Claimant, American Express Company ("American Express"), respectfully submits this memorandum of law in opposition to the motion of Cross-Claim Defendant Federal Insurance Company ("Federal") to compel the production of the September 17, 1999 "Marketing Agreement" between defendant HEALTHEXTRAS, L.L.C. ("HealthExtras") and American Express (the "Agreement").

The present motion represents a wasteful ploy on the part of Federal in an attempt to create the illusion that American Express has not complied with its obligations under the Federal Rules. Federal brings this motion to compel the production of a document that American

Express **has already agreed it will produce**.  American Express has reasonably required Federal to wait for the Court to enter an appropriate protective order – the parties' joint application for which is pending – preserving the confidentiality of the subject document.  The entry of the proposed order will completely moot Federal's application and, as such, American Express respectfully requests that the Court stay any ruling on this motion until after it has decided the parties' joint motion for a protective order.

To the extent the Court considers Federal's motion, it should deny it outright.  Federal simply has no procedural basis to proceed with a motion to compel.  It, admittedly, has not served American Express with a document request pursuant to Federal Rule of Civil Procedure 34, and its argument that American Express should be compelled to disclose the Agreement in connection with Rule 26(a) is ill-founded, because American Express was not required to produce the document in connection with its initial disclosures.

Further, Federal fails to present any cogent explanation for why it requires the production of the subject document immediately, as opposed to after an appropriate protective order is in place.  Indeed, had it not been for Federal's delay in approving the proposed protective order now before the Court, the parties' joint application could have been filed weeks in advance. Federal should not be heard to complain of delay that it occasioned through its own conduct, nor should the Court accept Federal's conclusory and wholly unsupported assertions that the Agreement somehow has a bearing on Federal's motion to dismiss American Express' contribution claims.

Federal's motion is procedurally flawed and is otherwise completely unsupported and thus should be denied.

## RELEVANT FACTS

The Agreement embodies the terms of American Express' relationship with HealthExtras regarding the insurance policy at issue in this case. The Agreement contains a confidentiality provision.

On February 21, 2006, Federal's New York counsel contacted counsel for American Express to request informally the production of the Agreement.[1]  On that same day, counsel for American Express responded with a letter, stating in relevant part:

> I am writing as a follow-up to the telephone conversation we had earlier this afternoon concerning your client's request for a copy of the [Agreement]. Per its terms, the Agreement is confidential and may not be disclosed to third-parties. **Nevertheless, we intend to produce a copy of the Agreement in this case once an appropriate confidentiality order has been entered by the Court.**

Exhibit A hereto (emphasis added). That same letter enclosed a draft stipulated protective order for Federal's review and comment. Prior to the filing of the present motion, Federal never indicated that it sought to use the Agreement in connection with the pending motion to dismiss the cross-claim.

In stark contrast to the grand sense of urgency Federal attempts to impart on the Court in connection with this motion, it was not until two weeks later, on March 7, 2006, that Federal submitted proposed comments and changes to the protective order. *See* Federal's email attaching comments to proposed protective order, attached hereto as Exhibit B. Less than a week after that, after having contributed substantially to the very delay of which it now complains, Federal filed this rash and ill-founded motion.

---

[1]    Despite that it now seeks an order compelling the production of amendments and supplements to the Agreement, Federal has not previously requested such documents from American Express and such request should not be considered in connection with this motion.

## ARGUMENT

**I.     Federal's Motion Must Be Denied Because It Has No Legitimate Basis For The Relief It Seeks.**

    **A.     Federal Seeks Relief Based Solely On The Unsupportable Allegation That American Express Failed To Make Initial Disclosures Under Federal Rule 26(a).**

Federal bases its motion on Rule 37(a), which states, in relevant part, "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure . . . ." This is the only stated ground for Federal's motion.

