UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALTAGRACIA PEGUERO,<br><br>                               Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS COMPANY,<br>INC., THE SKLOVER GROUP, INC.<br><br>                               Defendants, | Civil Action No. 05-10995-RCL |
| AMERICAN EXPRESS COMPANY,<br>INC.,<br><br>                            Cross-Claim Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY and<br>THE SKLOVER GROUP INC.,<br><br>                            Cross-Claim Defendants. | |

**MOTION OF CROSS-CLAIM
DEFENDANT FOR LEAVE TO FILE ADDITIONAL
<u>PAPERS IN SUPPORT OF ITS MOTION TO COMPEL</u>**

Pursuant to Local Rule 7.1(B)(3), Cross-Claim Defendant Federal Insurance Company ("Federal") moves for leave to file the following additional papers in support of its motion to compel:

- Cross-Claim Defendant Federal's Reply Memorandum of Law in Further Support of Its Motion to Compel (Exhibit A).

As grounds for this motion, Federal states that consideration of such additional papers will assist the Court in ruling on its motion.

Pursuant to Local Rule 7.1(A), Federal has conferred with counsel to the Cross-Claim Plaintiff American Express Company Inc.

Dated: Boston, Massachusetts
April 13, 2005

        Respectfully submitted,

        RIEMER & BRAUNSTEIN LLP

        By: */s/ Mark Corner*
            Mark W. Corner (BBO#550156)

        Three Center Plaza
        Boston, Massachusetts 02108
        (617) 523-9000

        PAUL, WEISS, RIFKIND, WHARTON
        & GARRISON LLP

        H. Christopher Boehning
        Danielle M. Aguirre
        1285 Avenue of the Americas
        New York, New York 10019-6064
        (212) 373-3000

        *Attorneys for Cross-claim Defendant*
        *Federal Insurance Company*

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)

Danielle M. Aguirre, counsel of record for the Defendant Federal Insurance Company, hereby certifies that on April 12, 2006, I conferred by telephone and email with John F. Farraher, counsel to American Express, in an effort in good faith to resolve or narrow the issue presented in this motion, as required by Local Rule 7.1(A)(1), and that the parties were unable to resolve the issues raised in this motion.

**SIGNED UNDER THE PENALTIES OF PERJURY THIS 13th DAY OF APRIL 2006.**

            ___*/s/ Danielle M. Aguirre*__

## **CERTIFICATE OF SERVICE**

      I, Mark W. Corner hereby certify that on this date, April 13, 2006, I caused to be served the foregoing document, along with the accompanying Motion for Leave to File Additional Papers, by electronic notice, upon the following counsel of record:

Kevin Donius, Esquire  
Corcoran, FitzGerald & Hennessey  
500 Granite Avenue  
Milton, MA 02186

Allison M. O'Neil, Esquire  
Craig & Macauley, P.C.  
Federal Reserve Plaza  
600 Atlantic Avenue  
Boston, MA 02210

John F. Farraher, Jr., Esquire  
Greenberg Traurig  
One International Place  
20th Floor  
Boston, MA 02110

Donald R. Pinto, Jr.  
Rackemann, Sawyer & Brewster, P.C.  
One Financial Center  
Boston, Massachusetts 02111

                                            */s/ Mark Corner*  
                                            Mark W. Corner

946611.1

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALTAGRACIA PEGUERO,<br><br>                              Plaintiff,<br><br>      v.<br><br>AMERICAN EXPRESS COMPANY,<br>INC., THE SKLOVER GROUP, INC.<br><br>                              Defendants, | Civil Action No. 05-10995-RCL |
| AMERICAN EXPRESS COMPANY,<br>INC.,<br><br>                              Cross-Claim Plaintiff,<br><br>      v.<br><br>FEDERAL INSURANCE COMPANY and<br>THE SKLOVER GROUP INC.,<br><br>                              Cross-Claim Defendants. | |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF
FEDERAL INSURANCE COMPANY'S MOTION TO COMPEL
PRODUCTION OF AMERICAN EXPRESS'S MARKETING AGREEMENT**

Defendant Federal Insurance Company ("Federal") respectfully submits this reply memorandum of law in response to certain arguments set forth in American Express Company Inc.'s ("American Express") Memorandum of Law in Opposition to Federal's Motion to Compel.

First, American Express argues that entry of a protective order would "moot" Federal's motion to compel and that Federal's motion is therefore inefficient. But, as set out in Federal's moving brief (and discussed below) Federal does not believe the Marketing Agreement is confidential. Upon entry of the proposed protective order, Federal would notify American Express pursuant to paragraph 14 of the proposed protective order that it does not intend to treat the document as confidential. American Express would then be required to move the Court pursuant to Local Rule 7.2, and the

issue of the Agreement's confidentiality would again be before this Court. It is therefore more efficient for the Court and the parties to resolve this issue now.

