UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALTAGRACIA PEGUERO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| AMERICAN EXPRESS COMPANY, ) | |
| THE SKLOVER GROUP, INC. and ) | |
| FEDERAL INSURANCE COMPANY, ) | |
| ) | Civil Action No. 05-10995-RCL |
| Defendants. ) | |
| ) | |
| AMERICAN EXPRESS COMPANY, ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HEALTHEXTRAS, INC., ) | |
| ) | |
| Third-Party Defendant. ) | |

UNOPPOSED MOTION OF THIRD-PARTY DEFENDANT HEALTHEXTRAS, INC.
TO MODIFY CASE MANAGEMENT SCHEDULE OR, IN THE ALTERNATIVE,
TO CONVENE AN ADDITIONAL CASE MANAGEMENT CONFERENCE

Pursuant to Local Rule 16.1(G), third-party defendant HealthExtras, Inc. ("HealthExtras") respectfully moves that the case management schedule approved by the court in September, 2005 be modified as set forth below. This motion is not opposed by any party.

Procedural Background

1.  In March, 2005, plaintiff Altagracia Peguero ("Peguero") filed this case in Massachusetts state court against American Express Company, Inc. ("American Express"), The Sklover Group, Inc. and Federal Insurance Company.

2. In May, 2005, the case was removed to this court.

3. In September, 2005, this court held a scheduling conference with the then-parties to the case, at which discovery and other deadlines were established.

4. In November, 2005, American Express moved for leave to file a third-party complaint against HealthExtras. The court allowed that motion in January, 2006.

5. In January, 2006, American Express filed its third-party complaint against HealthExtras, and Peguero filed a set of "direct claims" against HealthExtras.

6. In February, 2006, HealthExtras accepted service of American Express's third-party complaint. In March, 2006, HealthExtras accepted service of Peguero's direct claims.

7. In April, 2006, HealthExtras moved to dismiss American Express's third-party complaint on the ground that American Express had failed to comply with the alternative dispute resolution provisions of a contract between American Express and HealthExtras. In May, 2006, American Express filed an opposition to that motion.

<u>Argument</u>

Given HealthExtras' late entry into this case – approximately one year after the case was filed, nine months after the case was removed to this court and five months after the initial scheduling conference – the discovery and other deadlines that the court approved in September, 2005 should be modified. Such modifications are necessary to afford HealthExtras a reasonable time in which to: (1) file any further motions under Rules 12-15; (2) take depositions and other fact discovery; (3) retain experts and conduct expert discovery; (4) file dispositive motions; and (5) otherwise prepare itself for trial.

Accordingly, HealthExtras moves that the court enter a scheduling order establishing the following new deadlines, which will accommodate HealthExtras' late entry into the case while still resulting in all discovery, including expert discovery, being completed by the end of the year:

| | |
|---|---|
| Serve written discovery requests | July 21, 2006 |
| File motions under Fed. R. Civ. P. 12-15 | August 15, 2006 |
| Complete fact depositions | September 15, 2006 |
| Designate trial experts (plaintiff) | October 6, 2006 |
| Designate trial experts (defendants) | November 3, 2006 |
| File all dispositive motions | December 1, 2006 |
| Complete all discovery | December 29, 2006 |

In the alternative, should the court determine that the scheduling and other issues presented by HealthExtras' late entry into the case warrant discussion by the parties and the court, HealthExtras respectfully moves, pursuant to Local Rule 16.3(C), that the court schedule an additional case management conference at the court's earliest convenience.

HEALTHEXTRAS, INC.

By its attorney,

  /s/  Donald R. Pinto, Jr.
Donald R. Pinto, Jr., BBO No. 548421
RACKEMANN, SAWYER & BREWSTER
One Financial Center
Boston, Massachusetts  02111
(617) 542-2300

## CERTIFICATE UNDER LOCAL RULE 7.1(A)(2)

I hereby certify that I have conferred with counsel for each other party in good faith in an attempt to resolve or narrow the issues presented by this motion. Each other party has indicated that it does not oppose this motion.

                                         /s/ Donald R. Pinto, Jr.
                                         Donald R. Pinto, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

                                         /s/ Donald R. Pinto, Jr.
                                         Donald R. Pinto, Jr.

Dated: May 24, 2006