UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALTAGRACIA PEGUERO, )<br>)<br>   Plaintiff, )<br>)<br>   v. )<br>)<br>AMERICAN EXPRESS COMPANY, )<br>THE SKLOVER GROUP, INC. and )<br>FEDERAL INSURANCE COMPANY, )<br>)<br>   Defendants. )<br>)<br>AMERICAN EXPRESS COMPANY, )<br>)<br>   Third-Party Plaintiff, )<br>)<br>   v. )<br>)<br>HEALTHEXTRAS, LLC, )<br>)<br>   Third-Party Defendant. )<br>) | Civil Action No. 05-10995-RCL |

ANSWER OF THIRD-PARTY DEFENDANT HEALTHEXTRAS, INC.
TO DIRECT CLAIMS OF PLAINTIFF

Third-party defendant HealthExtras, Inc. ("HealthExtras") hereby answers the direct claims of plaintiff Altagracia Peguero ("Peguero") as set forth below.

Parties

1.    Admitted on information and belief that Peguero has resided at 1 Shandon Road, Apartment 215, Dorchester, Massachusetts. HealthExtras is without knowledge or information sufficient to form a belief as to the truth of the allegation that Peguero has resided at this address "at all times material hereto."

2.     Admitted on information and belief that American Express Company ("American Express") is a corporation duly organized and existing under the laws of the State of New York with its principal place of business at 200 Vesey Street, New York, New York.  HealthExtras is without knowledge or information sufficient to form a belief as to the truth of the allegations that American Express has maintained this principal place of business and has conducted business in the Commonwealth of Massachusetts "at all times material hereto."

3.     Admitted on information and belief that The Sklover Group, Inc. ("Sklover") is a corporation duly organized and existing under the laws of the State of New York with its principal place of business at 400 Post Avenue, Suite 103, Westbury, New York.  HealthExtras is without knowledge or information sufficient to form a belief as to the truth of the allegations that Sklover has maintained this principal place of business and has conducted business in the Commonwealth of Massachusetts "at all times material hereto."

4.     Denied, except it is admitted that HealthExtras is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business at 800 King Farm Boulevard, Rockville, Maryland.

General Factual Allegations

5.     Denied.

6.     Denied.

7.     Denied.

8.     Denied, except it is admitted on information and belief that Peguero received information concerning the Policy prior to August, 2002.

9.     Denied.

10.    Denied.

11. Denied.

12. Denied, except it is admitted that in July, 2002, HealthExtras sent to Peguero a "Welcome Packet" that contained, among other things, a plan summary and a detailed plan benefit description of the coverage provided to program members.

13. HealthExtras is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

14. HealthExtras is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

15. HealthExtras is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

16. HealthExtras is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

17. Admitted that HealthExtras received from Peguero's attorney a letter dated October 4, 2005 with a regarding line that read "Demand for Relief Pursuant to Massachusetts General Laws Chapter 93A §§ 2 and 9."

18. Admitted that HealthExtras' written response to the referenced letter was dated January 3, 2006.

## First Cause of Action

19. HealthExtras incorporates its responses to paragraphs 1-18 of the complaint as if set forth at length here.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

## Second Cause of Action

25. HealthExtras incorporates its responses to paragraphs 1-18 of the complaint as if set forth at length here.

26. Denied.

27. Denied.

## Third Cause of Action

28. HealthExtras incorporates its responses to paragraphs 1-18 of the complaint as if set forth at length here.

29. Denied.

30. Denied, except it is admitted that HealthExtras received the letter referenced in paragraph 17 above.

31. Denied.

32. Denied.

## Fourth Cause of Action

33. HealthExtras incorporates its responses to paragraphs 1-18 of the complaint as if set forth at length here.

34. Denied that there is or ever was any contractual relationship between Peguero and HealthExtras.

35. HealthExtras is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

36. Denied.

Fifth Cause of Action

37. HealthExtras incorporates its responses to paragraphs 1-18 of the complaint as if set forth at length here.

38. Denied.

39. Denied.

40. Denied.

41. HealthExtras is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

42. Denied.

AFFIRMATIVE DEFENSES

1. Peguero's direct claims do not include any claim upon which relief can be granted against HealthExtras.

2. Peguero's direct claims are barred by applicable statutes of limitation.

3. Peguero's direct claims are barred by the doctrine of accord and satisfaction.

4. Peguero has waived her direct claims.

5. Peguero is estopped from asserting her direct claims.

6. Peguero's direct claims are barred by laches.

7. HealthExtras made no representations or misrepresentations to Peguero.

8. Peguero's claimed reliance on what she characterizes as misrepresentations concerning the Policy was unreasonable.

9. To the extent Peguero's direct claims include claims of negligence, those claims are barred or limited by Peguero's own contributory or comparative negligence.

10. Peguero has no right of action against HealthExtras under M.G.L. c. 175, § 110E.

11. Peguero's direct claims are barred because the form and content of the Policy was approved by the Commissioner of Insurance.

12. Peguero's direct claims are barred because HealthExtras' alleged conduct was not unfair or deceptive within the meaning of M.G.L. c. 93A, §§ 2 and 9.

13. Peguero's direct claims are barred because her purported demand letter did not satisfy the requirements of M.G.L. c. 93A, § 9.

14. Peguero's direct claims are barred because she never had any contractual relationship with HealthExtras.

15. Peguero's direct claims are barred because she suffered no damages that were directly or proximately caused by HealthExtras' alleged conduct.

HEALTHEXTRAS, INC.

By its attorney,

  /s/  Donald R. Pinto, Jr.
Donald R. Pinto, Jr., BBO No. 548421
RACKEMANN, SAWYER & BREWSTER
One Financial Center
Boston, Massachusetts  02111
(617) 542-2300

CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

                                                /s/ Donald R. Pinto, Jr.
                                                Donald R. Pinto, Jr.

Dated:   May 26, 2006