UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALTAGRACIA PEGUERO,<br><br> Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS COMPANY,<br>THE SKLOVER GROUP, INC. and<br>FEDERAL INSURANCE COMPANY,<br><br> Defendants.<br><br>AMERICAN EXPRESS COMPANY,<br><br> Third-Party Plaintiff,<br><br>v.<br><br>HEALTHEXTRAS, INC.,<br><br> Third-Party Defendant. | Civil Action No. 05-10995-RCL |

UNOPPOSED MOTION OF THIRD-PARTY DEFENDANT HEALTHEXTRAS, INC.
FOR LEAVE TO FILE REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS

  Pursuant to Local Rule 7.1(B)(3), third-party defendant HealthExtras, Inc. ("HealthExtras") respectfully moves for leave to submit a short reply brief in further support of its motion to dismiss the third-party complaint of American Express Company ("Amex") for failure to state a claim upon which relief can be granted. This motion is not opposed by any party.

  As grounds for this motion, HealthExtras states that, since the time it filed its motion to dismiss and supporting memorandum, the court has entered the parties' stipulated protective order, as a result of which Amex has produced to all parties a copy of the Marketing Agreement

that forms the basis for both Amex's third-party complaint and HealthExtras' motion to dismiss that complaint.  Now that the Marketing Agreement has been disclosed, HealthExtras has moved (separately) for leave to file a copy of that agreement with the court, under seal.

HealthExtras wishes to reply to several of the arguments that Amex has advanced in its opposition to HealthExtras' motion to dismiss, including arguments based in part on the absence from the record of the Marketing Agreement.  HealthExtras respectfully submits that its reply brief will be of assistance in clarifying the issues presented by its motion to dismiss and that allowance of this motion will not prejudice any party.  A copy of HealthExtras' proposed reply brief is attached.

HEALTHEXTRAS, INC.

By its attorney,


  /s/  Donald R. Pinto, Jr.
Donald R. Pinto, Jr., BBO No. 548421
RACKEMANN, SAWYER & BREWSTER
One Financial Center
Boston, Massachusetts  02111
(617) 542-2300


CERTIFICATE UNDER LOCAL RULE 7.1(A)(2)

I hereby certify that I have conferred with counsel for each other party in good faith in an attempt to resolve or narrow the issues presented by this motion.  Each other party has indicated that it does not oppose this motion.

           /s/ Donald R. Pinto, Jr.
            Donald R. Pinto, Jr.

3

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

                /s/ Donald R. Pinto, Jr.
                Donald R. Pinto, Jr.

Dated: June 2, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALTAGRACIA PEGUERO, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN EXPRESS COMPANY, THE SKLOVER GROUP, INC. and FEDERAL INSURANCE COMPANY, <br><br> Defendants. <br><br> AMERICAN EXPRESS COMPANY, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> HEALTHEXTRAS, INC., <br><br> Third-Party Defendant. | Civil Action No. 05-10995-RCL |

(PROPOSED)
REPLY BRIEF OF HEALTHEXTRAS, INC. IN FURTHER SUPPORT OF ITS MOTION
TO DISMISS THE THIRD-PARTY COMPLAINT OF AMERICAN EXPRESS COMPANY

Third-party defendant HealthExtras, Inc. ("HealthExtras") respectfully submits this reply brief in further support of its motion to dismiss the third-party complaint of American Express Company ("Amex") for failure to state a claim upon which relief can be granted.

ARGUMENT

I. Amex's Third-Party Complaint Is Fatally Defective Because It Does Not Allege That Amex Has Complied With Its Own Obligations Under The Marketing Agreement, Including Its Satisfaction Of An Express Condition Precedent To Suing HealthExtras

As set forth in HealthExtras' principal brief, The Marketing Agreement Between Amex and HealthExtras contains an express condition precedent to filing suit. Paragraph 20(e)(iv) of

the Agreement provides that: "[i]n the event of a dispute arising out of or relating to this contract or the breach, termination or validity thereof, <u>which has not been resolved by non-binding means as provided in subsection (i) and (ii) above within 60 days of the initiation of such procedure,</u> either party may seek any remedy available at law or equity, including recourse to the courts." (emphasis added). Under applicable New York law, a plaintiff claiming breach of contract must allege not only that the defendant has breached the contract, but that the plaintiff has fulfilled its own obligations under the contract. <u>Harsco Corp. v. Segui</u>, 91 F.3d 337, 348 (2d Cir. 1996). While Amex's third-party complaint alleges that HealthExtras breached the Marketing Agreement by refusing to indemnify Amex, and that all conditions precedent to HealthExtras' performance under the Agreement have been satisfied (see ¶¶ 15-16), it does <u>not</u> allege that Amex has fulfilled its <u>own</u> obligations, including the satisfaction of all conditions precedent to its breach of contract action. Far from alleging compliance with the Agreement's ADR requirements, Amex's third-party complaint does not even acknowledge their existence.

