UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALTAGRACIA J. PEGUERO,<br><br>            Plaintiff,<br><br>    v.<br><br>AMERICAN EXPRESS COMPANY, THE SKLOVER GROUP, INC., and FEDERAL INSURANCE COMPANY,<br><br>            Defendants.<br>-------------------------------------------------------------<br>AMERICAN EXPRESS COMPANY,<br><br>            Third-Party Plaintiff,<br><br>    v.<br><br>HEALTHEXTRAS, LLC,<br><br>            Third-Party Defendant. | Civil Action No. 05-10995-RCL |

**AMERICAN EXPRESS COMPANY'S RESPONSE TO
FEDERAL INSURANCE COMPANY'S MOTION TO DISMISS
AND FOR A PROTECTIVE ORDER STAYING DISCOVERY**

American Express Company ("American Express") respectfully submits this response to Federal Insurance Company's ("Federal") motions: (1) to dismiss American Express's cross-claims and for a protective order staying discovery as to Federal; and (2) for leave to file under seal its memorandum of law in support of its motion to dismiss and for a protective order.

    1.    On June 5, 2006, Federal filed a motion, requesting that the Court: (1) dismiss American Express's cross-claim for indemnification; (2) supplement Federal's prior motion to dismiss American Express's cross-claim for contribution; (3) enter a

nj-fs1\88563v02

protective order staying discovery as to Federal pending resolution of its motion to dismiss; and (4) in the alternative, bifurcate the cross-claims against Federal pending resolution of the cross-claims against American Express.

2.  On the same date, Federal also filed a separate motion seeking leave to file under seal its memorandum of law in support of its motion to dismiss. Federal claims that it is necessary to file the memorandum of law under seal because it contains references to a marketing agreement between American Express and HealthExtras, Inc. ("HealthExtras"), that has been designated as "Confidential" by American Express pursuant to the Stipulated Protective Order entered herein.

3.  In its motion to file its memorandum of law under seal, Federal further requests that it be allowed to "defer filing of [its] memorandum of law and exhibits pending determination" of its motion to file its memorandum of law under seal. Federal has not served its memorandum of law and exhibits on American Express.

4.  American Express does not oppose Federal's request that it be allowed to file its memorandum of law and exhibits under seal. While American Express does oppose Federal's motion to dismiss, it is unable at this time to address substantively Federal's motion because it does not have a copy of the memorandum of law supporting the motion.

5.  Accordingly, American Express requests that the Court provide American Express with two weeks following the filing and service of Federal's memorandum of law to respond substantively to Federal's motion. Counsel for American Express has discussed the matter with counsel for Federal, and Federal agreed that American Express'

substantive response to Federal's motion should be due two weeks after service of the memorandum.

                Respectfully submitted,

                AMERICAN EXPRESS COMPANY

                By its attorneys:

                /s/ John F. Farraher, Jr.
                John F. Farraher, Jr. BBO # 568194
                GREENBERG TRAURIG, LLP
                One International Place, 20th Floor
                Boston, MA 02110
                Tel:  (617) 310-6000
                Fax:  (617) 310-6001

Dated:  June 19, 2006

## CERTIFICATE OF SERVICE

    I, John F. Farraher, Jr., hereby certify that on June 19, 2006 I served a copy of the foregoing by electronic mail upon counsel of record.

                /s/  John F. Farraher, Jr.
                _____
                John F. Farraher, Jr.