UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALTAGRACIA J. PEGUERO,<br><br>     Plaintiff,<br><br>     v.<br><br>AMERICAN EXPRESS COMPANY, THE SKLOVER GROUP, INC., and FEDERAL INSURANCE COMPANY,<br><br>     Defendants.<br>------------------------------------------------------------<br>AMERICAN EXPRESS COMPANY,<br><br>     Third-Party Plaintiff,<br><br>     v.<br><br>HEALTHEXTRAS, LLC,<br><br>     Third-Party Defendant. | Civil Action No. 05-10995-RCL |

**AMERICAN EXPRESS COMPANY'S MOTION TO MAINTAIN AS CONFIDENTIAL THE MARKETING AGREEMENT BETWEEN AMERICAN EXPRESS COMPANY AND HEALTHEXTRAS, LLC**

Defendant American Express Company ("American Express") respectfully requests that the Court enter an Order maintaining the confidentiality of the marketing agreement between American Express and HealthExtras, Inc. ("HealthExtras") pursuant to the Stipulated Protective Order entered in this case.

**I.     STATEMENT OF RELEVANT FACTS**

On April 28, 2006, the Court entered a Stipulated Protective Order that, among other things, entitles any party to this action to designate any "documents produced by the parties . . . or by any non-party, as well as any information obtained therefrom" as "Confidential

Information." Stipulated Protective Order at ¶ 2. The Stipulated Protective Order broadly defines "Confidential Information" as any "confidential or proprietary information." *Id.* at p. 1 (first "WHEREAS" clause). The Protective Order further provides a procedure for resolving any disputes over the designation of any documents or information as confidential, requiring that the parties first attempt to resolve the dispute between them before seeking an Order from the Court maintaining the designation. *Id.* at ¶ 14.

On May 5, 2006, in response to a request from cross-claim defendant Federal Insurance Company ("Federal"), American Express produced a copy of a marketing agreement between American Express and HealthExtras (the "Marketing Agreement"). American Express designated the Marketing Agreement as "Confidential." Among other things, the Marketing Agreement contains sensitive pricing information and describes the financial terms and quality-standard benchmarks governing the relationship between American Express and HealthExtras. *E.g.*, Marketing Agreement at §§ 3, 4, 5, 8; Exhibits A-D.[1] This information is not commonly known to the public, would be highly valuable to American Express's competitors, was developed in conjunction with HealthExtras at great expense in both time and money, and could not be easily duplicated by American Express's competitors. Moreover, recognizing the importance and sensitive nature of this information, the parties also included a confidentiality provision in the Marketing Agreement. Marketing Agreement at § 11.

By letter dated June 2, 2006, Federal notified American Express that it objected to the designation of the Marketing Agreement as confidential. Federal stated that it objected to the designation for the same reasons set forth in support of its motion to compel the production of the Agreement, in which it claimed that American Express had waived the right to assert that the

---

[1] On June 2, 2006, HealthExtras submitted an unopposed motion to file the Marketing Agreement under seal. The Court granted HealthExtras' motion, and HealthExtras has filed the Marketing Agreement with the Court.

Marketing Agreement was confidential because it quoted from the agreement in its Third-Party Complaint.

Pursuant to the Protective Order, the parties conferred in an effort to resolve the issue informally, but were ultimately unable to reach any agreement. American Express is thus compelled to file this motion to maintain the confidentiality of the Marketing Agreement.

## II.     ARGUMENT

### A. American Express Did Not Waive The Confidentiality Of The Marketing Agreement And, Accordingly, The Agreement Should Remain Confidential.

Federal does not challenge the confidential nature of the information contained in the Marketing Agreement. Indeed, any such challenge would be meritless because the Marketing Agreement contains information that (i) is not known outside of American Express and HealthExtras; (ii) would be highly valuable to competitors of these entities seeking to develop a competing product; (iii) was developed by American Express and HealthExtras at great cost and expense; (iv) could not be easily or effectively duplicated by a competitor; and (v) was designed to be kept secret between the parties as evidenced by the confidentiality provision in the Marketing Agreement. E.g., Jet Spray Cooler, Inc. v. Crampton, 361 Mass. 835, 840 (1972) (identifying the factors to be considered when evaluating the confidential nature of business information); Borden & Remington Corp. v. Banisch,1999 WL 1266161, at * 3 (Mass. Super. Oct. 18, 1999) (information regarding "prices, pricing strategies, identities of customers, and general marketing plans" is confidential); Affinity Partners, Inc. v. Drees, 1996 WL 1352635, at * 4 (Mass. Super. Jan. 6, 1996) (employer entitled to treat information regarding its partners and customers, including the terms of its contracts with its partners confidential because the information gave employer advantage over competitors and employer was required to keep

information confidential per its agreement with partners); Bank of New York v. Meridien BIAO Bank Tanzania, 171 F.R.D. 135, 144 (S.D.N.Y. 1997) (describing broad range of "internal corporate documents" that "courts regularly hold to be confidential business information," including marketing plans, pricing information, audit practice manuals, revenue information, and internal manuals).  Instead, Federal claims that American Express waived the right to designate the Agreement as confidential because it cited the Agreement in its Third-Party Complaint against HealthExtras.[2]  This claim is unsupportable.

