```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
```

_____
ALTAGRACIA J. PEGUERO,         )
    Plaintiff,             )    Civil Action No. 05-10995-RCL
                           )
    v.                     )
                           )
AMERICAN EXPRESS COMPANY, and  )
HEALTHEXTRAS, INC.,            )
    Defendants.            )
_____)

**ASSENTED TO MOTION OF PLAINTIFF, ALTAGRACIA J. PEGUERO, FOR LEAVE TO FILE SUR-REPLY BRIEF IN FURTHER OPPOSITION TO MOTION FOR PROTECTIVE ORDER**

Pursuant to Local Rule 7.1(B)(3), the Plaintiff, Altagracia J. Peguero, respectfully moves for leave to submit a short Sur-Reply Brief in further opposition of the pending Motion for Protective Order. A copy of the Plaintiff's proposed Sur-Reply Brief is attached as Exhibit A. The other parties to this action, Defendant HealthExtras, Inc. ("HealthExtras") and defendant American Express Company ("American Express"), assent to this motion.

As grounds for this motion, the Plaintiff submits that her Sur-Reply Brief will be of assistance to the Court in resolving the critical issues to be decided in the Motion for Protective Order.

| | |
|---|---|
| THE PLAINTIFF,<br>Altagracia J. Peguero,<br>By her Attorney, | THE DEFENDANT,<br>AMERICAN EXPRESS COMPANY,<br>By their attorney, |
| /s/ Kevin Donius<br>Kevin Donius, Esquire<br>Law Offices of Kevin Donius, P.C.<br>424 Adams Street, Suite 100<br>Milton, MA 02186<br>TEL (617) 296-4900<br>FAX (617) 296-4990<br>BBO#: 551298 | /s/ John F. Farraher, Jr.<br>John F. Farraher, Jr., Esq.<br>Greenberg Traurig, LLP<br>One International Place<br>Boston, MA 02110<br>TEL: (617) 310-6000<br>FAX: (617) 310-6001<br>BBO#: 568194 |

THE DEFENDANT,
HEALTHEXTRAS, INC.,
By their attorney,

/s/ Donald R. Pinto, Jr.
Donald R. Pinto, Jr., Esq.
Rackemann, Sawyer & Brewster, P.C.
One Financial Center
Boston, MA 02111
BBO#: 548421


CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

/s/ Kevin Donius
_____
Kevin Donius, Esquire


Dated: November 2, 2006

```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                              )
ALTAGRACIA J. PEGUERO,        )
     Plaintiff,               )    Civil Action No. 05-10995-RCL
                              )
     v.                       )
                              )
AMERICAN EXPRESS COMPANY, and )
HEALTHEXTRAS, INC.,           )
     Defendants.              )
_____)
```

**(PROPOSED)**
**PLAINTIFF'S SUR-REPLY BRIEF IN OPPOSITION TO**
**DEFENDANT HEALTHEXTRAS, INC.'S MOTION FOR A PROTECTIVE ORDER**

The Plaintiff, Altagracia J. Peguero, respectfully submits this Sur-Reply Brief in Opposition to Defendant HealthExtras, Inc.'s Motion for Protective Order.

## I. ARGUMENT

### IA. CLAIMS INFORMATION IS CLEARLY RELEVANT TO PLAINTIFF'S CLAIMS

In its Reply Brief, HealthExtras attempts to narrow the scope of discovery by asserting that the claims information sought by Ms. Peguero is not relevant to her claims. In so doing, it highlights the fact that it was "exceedingly unlikely" that the insurance Ms. Peguero purchased would actually do her any good. Had HealthExtras' marketing and promotional materials likewise highlighted rather than obscured how "exceedingly unlikely" the insurance would provide her any benefit, there would be no lawsuit. Instead, the promotional materials

EXHIBIT A

intentionally misled Ms. Peguero into believing if she became [i]"disabled" she would be financially secure. In reality, as Ms. Peguero believes will be evidenced by the information sought from the Defendants, the plan provides financial security to no one or virtually no one.