This motion is not, nor could it be, a motion pursuant to Rule 37(d).  With respect to document requests, that rule permits a motion in response to a failure to produce only "after proper service" of a request for inspection pursuant to Rule 34.  Fed. R. Civ. P. 37(d).  Rule 34 requires that any request issued pursuant thereto must "specify a reasonable time, place, and manner of making the inspection and performing the related acts."  Fed. R. Civ. P. 34(b). Federal concedes that it has done nothing more than make an informal request for a document and has not served any document request conforming with the stated requirements of Rule 34. As such, the inquiry here is limited to whether American Express has failed to comply with Rule 26(a).

Rule 26(a) provides, in relevant part, for certain mandatory, initial disclosures, all of which American Express made in a timely fashion.  Contrary to Federal's contorted reading of the rule, Rule 26(a)(1) provides that a party may <u>either</u> provide copies of documents it intends to use to support its claims or defenses <u>or</u> a description of such documents.  Fed. R. Civ. P. 26(a)(1).  There is no requirement for the production of documents such as the Agreement.

The very same pages of the Advisory Committee comments Federal so heavily relies upon make clear that Rule 26(a)(1) does not require the production of the Agreement:

> [Rule 26(a)(1)(B)] **does not require production of any documents**. Of course, in cases involving few documents a disclosing party may prefer to provide copies of the documents rather than describe them, and the rule is written to afford this **option** to the disclosing party. If, as will be more typical, only the description is provided, the other parties are expected to obtain the documents desired by proceeding under Rule 34 or through informal requests.

Federal Rules of Civil Procedure, Advisory Committee Notes, 146 F.R.D. 410, 630-31 (Dec. 1, 1993) (emphasis added).

Although the Advisory Committee makes the common sense observation that a party might later obtain documents through informal disclosure, as opposed to pursuant to formal requests under Rule 34, the comments state this option as a possibility, not as a right. There is no rule entitling Federal to the production of the Agreement pursuant to its informal request, nor is there any language in the rules or comments suggesting that any such obligation exists under Rule 26(a).[2] The text of the Rule 26(a) and the Advisory Committee Comments are quite to the contrary, and Federal cites no case suggesting that the law is otherwise.

### B.    Federal Has No Urgent Need For The Agreement.

Federal states in conclusory fashion that it needs the immediate production of the Agreement in connection with its motion to dismiss American Express' contribution claims against it. Federal has, however, altogether failed to articulate how the Agreement, which is between HealthExtras and American Express, is relevant to the motion or why, as Federal states, it believes the Agreement will have any impact whatsoever on American Express' contribution claims or its indemnification claims, the latter of which are not the subject of any pending motion. Additionally, briefing on the motion to dismiss was completed in December 2005. Until it filed this motion, Federal never even hinted that the Agreement might have any

---

[2]    Indeed, as a practical matter, such a rule would eviscerate the need for Rule 34 altogether.

significance with respect to the motion to dismiss or American Express' contribution claims. There is simply no validity to Federal's argument.

Federal's offer to agree to the confidentiality of the Agreement is beside the point because the parties to an action cannot dictate what the Court will or will not treat as confidential materials. *See, e.g., Vassiliades v. Israely*, 714 F. Supp. 604, 606 (D. Conn. 1989) (parties' confidentiality agreement could not bind the court to correspondingly maintain the confidentiality of documents subject to the agreement); *Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp.*, 2005 WL 2063785, at *7 (M.D. Fla. Aug. 18, 2005) ("whether documents may be filed under seal is a separate issue from whether the parties may agree that the documents are confidential"). Moreover, Federal did not explain what it meant by agreeing to keep the agreement "confidential." In fact, Federal now contends that it wants to use the agreement in connection with a motion pending before the court. Thus, the appropriate course for protecting the confidentiality of the Agreement remains the entry of a protective order.

Federal's attempt to obtain the production of the Agreement prior to the entry of such an order is baseless and unreasonable. The absence of any procedural basis for the motion coupled with the corresponding absence of any need for the Agreement prior to the entry of a protective order mandates the denial of Federal's motion. At a minimum, American Express respectfully requests that the Court stay its decision on this motion until after it has ruled on the joint motion for a protective order, the entry of which would moot the present application.