Second, American Express now claims that Federal's motion to compel lacks support in the Federal Rules of Civil Procedure. That assertion is unfounded. Federal's opening brief established that American Express is required to produce the Marketing Agreement pursuant to its initial disclosure obligations under Rule 26(a)(1)(B). Fed. R. Civ. P. 26. Rule 26(a)(1) provides for the very type of informal letter requests through which Federal has asked for production of the Agreement since January 12, 2006.[1] Federal Rule of Civil Procedure, Advisory Committee Notes, 146 F.R.D. 401, 630-631 (Dec. 1, 1993). In turn, Federal Rule of Civil Procedure 37(a) permits a "motion to compel discovery" where a party – such as American Express – has failed to comply with its Rule 26(a) obligations. Fed. R. Civ. P. 37. American Express's argument that Federal may not request the Agreement under Rule 26 (and therefore compel it under Rule 37) is misplaced and ignores the basic premise, set forth in Federal Rule of Civil Procedure 1, that the Federal Rules "be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Federal's actions have complied with this overarching theme. Rule 26 clearly envisions the informal request for and production of a document subject to Rule 26(a)(1) initial disclosure obligations, outside of the confines of Rule 34 discovery. American Express's conduct – resisting production of a document that American Express itself admits is central to the dispute – is hardly consistent with Rule 1.

---

[1] In its opposition brief, American Express incorrectly asserts that Federal's first letter requesting production of the Marketing Agreement was sent on February 21, 2006. *See* Opp. Br. at 3, n. 1. In fact, Federal's first informal letter request was sent more than a month prior, on January 12, 2006, and was followed by telephone conversations with counsel for American Express. *See* Federal Ex. C.

Third, Federal respectfully disagrees with American Express's suggestion that *U.S.* v. *Moscony*, 927 F.2d 742, 752 (3d Cir. 1991), is inapplicable here. *Moscony* plainly states that "if [a party] intended the matter to be public, the requisite confidentiality is lacking. For example, information communicated by [a party] which he knew would be disclosed in legal documents, such as complaints, or in settlement negotiations is" not confidential. *Id*., *citing* J. Weinstein & M. Berger, Weinstein's Evidence P 503(a)(4)[01] at 503-39-40 (1996).[2] Here, American Express used the Marketing Agreement as the basis for a publicly-filed, Third-Party Complaint against HealthExtras. In doing so, American Express went beyond merely referencing the Marketing Agreement, choosing instead to extensively quote from the portions of the Agreement that best advanced its positions. *See* Federal Ex. A. As the *Moscony* court aptly explained, "a client's professed intent or belief as to confidentiality is not controlling where unreasonable." *Id.* at 752.

## CONCLUSION

For the reasons set forth above, and in Federal's Opening Memorandum, Federal Insurance Company respectfully moves this Court to enter an Order compelling American Express to produce the Marketing Agreement and any amendments thereto immediately as a non- confidential, publicly-referenced document.

---

[2] The court acknowledged narrow exceptions to the rule, such as in *Moscony* case, where "the witnesses are unsophisticated lay persons who were not advised by defense counsel or anyone else that the information they divulged [] would not be confidential." *Moscony* at 752 (citation omitted). That is not the case here.

Dated: Boston, Massachusetts
April 13, 2006

        RIEMER & BRAUNSTEIN LLP

        By:_____
            Mark W. Corner (BBO#550156)

Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

H. Christopher Boehning
Danielle M. Aguirre
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

*Attorneys for Cross-claim Defendant*
*Federal Insurance Company*

## **CERTIFICATE OF SERVICE**

        I, Mark W. Corner hereby certify that on this date, _____, I caused to be served the foregoing document, along with the accompanying Motion for Leave to File Additional Papers, by electronic notice, upon the following counsel of record:

| | |
|---|---|
| Kevin Donius, Esquire<br>Corcoran, FitzGerald & Hennessey<br>500 Granite Avenue<br>Milton, MA 02186 | Allison M. O'Neil, Esquire<br>Craig & Macauley, P.C.<br>Federal Reserve Plaza<br>600 Atlantic Avenue<br>Boston, MA 02210 |
| John F. Farraher, Jr., Esquire<br>Greenberg Traurig<br>One International Place<br>20th Floor<br>Boston, MA 02110 | Donald R. Pinto, Jr.<br>Rackemann, Sawyer & Brewster, P.C.<br>One Financial Center<br>Boston, Massachusetts  02111 |

                                                                    _____
                                                                    Mark W. Corner

946605.1