II.   <u>Under Paragraph 20(e) Of The Marketing Agreement, Mediation Is Not Optional</u>

Amex selectively excerpts Paragraph 20(e) of the Marketing Agreement, drawing the court's attention to the language of subparagraph (i), which states that if the parties fail to resolve their dispute by negotiation, "either party may initiate mediation of the controversy or claim as provided hereinafter." Citing only this language, Amex contends that, "[b]y its terms, the mediation procedure is optional." Amex's argument conveniently ignores what is "provided hereinafter" in subparagraph (iii), which is that if the parties' dispute "has not been resolved by negotiation as provided above, the parties <u>shall endeavor</u> to settle the dispute by mediation under the then current Center for Public Resources ("CPR") Model Procedure for Mediation of Business Disputes." (emphasis added). Given this mandatory language of subparagraph (iii), the phrase "either party may initiate mediation" in subparagraph (i) simply means that the required

mediation procedure may be initiated by either party. In its full context, this phrase cannot reasonably be construed to mean that the mediation procedure itself is optional, as such a construction would read the mandatory language of subparagraph (iii) out of the Agreement. Considering the entirety of Paragraph 20(e), it is clear that mediation is mandatory, and that Amex must follow the specified procedure – including by attempting to settle the dispute through mediation – before it can sue HealthExtras.

    III.    Amex's Indemnification Claim Is Not A Dispute Regarding A Material Breach Of The Marketing Agreement

Amex contends that HealthExtras' refusal to indemnify Amex in connection with the plaintiff's claims is a material breach of the Marketing Agreement, and as such does not trigger the Agreement's ADR provisions. Amex further contends that HealthExtras has not adequately supported its claim of non-materiality because it did not submit a copy of the whole Marketing Agreement with its motion to dismiss. As Amex well knows, HealthExtras was unable to submit a copy of the Agreement at that time because of Amex's own insistence that the Agreement not be disclosed unless and until the parties had agreed on the terms of a stipulated protective order and that order had been entered by the court. Since then, the parties reached such an agreement, the court entered the parties' stipulated protective order, and Amex, on May 4, 2006, circulated to the other parties a copy of the Marketing Agreement as originally signed. Given this turn of events, HealthExtras can now submit, via its accompanying "Motion to File Document Under Seal," a copy of the Agreement.

Assuming that HealthExtras' accompanying motion is allowed, and a sealed copy of the Marketing Agreement is accepted for filing, the court will see that the Agreement is a long, dense contract that specifies in great detail the parties' obligations with respect to the development, marketing and administration of the Accidental Disability Plan at issue in this case. The court will also see that the indemnification language on which Amex bases its third-party

3

complaint does not stand alone, but rather is part of a cross-indemnification provision under which <u>Amex</u> agrees to indemnify HealthExtras against claims arising out of <u>Amex's</u> breach of any of <u>its</u> obligations under the Agreement. HealthExtras submits that this cross-indemnification provision is a common feature of many commercial agreements, and does not go to the essence of the Marketing Agreement, which, as its title suggests, concerns marketing. Even assuming <u>arguendo</u> that the court ultimately finds that Amex's indemnification rights trump those of HealthExtras, Amex cannot seriously argue that HealthExtras' refusal to bow to Amex's initial demand for indemnification is a breach of the Agreement "so substantial as to defeat the purpose of the entire transaction." See <u>Lipsky v. Commonwealth United Corp.</u>, 551 F.2d 887, 895 (2d Cir. 1976), cited in Amex's opposition at p. 3. Because the parties' present dispute is not one that concerns a material breach of the Marketing Agreement, it is subject to the ADR requirements of Paragraph 20(e).

    IV.    <u>Amex Persists In Its Refusal To Comply With Paragraph 20(e) Of The Agreement</u>

On April 27, 2006, HealthExtras, through its Chief Financial Officer, sent written notice to Amex under Paragraph 20(e) of the Marketing Agreement. A copy of this notice is attached as Exhibit A. HealthExtras' notice summarized the background of the parties' dispute over their respective indemnification obligations, and, consistent with Paragraph 20(e)(i), proposed that executives of Amex and HealthExtras meet on May 9, 2006 to exchange information and attempt to resolve the dispute. On the day of the proposed meeting, Amex, through its counsel, responded to HealthExtras' proposal by reiterating Amex's position that the ADR requirements of the Agreement do not apply, and opining that, in any event, "it appears clear that a meeting between the parties would not be fruitful." A copy of this response is attached as Exhibit B. Amex did express a willingness to meet and discuss the indemnification issue if HealthExtras would "indicate that it has moved off its prior position (for settlement purposes only) that

American Express must indemnify HealthExtras . . . ." Amex's willingness to meet and discuss the parties' dispute only if HealthExtras first agrees to abandon its position makes a mockery of Paragraph 20(e)'s express requirement that the parties attempt to resolve their disputes in good faith.

## CONCLUSION

For the foregoing reasons, in addition to the reasons set forth in its principal brief, HealthExtras submits that Amex's third-party complaint should be dismissed for failure to state a claim upon which relief can be granted against HealthExtras.

HEALTHEXTRAS, LLC

By its attorney,

Donald R. Pinto, Jr., BBO No. 548421
RACKEMANN, SAWYER & BREWSTER
One Financial Center
Boston, Massachusetts  02111
(617) 542-2300