The one case that Federal cites in support of this proposition, U.S. v. Moscony, 927 F.2d 742 (3d Cir. 1991), is factually distinguishable from the instant case and does not support Federal's conclusion as a matter of law.  In Moscony, the Third Circuit ruled that two individuals who disclosed certain attorney-client communications in an affidavit had not waived the attorney-client privilege for all such attorney-client communications because other evidence demonstrated that they intended to maintain the confidentiality of the communications.  927 F.2d at 752.  Moscony is thus factually distinguishable as it did not involve the waiver of the right to

---

[2] By way of the third-party complaint, American Express seeks to be indemnified by HealthExtras against the claims asserted by plaintiff.  In the complaint, American Express quoted the indemnification provision of the Agreement which serves as the basis for its claim.  Specifically, at paragraph 6, American Express stated as follows:

> 6. Section 9(a) of the Agreement requires HEALTHEXTRAS to
>
> protect, defend, indemnify and hold harmless [American Express], its parent, subsidiaries, affiliates, successors, assigns, directors, officers, agents and employees (each an Indemnitee) from and against any loss, damage, cost, expense, liability, and settlement, including without limitation, any reasonable attorney fees and court costs (each of the foregoing a "Claim") reasonably incurred by any Indemnitee which Claim arises out of or in connection with, either directly or indirectly, (i) the performance of  HEALTHEXTRAS or its officers, directors, employees, Approved Vendors, contractors or agents (collectively, the "Agents") of the duties and obligations under this Agreement; (ii) the failure of HEALTHEXTRAS or its Agents, as the case may be, to comply with the terms of this Agreement; or (iii) the failure of HEALTHEXTRAS (including without limitation its Agents who perform on behalf of HEALTHEXTRAS hereunder) to comply with its obligations under any and all laws, rules or regulations applicable to HEALTHEXTRAS, its Agents or the Accidental Disability Plan, as the case may be; or (iv) the Accidental Disability Plan.

American Express did not disclose any other terms of the Agreement nor did it attach a copy of the Agreement to the complaint.

designate a document confidential pursuant to a protective order as suggested by Federal in prior submissions.

Moreover, the Moscony court emphasized that "[t]he ultimate key to determining confidentiality is intent." Id. Here, the generic indemnification provision in the Marketing Agreement had to be addressed in American Express's third-party complaint because the provision provides the basis for American Express's claims. That American Express intended to otherwise preserve the confidentiality of the Marketing Agreement is reflected by the following: (1) the confidentiality provision contained in the Marketing Agreement itself; (2) American Express did not attach the agreement as an exhibit to its motion for leave to file a Third-Party Complaint, as is customary; and (3) American Express only agreed to turn over the Marketing Agreement after an appropriate protective order was entered by the Court. Accordingly, there is no basis for Federal's claim that American Express waived its right to designate the Marketing Agreement confidential.

### B. Federal's Request That The Agreement Be Deemed Not Confidential Is Moot.

Finally, there is nothing in the Protective Order that would prevent Federal from using the Marketing Agreement in connection with its motions to dismiss, despite its "Confidential" designation. The Marketing Agreement is already before the Court and has been produced to all parties. There is nothing in American Express's designation that precludes Federal from using the Marketing Agreement in the manner it desires, and thus Federal has not and cannot articulate any reason or need to remove the designation.

**III.   CONCLUSION**

For the foregoing reasons, American Express respectfully requests that the Court enter an Order maintaining the confidentiality of the Marketing Agreement pursuant to the Stipulated Protective Order entered in this case.

**IV.   REQUEST FOR ORAL ARGUMENT**

American Express requests an oral argument on the Motion pursuant to Local Rule 7.1(D).

**V.   CERTIFICATION PURSUANT TO LOCAL RULES 7.1 AND 37.1(A)**

American Express, by and through counsel, hereby certify that they have conferred with Federal's counsel in a good faith attempt to resolve or narrow the issues raised in this motion.

/s/ John F. Farraher, Jr.
_____
John F. Farraher, Jr.

**VI.   CERTIFICATE OF SERVICE**

I, John F. Farraher, Jr., hereby certify that on June 22, 2006 I served a copy of the foregoing by e-mail upon all counsel of record.

/s/  John F. Farraher, Jr.
_____
John F. Farraher, Jr.

        Respectfully Submitted,

        AMERICAN EXPRESS COMPANY,

        By its attorneys:


        /s/  John F. Farraher, Jr.
        _____
        John F. Farraher, Jr., BBO # 568194
        GREENBERG TRAURIG, LLP
        One International Place, 20th Floor
        Boston, Massachusetts 02110
        Tel:  (617) 310-6000
        Fax:  (617) 310-6001


Dated:  June 22 , 2006