Under M.G.L. c.93A, any advertisement which has a "tendency to deceive" is actionable. <u>Leardi v. Brown</u>, 474 N.E.2d 1094, 1099, 394 Mass. 151 (1985). Here, HealthExtras and its marketing partner, American Express, chose to highlight in its solicitation in oversized, bold, colored print that the consumer would receive $1.5 million if they became disabled. For a jury to assess whether HealthExtras' and American Express' use of the "exceedingly unlikely" $1.5 million payout as a lure had a "tendency to deceive" Ms. Peguero, it must know how frequently, if ever, the $1.5 million is actually paid to anyone. Whether the promise of $1.5 million and financial security had a "tendency to deceive" Ms. Peguero depends on the reality of the underlying coverage as evidenced in the claim records.

Ms. Peguero further believes and has alleged that the Defendants have concocted a definition of "disability" so narrow that it is essentially non-existent; that the chances of being "disabled" in an accident as defined by the policy and surviving

to file a claim are essentially nil.  Again, the proof is in the pudding:  does anyone ever qualify for these benefits?

In sum, if Ms. Peguero paid premiums for insurance that never or almost never pays benefits, she was swindled; if HealthExtras over-emphasized the promise of $1.5 million and financial security to Ms. Peguero if she were to become disabled, but in fact never or almost never pays $1.5 million to anyone, she was deceived; and if Ms. Peguero purchased a disability plan with a definition of disability so narrow that no one or almost no one ever qualifies for benefits, she was scammed.  For these reasons, the claims information sought is critical to the Plaintiff's claims.

### IB. HEALTHEXTRAS AND AMERICA EXPRESS CONTROLLED THE MARKETING AND PROMOTION OF THE DISABILITY PLAN AND REAPED ITS PROFITS

HealthExtras' attempt to minimize its role in the marketing and promotion of the disability plan is as misleading and deceptive as its marketing and promotion of the plan itself.  As noted in the Plaintiff's original Opposition, HealthExtras, in its own words, is in "the business of promoting, selling, and providing [disability plans] to consumers."  See "Marketing Agreement" dated September 17, 1999 between HealthExtras and American Express filed under seal on June 14, 2006, a copy of which is attached as Exhibit A to a sealed copy of this brief

3

filed herewith.  Moreover, pursuant to this Marketing Agreement, HealthExtras was jointly responsible with American Express for the marketing and promotion of the disability plan in question and received between 76 and 78% of the gross revenues generated by the plan.  See Marketing Agreement, Sections 3 and 4.

Finally, pursuant to a letter agreement by and between American Express and HealthExtras dated July 17, 2000, HealthExtras agreed to "promptly pay to [persons disabled from their ordinary occupations, but denied benefits under the plan by Federal Insurance due to the plan's restrictive definition of "disability"] an amount equal to the benefit amount such person would have received from [Federal Insurance] had [Federal Insurance] approved such person's claims."  See Letter Agreement dated July 17, 2000 attached as Exhibit B to a sealed copy of this brief submitted herewith.  Accordingly, HealthExtras not only marketed the plan, in some instances it effectively assumed the role of insurer.

In any event, HealthExtras' cries that the information now sought from it was better sought from Federal Insurance are meaningless.  Whether Federal Insurance was formerly a defendant, were still a defendant, or were never a defendant, has no bearing on HealthExtras' obligations to produce discovery.  HealthExtras, as a party, must produce information

in its possession, custody or control "regarding any matter, not privileged that is relevant to the claim or defense of any party." F.R.C.P. 26(b)(1). Whether information may also have been available from another source does not relieve it of its obligations.

Interestingly, HealthExtras does not argue either that it does not have the information sought or that it would be unduly burdensome to produce it. As noted in Plaintiff's Opposition Brief, this is likely so because pursuant to the Marketing Agreement, HealthExtras was obligated to create weekly or monthly reports containing precisely the information that Ms. Peguero now seeks. See Marketing Agreement, Section 7.

## II.  CONCLUSION

For all the foregoing reasons, the Defendant's Motion for a Protective Order should be denied.

                                THE PLAINTIFF,
                                Altagracia J. Peguero,
                                By her Attorney,

                                /s/ Kevin Donius
                                Kevin Donius, Esquire
                                Law Offices of Kevin Donius, P.C.
                                424 Adams Street, Suite 100
                                Milton, MA 02186
                                TEL (617) 296-4900
                                FAX (617) 296-4990
                                BBO#: 551298

CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

                                        /s/ Kevin Donius
                                        Kevin Donius, Esquire

Dated:  November 2, 2006