## II.    American Express Did Not Waive The Confidentiality Of The Agreement.

Federal cites *U.S. v. Moscony*, 927 F.2d 742 (3d Cir. 1991) for the proposition that, by setting forth the grounds for its complaint against HealthExtras under the indemnification provisions of the Agreement, American Express waived the confidentiality of the Agreement. That argument is flawed for multiple reasons.

First, *Moscony* does not stand for the proposition that disclosing a generic indemnification provision contained in a confidential document – done so out of the necessity of pleading a *prima facie* case – constitutes a waiver of the document's confidentiality.   In *Moscony*, the Third Circuit held that the act of putting attorney-client communications into an affidavit, alone, did not evidence an intent to waive the privilege where the affiants otherwise sought to maintain the confidentiality of the communications.  *Moscony*, 927 F.2d at 752.  Thus, that case did not even deal with the limited quotation of a document in connection with a legal pleading and is factually inapposite.

Second, *Moscony* actually stands for the proposition that the rule cited by Federal – which, in any event, is somewhat ill-fitted to the facts of this case – is by no means without exception:

> This "rule," however, is not hard and fast, as it merely states the most common inference that a client does not intend information to be confidential where that information is to be disclosed in a kind of legal document generally made public. The ultimate key to determining confidentiality is intent . . . .

*Id.*

Here, the indemnification provision had to be addressed in American Express' third-party complaint because the provision provides the basis for American Express' claims.   That American Express intended to preserve the confidentiality of the substantive, non-generic provisions of the Agreement is reflected by the fact that American Express did not attach the agreement as an exhibit to its motion for leave to file a third-party complaint, as is customary.

## <u>CONCLUSION</u>

For the foregoing reasons, American Express respectfully requests that the Court reserve its ruling on Federal's motion to compel pending its decision on the parties' joint motion for a

protective order and, in the event the Court rules on the motion, deny it in its entirety.

AMERICAN EXPRESS COMPANY,

By its attorneys:

/s/ John F. Farraher, Jr.
_____
John F. Farraher, Jr., BBO # 568194
GREENBERG TRAURIG, LLP
One International Place, 20th Floor
Boston, Massachusetts 02110
Tel:  (617) 310-6000
Fax:  (617) 310-6001

Dated:  March 27, 2006

## REQUEST FOR ORAL ARGUMENT

American Express requests an oral argument on the motion pursuant to Local Rule 7.1(D).

/s/ John F. Farraher, Jr.
_____
John F. Farraher, Jr.

## CERTIFICATE OF SERVICE

I, John F. Farraher, Jr., hereby certify that on March 27, 2005, I caused a copy of the foregoing to be served upon all counsel of record.

/s/ John F. Farraher, Jr.
_____
John F. Farraher, Jr.

**EXHIBIT A**

# Greenberg Traurig

John F. Farraher, Jr.
farraherj@gtlaw.com
Tel. 617.310-6029

February 21, 2006

**VIA EMAIL & FIRST CLASS MAIL**

H. Christopher Boehning, Esq.
Paul Wess Rifkind Wharton & Garrison
1285 Avenue Of the Americas
New York, NY 10019-6064

    Re:    *Altagracia J. Peguero v. American Express Company, et. al.*
          United States District Court for the District of Massachusetts
          Civil Action No. 05-10995-RCL

Dear Attorney Boehning:

    I am writing as a follow-up to the telephone conversation we had earlier this afternoon concerning your client's request for a copy of the September 17, 1999 Marketing Agreement ("Agreement") referenced in American Express Company's Third-Party Complaint against Healthextras, L.L.C. Per its terms, the Agreement is confidential and may not be disclosed to third-parties. Nevertheless, we intend to produce a copy of the Agreement in this case once an appropriate confidentiality order has been entered by the Court. While we appreciate your client's offer to "treat the Agreement as confidential," we believe that a court order is required to protect the confidentiality of the Agreement. Moreover, Healthextras must be given an opportunity to be heard prior to production of the document.

    As you know, plaintiff also requested a copy of the Agreement pursuant to Fed. R. Civ. P. 34. Because of confidentiality concerns, American Express objected to the document request. Despite the objection, we spoke with plaintiff's counsel earlier today and informed him that American Express intends to provide a copy of the Agreement once a confidentiality order was entered. To that end, I am enclosing a draft Stipulated Protective Order for your review and comment. As soon as all parties have agreed to the terms of the Protective Order, I will arrange to have it filed with the Court.

    Finally, as for your threat to "go to court" to compel the production of the Agreement, your proposed course of conduct is both unnecessary and not in compliance with the applicable rules of procedure. As a practical matter, there is no need to ask the Court to order that the Agreement be produced; American Express will supply you with a copy once the protective order is entered. Procedurally, it is axiomatic that before your client may move to compel the production of a document under Fed. R. Civ. P. 37, your client must first request a copy of the document it seeks to compel in accordance with Fed. R. Civ. P. 34, which your client did not do. Your suggestion that American Express

ALBANY

AMSTERDAM

ATLANTA

BOCA RATON

BOSTON

CHICAGO

DALLAS

DENVER

FORT LAUDERDALE

LOS ANGELES

MIAMI

NEW JERSEY

NEW YORK

ORANGE COUNTY, CA

ORLANDO

PHILADELPHIA

PHOENIX

SILICON VALLEY

TALLAHASSEE

TYSONS CORNER

WASHINGTON, D.C.

WEST PALM BEACH

WILMINGTON

ZURICH

H. Christopher Boehning, Esq.
February 21, 2006
Page 2

is somehow compelled to provide a copy of the Agreement as part of its automatic disclosure is not persuasive. Rule 26(a)(1) provides that a party may <u>either</u> provide copies of documents it intends to use to support its claims or defenses <u>or</u> a description of such documents. Fed. R. Civ. P. 26(A)(1).

I look forward to hearing back from you (and other counsel of record) with any comments regarding the draft Protective Order. If you have any further questions or concerns, please do not hesitate to contact me.

Very truly yours,

John F. Farraher, Jr.

JFF/km
cc:    Louis Smith, Esq. (via email)
       Kevin Donious, Esq. (w/encl.)
       Allison M. O'Neil, Esq. (w/encl.)
       Donald R. Pinto, Jr., Esq. (w.encl.)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALTAGRACIA J. PEGUERO,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS COMPANY, THE SKLOVER GROUP, INC., and FEDERAL INSURANCE COMPANY,<br><br>Defendants.<br><br>AMERICAN EXPRESS COMPANY,<br><br>Third-Party Plaintiff<br><br>v.<br><br>HEALTHEXTRAS, L.L.C.,<br><br>Third-Party Defendant. | Civil Action No. 05-10995-RCL |

## STIPULATED PROTECTIVE ORDER

**WHEREAS,** certain documents and information requested and/or subject to disclosure in this action are subject to one or more confidentiality agreements or otherwise constitute the confidential or proprietary information of one or more of the parties in this case (hereinafter, "Confidential Materials"); and

**WHEREAS,** the parties agree that the disclosure of Confidential Materials in the course of this suit should not take place in the absence of a protective order appropriately limiting the use and dissemination of such Confidential Materials; and

**WHEREAS,** the parties have stipulated and agreed to the form of this protective order and its entry; and

**WHEREAS,** good cause has been shown for the entry of this Order;

**NOW THEREFORE,** the Court hereby Orders as follows:

1.      This Order shall cover all documents or other information obtained through or in connection with this action, including but not limited to deposition testimony or exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production, documents produced by the parties to this action or by any non-party, as well as any information obtained therefrom.

2.      Any party to this action who, in good faith, determines or has reason to believe that any documents, testimony or other information requested from or being provided by the party, any other party, or any non-party constitutes Confidential Materials shall be entitled to designate the same as such and subject to the provisions of this Protective Order.

3.      The party or non-party who produces or provides materials or information designated Confidential Materials shall be referred to herein as the "Producing Party."

4.      The party designating information as Confidential Materials shall be referred to herein as the "Designating Party."

5.      The Confidential Materials may be disclosed only to "qualified persons," as defined below in paragraph 8.

6.      The Confidential Materials and any copies thereof shall be destroyed or returned to the Producing Party within thirty (30) days after the final conclusion of this litigation.  In the event the Confidential Materials are destroyed, counsel shall certify in writing to the Producing Party and the Designating Party that such destruction has taken place.  Final conclusion of this action shall mean after all appeal periods have expired and any settlements or judgments have become final.

7.    The Confidential Materials shall be used solely for the purposes of this action, and shall not be made available or disclosed to persons other than qualified persons as defined in paragraph 8.

8.    "Qualified person" as used herein means:

a.    the attorneys, paralegal and clerical staff employed directly under the supervision and control of counsel of record for the parties;

b.    in-house counsel for the parties;

c.    experts or consultants who execute an acknowledgment in the form of Exhibit A hereto, and are retained, specifically employed, or informally consulted by counsel concerning the preparation and trial of this action and their secretarial and clerical employees;

d.    court reporters and other persons involved in recording any testimony in this action;

e.    employees of imaging, copying or microfilming services utilized with respect to this action of the prosecution or the defense thereof; and

f.    the Court and any persons employed by the Court whose duties require access to any information filed in connection with this action.

9.    Any document produced that constitutes Confidential Materials shall be marked "CONFIDENTIAL" on each page.  The parties may designate information disclosed during a deposition as Confidential Materials by notifying the parties in writing, within fifteen (15) days of receipt of the transcript, of specific pages and lines which it designates as confidential.  Prior to the expiration of the aforesaid fifteen-day period, the parties shall treat each deposition transcript in its entirety as containing Confidential Materials.

10.    Production of Confidential Materials made pursuant to this Order does not constitute a waiver of any protection, immunity or privilege otherwise applicable to such materials. Production of the Confidential Materials shall not in any way constitute a waiver of any party's right to raise or assert any objections, including but not limited to the use, relevance or admissibility at trial of any information, whether or not comprised of any information furnished pursuant to the provisions of this Order.

11.    Any person who has received Confidential Materials pursuant to this Protective Order and who receives a lawful subpoena or other compulsory process seeking disclosure of such Confidential Materials shall (1) as soon as reasonably practicable give notice thereof to counsel by telephone and facsimile and furnish a copy of the subpoena or other compulsory process so as to afford counsel for the Producing Party and Designating Party a reasonable opportunity to seek a protective order; and (ii) if application is made to quash the subpoena or other compulsory process, or otherwise to seek a protective order from the court, that person shall not produce such Confidential Materials prior to receiving a court order or the consent of counsel. In the event that production of Confidential Materials is made notwithstanding such prompt application for relief, it shall continue to be treated as Confidential Materials by all persons subject to this Protective Order unless and until the Court shall otherwise direct.

12.    Confidential Materials shall be filed with the Court in accordance with Local Rule 7.2 of the U.S. District Court for the District of Massachusetts. Additionally, when documents, briefs, transcripts or motions containing Confidential Materials are filed with the Court, they shall be placed in a sealed envelope or other appropriately sealed container on which it will state as follows:

    a.    the caption of the action;

b.      the name of the party filing the sealed envelope or other appropriately sealed container and an indication of the contents; and

c.      a statement substantially as follows:

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER NOT TO BE OPENED WITHOUT AUTHORIZATION.

Such envelope or container shall not be opened without further order of the Court except by qualified persons under the terms of this Protective Order.

13.      If any party inadvertently fails to designate an item pursuant to this Protective Order as Confidential Materials, it shall be entitled to make such a correction. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately designated. Those individuals who reviewed the documents or other information prior to notice of the misdesignation by the producing party shall return or destroy the original and all copies of such material and shall honor the provisions of this Protective Order with respect to the use and disclosure of any confidential information in the misdesignated documents.

DATED: _____      _____

HON. REGINALD C. LINDSAY
UNITED STATES DISTRICT JUDGE

## STIPULATION

The parties to this action, by and through their respective counsel, hereby stipulate to the terms of the Protective Order set forth above.

THE PLAINTIFF,
ALTAGRACIA J. PEGUERO
By her attorney,

_____
Kevin Donius, Esq.
Law Offices of Kevin Donius
500 Granite Avenue
Milton, MA 02186
TEL:(617) 696-5700
FAX:(617) 696-6704
BBO # 551298

THE DEFENDANT,
THE SKLOVER GROUP, INC.
By its attorney,

_____
Allison M. O'Neil, Esq.
Craig & Macauley, P.C.
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
TEL: (617) 367-9500
FAX: (617) 742-1788
BBO #

THE DEFENDANT,
AMERICAN EXPRESS,
By its attorney,

_____
John F. Farraher, Jr., Esq.
Greenberg Traurig, LLP
One International Place
Boston, MA 02110
TEL:   (617) 310-6000
FAX:  (617) 310-6001
BBO # 568194

THE DEFENDANT,
FEDERAL INSURANCE COMPANY,
By its attorney,

_____
Mark W. Corner, Esq.
Riemer & Braunstein, LLP
Three Center Plaza
Boston, MA 02108
TEL: (617) 523-9000
FAX: (617) 880-3456
BBO # 550156

_____
Timothy S. Martin, Esq.
Paul, Weiss, Rifkind, Wharton
   & Garrison, LLP
1285 Avenue of the Americas
New York, NY 10019-6064
TEL: (212) 373-3000
FAX: (212) 492-0723

*[SIGNATURES CONTINUE ON NEXT PAGE]*

THIRD-PARTY DEFENDANT,
HEALTHEXTRAS, LLC
By its attorney,


_____

Donald R. Pinto, Jr., Esq.
Rackemann, Sawyer & Brewster, P.C.
1 Financial Center
Boston, MA 02111
TEL:  (617) 542-2300
FAX:  (617) 542-7437
BBO #


Dated:  February __, 2006

**EXHIBIT A**

**CONSULTANT CERTIFICATION**

I, the undersigned, hereby certify that I have read the attached Protective Order entered in

*Peguero v. American Express company, et al.*, United States District Court for the District of

Massachusetts, Civil Action No. 05-10995-RCL (the "Action"). I understand the terms of this

Protective Order, agree to be bound by such terms and conditions of said Order and agree to

submit to the personal jurisdiction of this Court with respect to any proceeding related to the

enforcement of this Protective Order, including any proceeding related to contempt of Court. I

will not disclose Designated Materials marked CONFIDENTIAL to anyone other than persons

specially authorized by the Order and agree to return all such material which comes into my

possession to counsel from whom I received such materials or to destroy or all such material at

counsel's instruction. If, at any time after I execute this Consultant Certification and during the

pendency of this Action, I become engaged in business as a consultant of any other person or

entity currently a party to this Action, I will promptly notify the attorneys for the parties.

I declare under penalty of perjury that the foregoing is true and correct.

Name of Individual:

Current Address:

Employer:

Occupation:

Relationship to this action and its parties:

Dated:

Signature

**EXHIBIT B**

## Farraher, John F. (Shld-Bos-LT)

**From:**  Danielle Aguirre [Daguirre@paulweiss.com]

**Sent:**  Tuesday, March 07, 2006 10:12 AM

**To:**  Farraher, John F. (Shld-Bos-LT)

**Cc:**  Boehning, Chris (Paul, Weiss, Rifkind, Wharton & Garrison LLP); dpinto@rackemann.com; info@craigmacauley.com; kdonius@cfh-law.com; Smith, Louis (Shld-NJ-LT)

**Subject:** American Express/Peguero

Jay,

I've attached below Federal's comments and changes to the proposed stipulated protective order.  These changes include a provision which permits challenges to the designation of documents or information as confidential.

**Danielle Aguirre | Associate**
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3266 (Direct Phone) | (212) 492-0266 (Direct Fax)
daguirre@paulweiss.com | www.paulweiss.com

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.