UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ALTAGRACIA PEGUERO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-10995-RCL |
| | ) | |
| AMERICAN EXPRESS COMPANY and HEALTHEXTRAS, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

DEFENDANT HEALTHEXTRAS, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO COMPEL

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, defendant HealthExtras, Inc. ("HealthExtras") has moved to compel from the plaintiff, Altagracia Peguero ("Ms. Peguero"), the production of relevant, discoverable documents and answers to interrogatories seeking relevant, discoverable information. The information that HealthExtras seeks concerns the December 25, 2002 car accident in which Ms. Peguero lost her right arm – the very event that gives rise to Ms. Peguero's claims in this case. Ms. Peguero has flatly refused to provide HealthExtras with information about the accident, the circumstances leading up to it, and any statements Ms. Peguero may have made, and claims she may have asserted against others, in the wake of the accident. The principal ground for Ms. Peguero's objection to all of the requests at issue is relevancy. As set forth below, the information that HealthExtras seeks is not only plainly relevant but crucial to its defense. Ms. Peguero's refusal to provide this information without court intervention is unjustified, and HealthExtras respectfully requests that it be awarded its reasonable expenses incurred in bringing this motion to compel.

**Background to Case**

On December 25, 2002, Ms. Peguero lost her right arm in a car accident. Prior to the accident, she had enrolled in an Accidental Disability Plan (the "Plan") offered by defendant American Express Company ("American Express"). The Plan included a "Catastrophic Injury and Accidental Disability Benefit" underwritten by former defendant Federal Insurance Company ("Federal"). This insurance (hereinafter, the "Policy") provides a maximum lump-sum benefit of $1.5 million if the insured suffers a "Permanent Total Disability," defined in the Policy as "the entire and irrevocable loss of use of both hands or both feet, or one hand and one foot, or the sight of both eyes, or the hearing of both ears, or the ability to speak . . . ."

Though her injury plainly did not fall within the definition of "Permanent Total Disability" in the Policy, Ms. Peguero filed a claim with Federal for the maximum $1.5 million benefit, and Federal denied her claim. Ms. Peguero's response was to sue Federal, American Express and insurance broker The Sklover Group, Inc. ("Sklover") for "fraud/deceit," breach of contract, promissory estoppel, violation of M.G.L. c. 110E (which concerns insurance advertising), and violation of M.G.L. c. 93A. Federal moved to dismiss the case and compel arbitration under an arbitration clause in its policy. Ms. Peguero opposed Federal's motion, ostensibly on the ground that she could not afford arbitration. Shortly thereafter, Ms. Peguero settled with Federal and Sklover and agreed to dismiss all of her claims against them.

After settling with Federal and Sklover, Ms. Peguero moved to amend her complaint to add HealthExtras as a defendant. Because American Express had recently brought HealthExtras into the case as a third-party defendant, the court denied without prejudice Ms. Peguero's motion to amend. Rather than amending her complaint, Ms. Peguero filed a pleading styled as "Plaintiff's Direct Claims Against Third-Party Defendant HealthExtras, Inc." (hereinafter,

2

"Plaintiff's Direct Claims").  In that pleading Ms. Peguero asserts against HealthExtras claims of

"fraud/deceit," breach of contract, promissory estoppel, violation of M.G.L. c. 110E and

violation of M.G.L. c. 93A that are identical to those she asserted against the other defendants.

HealthExtras is a Maryland company that works with insurers and other benefit providers

to make available affordable supplemental health and disability benefit programs.  Financial

services companies such as American Express contract with HealthExtras to offer these

programs to their customers.  Once a program has been developed, HealthExtras' primary role is

to send written materials about the program to customers of the offering company who choose to

enroll, and to provide some ongoing customer support services.  While HealthExtras has some

limited involvement in the preparation of written materials about the program, responsibility for

the content of all documents describing the program – particularly documents describing the

scope of the subject insurance coverage – rests with the underwriting insurer.

**Background to Discovery Dispute**

On September 12, 2006, HealthExtras served on Ms. Peguero its First Request for

Production of Documents and First Set of Interrogatories.  Copies of these requests are attached

as Exhibits A and B, respectively.  On November 30, 2006, Ms. Peguero served her responses to

HealthExtras' document request and interrogatories.  Copies of these responses are attached as

Exhibits C and D, respectively.  Ms. Peguero objected to, and flatly refused to provide any

information in response to, many of HealthExtras' document requests and interrogatories.  Ms.

Peguero's stated objections were that the subject document requests and interrogatories were

overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible

evidence, and not sufficiently particular.  HealthExtras' undersigned counsel conferred with Ms.

Peguero's counsel twice in an effort to resolve the parties' dispute, as a result of which the

parties reached agreement on several of the objected-to requests. The parties did not reach agreement on 10 of HealthExtras' requests, all of which concern the very event – Ms. Peguero's accident – that gives rise to this case. These requests and Ms. Peguero's corresponding responses are as follows:

Document Request No. 15

All documents, including without limitation police reports, concerning the Accident.

Response No. 15

The Plaintiff objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The Plaintiff further objects to the extent this request seeks the production of documents protected from discovery by the attorney-client privilege and/or as attorney work product. The Plaintiff further objects because this request does not set forth with sufficient particularity the documents sought to be produced.

Document Request No. 16

All summonses and citations issued by local or state police in connection with the Accident.

Response No. 16

The Plaintiff objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The Plaintiff further objects to the extent this request seeks the production of documents protected from discovery by the attorney-client privilege and/or as attorney work product. The Plaintiff further objects because this request does not set forth with sufficient particularity the documents sought to be produced.

Document Request No. 25

All communications between the Plaintiff or her attorneys on the one hand, and any insurance agent or insurance company on the other hand, concerning the Accident.

Response No. 25

      The Plaintiff objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The Plaintiff further objects because this request does not set forth with sufficient particularity the documents sought to be produced.

Document Request No. 26

      All documents concerning insurance claims that the Plaintiff has made to any insurer seeking compensation for personal injuries she suffered, or monetary damages she incurred, as a result of the Accident.

Response No. 26

      The Plaintiff objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The Plaintiff further objects because this request does not set forth with sufficient particularity the documents sought to be produced.

Document Request No. 27

      All documents concerning lawsuits or other legal actions that the Plaintiff has commenced or threatened to commence as a result of the Accident.

Response No. 27

      The Plaintiff objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The Plaintiff further objects to the extent this request seeks the production of documents protected from discovery by the attorney-client privilege and/or as attorney work product. The Plaintiff further objects because this request does not set forth with sufficient particularity the documents sought to be produced.

Document Request No. 35

      All communications between the Plaintiff or her attorneys and any other Person concerning the Accident.

Response No. 35

      The Plaintiff objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The

Plaintiff further objects to the extent this request seeks the production of documents protected from discovery by the attorney-client privilege and/or as attorney work product. The Plaintiff further objects because this request does not set forth with sufficient particularity the documents sought to be produced.

Document Request No. 39

All witness statements obtained by the Plaintiff or her attorneys concerning the Accident.

Response No. 39

The Plaintiff objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The Plaintiff further objects to the extent this request seeks the production of documents protected from discovery by the attorney-client privilege and/or as attorney work product. The Plaintiff further objects because this request does not set forth with sufficient particularity the documents sought to be produced.

Interrogatory No. 6

In your response to American Express's Interrogatory No. 4, you state that "we were returning to my home from my brother's house in New Bedford on December 25, 2002 when the accident happened. I was asleep in the front seat passenger seat. Hector Amador was driving. It is my understanding that the car went out of control as we got onto the ramp to 93N in Braintree and flipped over." Describe in detail your activities during the four-hour period preceding the Accident, including without limitation by setting forth (a) the purpose of your visit to your brother's house, (b) the time period during which you were at your brother's house, (c) the identity of any other people at your brother's house during that period, (d) any food or beverages that you consumed during that period, (e) any food or beverages that Hector Amador consumed during that period, and (f) the identity of any other passengers in the car at the time of the Accident.

Answer No. 6

OBJECTION. The Plaintiff objects to this interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 8

In your response to American Express's Interrogatory No. 8, you state that, as a result of the Accident, you "made bodily injury and personal injury protection claims under [your] automobile insurance policy." Identify each insurance policy under which such a claim was made by setting forth the name of the insurer, the policy number, the policy period and the policy limits, and for each such claim state whether the claim was paid, and, if so, the amount you received in payment of that claim.

Answer No. 8

OBJECTION. The Plaintiff objects to this interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 9

If you have commenced or threatened legal action against any other person or entity in connection with the Accident, identify the person or entity against which you have commenced or threatened legal action, set forth the substance of the claims asserted against each such person or entity and, in the case of legal actions you have commenced, identify the parties to each such action and set forth the court in which the action was commenced, the docket number of the action and the current status of the action.

Answer No. 9

OBJECTION. The Plaintiff objects to this interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**Argument**

I.  Applicable Legal Standards

Under Rule 26(b)(1), a party "may obtain discovery regarding any matter, not privileged,

that is relevant to the claim or defense of any party . . . ." The rule goes on to provide that

[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"Relevant evidence" is defined in Federal Rule of Evidence 401 as "evidence having any tendency to make any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

II.    Nature of Plaintiff's Claims

Though she invokes a multitude of legal theories, Ms. Peguero's claims fall into two categories:  claims based on the Policy, and claims based on the marketing materials she received concerning the Policy.

In the first category of claims, Ms. Peguero alleges that she is in fact "permanently and totally disabled" within the meaning of the Policy, and that the remaining defendants – American Express and HealthExtras – are liable to her for breach of contract as a result of Federal's refusal "to pay her the $1.5 million lump sum benefit after she became disabled."  Plaintiff's Direct Claims, ¶ 36.  Ms. Peguero also alleges – presumably in the alternative – that the Policy is "illusory," by which she means that the coverage it affords is "of no real economic value."  Id., ¶¶ 6, 10, 20 & 24.

In the second category, Ms. Peguero alleges that the marketing materials she received concerning the Policy were misleading, unfair and deceptive because they over-emphasized the benefits of the Policy in relation to its exceptions and limitations.  These allegations underlie Ms. Peguero's counts for "Fraud/Deceit," Promissory Estoppel, violation of M.G.L. c. 175, § 110E and violation of M.G.L. c. 93A.  In an effort to show detrimental reliance and justify her claim for damages of $1.5 million, Ms. Peguero alleges that, "had [she] been aware of [the Policy's] definition of total and permanent disability, she would not have purchased the Policy," and that she "did not purchase other disability insurance which would have provided benefits to her when she became disabled by the loss of her arm."  Plaintiff's Direct Claims, ¶¶ 16, 23 & 40.

8

III.    HealthExtras Is Entitled To Fully Discover The Circumstances
        <u>Surrounding The Accident That Gives Rise To This Case</u>

The single, critical event giving rise to this case is the tragic car accident in which Ms. Peguero lost her right arm.  Yet Ms. Peguero has utterly stonewalled the defendants' efforts to obtain information about this accident.  To date, the <u>sum</u> <u>total</u> of the information the defendants have received about the accident is that:  (1) it happened on December 25, 2002 on the ramp to Route 93 North in Braintree; (2) an individual named Hector Amador, address unknown, was driving; (3) Ms. Peguero was asleep in the front passenger seat; (4) Ms. Peguero was coming from her brother's house in New Bedford; and (5) the car "went out of control" and flipped over.  The sole source of this scant information is Ms. Peguero herself (via her response to an interrogatory posed by American Express), and none of it has been corroborated in any way.

One of Ms. Peguero's claims in this case is that, under the terms of the Policy, she is "permanently and totally disabled" and therefore entitled to the maximum benefit of $1.5 million.  However, like any insurance policy, the Policy contains numerous definitions, conditions and exclusions that control whether a particular event is covered.  Facts concerning Ms. Peguero's accident and the events leading up to it are not only relevant but <u>absolutely</u> <u>necessary</u> to the defendants' evaluation of – and the Court's adjudication of – Ms. Peguero's claims.

To cite just a few examples, the Policy requires that the insured's disability be the result of an "accident."  The Policy defines "Accident" as "a sudden, unforeseen, and unexpected event which happens by chance, arises from a source external to the Insured Person, is independent of illness, disease or other bodily malfunction and is the direct cause of loss."  Given the extremely limited information that Ms. Peguero has deigned to provide, the defendants have no way of evaluating whether her accident was an "Accident" within the meaning of the Policy.  If Ms.

9

Peguero knowingly got into a car with a driver who was visibly intoxicated, or who was legally blind, or who had never driven a car before (among many other conceivable scenarios), this information certainly would bear on the question of whether Ms. Peguero's Accident was an "unforeseen, and unexpected event which happen[ed] by chance . . . ." The Policy also contains an exclusion providing that the insurance "does not apply to Loss caused by or resulting from the Insured Person being intoxicated, as defined by the laws of the jurisdiction where the loss occurred . . . ." Again, the defendants have no idea – and are entitled to know – whether Ms. Peguero herself was intoxicated at the time of the accident, and whether her own intoxication may have in some way caused or contributed to the accident. Another provision of the Policy excludes coverage for a loss incurred "while the Insured Person is committing a criminal act, or attempting to commit a criminal act. Again, with only the limited information that Ms. Peguero has provided to date, the defendants have no means of evaluating whether this exclusion from coverage might apply.

With regard to her claims that the marketing materials she received concerning the Policy were misleading, unfair and deceptive, Ms. Peguero's claimed damages of $1.5 million are based on her assertion that, had she understood the Policy's definition of "Permanent Total Disability," she would have purchased a different policy that would have provided benefits for her eventual injury. Among the defendants' defenses to this claim is likely to be that there was (and is) no remotely comparable, low-cost policy available in the marketplace, and that any private disability policy offering a significant lump-sum benefit for the injury Ms. Peguero suffered would have been prohibitively expensive. However, the defendants also expect to show that any disability policy available at any price would have contained a similar if not identical definition of "Accident," and similar if not identical exclusions for intoxication and criminal activity, and

perhaps other applicable exclusions.  Information concerning Ms. Peguero's accident and the circumstances surrounding it is similarly relevant and necessary to the defendants' evaluation of their defenses to this second category of Ms. Peguero's claims.

All of HealthExtras' discovery requests at issue relate directly to Ms. Peguero's accident. They seek basic information such as police reports concerning the accident, summonses and citations issued as a result of the accident, witness statements concerning the accident, communications between Ms. Peguero and others concerning the accident, insurance claims (other than the one at issue in the instant case) that Ms. Peguero made as a result of the accident, and legal claims (other than those asserted in the instant case) that Ms. Peguero filed against others involved in the accident.  HealthExtras also seeks information concerning Ms. Peguero's activities during the several hours preceding the accident.  All of this information is plainly relevant and necessary to the defendants' defenses, none of is privileged, and the court should order Ms. Peguero to provide this information to the defendants forthwith.

IV.    <u>HealthExtras Should Be Granted Its Costs Under Rule 37(a)(4)</u>

For the reasons set forth above, HealthExtras submits that all of its discovery requests at issue fall squarely within the scope of discovery under Rule 26(b), and that Ms. Peguero's flat refusal to respond to any of them was not substantially justified.  Pursuant to Rule 37(a)(4), HealthExtras respectfully requests that the court award HealthExtras its reasonable expenses, including attorneys' fees, incurred in bringing this motion to compel.

HEALTHEXTRAS, INC.,

By its attorney,


 /s/  Donald R. Pinto, Jr.
Donald R. Pinto, Jr., BBO No. 548421
RACKEMANN, SAWYER & BREWSTER
One Financial Center
Boston, Massachusetts  02111
(617) 542-2300


Dated:  January 26, 2007



CERTIFICATE UNDER LOCAL RULES 7.1(A)(2) and 37.1

I hereby certify that I have conferred in good faith in an attempt to resolve or narrow the issues presented by this motion.  Two conferences took place between the undersigned, as counsel for defendant HealthExtras, Inc., and Kevin Donius, Esq., as counsel for the plaintiff, Altagracia Peguero.  The first conference took place on December 12, 2006 by telephone and lasted approximately ten minutes.  The second conference took place on December 29, 2006 by telephone and lasted approximately five minutes.  As a result of these conferences, the parties reached agreement on several of the discovery requests in dispute.  The requests as to which the parties did not reach agreement, and the nature of the parties' dispute over these requests, are set forth in detail above.


 /s/ Donald R. Pinto, Jr.
 Donald R. Pinto, Jr.

Dated:  January 26, 2007

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.


                /s/ Donald R. Pinto, Jr.
                  Donald R. Pinto, Jr.


Dated:  January 26, 2007

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALTAGRACIA PEGUERO,                )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )       Civil Action No. 05-10995-RCL
                                   )
AMERICAN EXPRESS COMPANY           )
and HEALTHEXTRAS, INC.,            )
                                   )
        Defendants.                )
_____)

### DEFENDANT HEALTHEXTRAS, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO THE PLAINTIFF, ALTAGRACIA PEGUERO

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Rule 34.1 of the Local Rules of the U.S. District Court for the District of Massachusetts, defendant HealthExtras, Inc. requests that the plaintiff, Altagracia Peguero, produce for inspection and copying within 30 days the documents and things described below.

### DEFINITIONS

As used in this document request, the following terms shall have the indicated meanings.

1.    Terms Defined in Local Rule 26.5: the terms "Communication," "Document," "Identify" (with respect to both persons and documents), "Person," "Concerning," and "State the Basis" shall have the meanings ascribed to them by Rule 26.5 of the Local Rules of the U.S. District Court for the District of Massachusetts.

2.    Plaintiff: "Plaintiff" refers to the plaintiff, Altagracia Peguero.

3.    HealthExtras: "HealthExtras" refers to the defendant, HealthExtras, Inc.

4.    American Express: "American Express" refers to the defendant, American Express Company.

EXHIBIT A

5.    <u>Federal</u>: "Federal" refers to Federal Insurance Company.

6.    <u>Sklover</u>: "Sklover" refers to The Sklover Group, Inc.

7.    <u>Plan</u>: "Plan" refers to the Accidental Disability Plan that is the subject of the Plaintiff's complaint.

8.    <u>Direct Claims</u>: "Direct Claims" refers to the document entitled "Plaintiff's Direct Claims Against Third-Party Defendant HealthExtras, Inc." filed on or about January 20, 2006.

9.    <u>Accident</u>: "Accident" refers to the automobile accident referenced in paragraph 13 of the Direct Claims.

## DOCUMENTS REQUESTED

1.    All communications between the Plaintiff or her attorneys and HealthExtras.

2.    All communications between the Plaintiff or her attorneys and American Express.

3.    All communications between the Plaintiff or her attorneys and Federal.

4.    All communications between the Plaintiff or her attorneys and Sklover.

5.    All documents that the Plaintiff submitted to or received from Federal in connection with the Plaintiff's claim for benefits under the Plan.

6.    The settlement agreement between the Plaintiff or her attorneys and Federal.

7.    All documents concerning the settlement between the Plaintiff and Federal.

8.    The settlement agreement between the Plaintiff and Sklover.

9.    All documents concerning the settlement between the Plaintiff and Sklover.

10.    The Plan.

11.    All documents concerning the Plan, including without limitation all "solicitations and promotional materials" that the Plaintiff alleges contain misrepresentations or were otherwise misleading, unfair or deceptive.

12.    All communications between the Plaintiff or her attorneys on the one hand, and any other Person on the other hand, concerning the Policy.

13.    All documents concerning any disability insurance that the Plaintiff purchased or considered purchasing prior to her enrollment in the Plan.

14.    All documents concerning the Plaintiff's allegation, in paragraphs 20, 21, 26, 29 and 38 of the Direct Claims, that HealthExtras "knowingly misrepresented" to the Plaintiff the provisions of "the Policy."

15.    All documents, including without limitation police reports, concerning the Accident.

16.    All summonses and citations issued by local or state police in connection with the Accident.

17.    All documents concerning the Plaintiff's educational background, including without limitation all degrees and certifications that the Plaintiff has sought or obtained.

18.    All documents concerning the Plaintiff's training in the field of dentistry, both in the Dominican Republic and the United States, including without limitation all licenses, degrees and certifications that the Plaintiff has sought or obtained

19.    All documents concerning the Plaintiff's employment in the Dominican Republic, including without limitation documents concerning her employment as a dentist.

20.    All documents concerning the Plaintiff's employment in the United States prior to the Accident, including without limitation documents concerning her employment as a janitor, in retail sales, and as a dental assistant.

21.    All communications between the Plaintiff or her attorneys on the one hand, and Dr. Carr & Associates on the other hand, concerning the Accident or the Plaintiff's return to her position with that firm after the Accident.

22.    The Plaintiff's personnel file maintained by Dr. Carr & Associates.

23.    All documents concerning the Plaintiff's efforts to obtain employment of any kind after the Accident.

24.    The Plaintiff's individual tax returns for each year that she has lived in the United States.

25.    All communications between the Plaintiff or her attorneys on the one hand, and any insurance agent or insurance company on the other hand, concerning the Accident.

26.    All documents concerning insurance claims that the Plaintiff has made to any insurer seeking compensation for personal injuries she suffered, or monetary damages she incurred, as a result of the Accident.

27.    All documents concerning lawsuits or other legal actions that the Plaintiff has commenced or threatened to commence as a result of the Accident.

28.    All documents concerning the medical treatment and counseling the Plaintiff has received as a result of the Accident, including, without limitation, all communications with, and reports, correspondence, memoranda, and notes of, the following healthcare providers:

Massachusetts General Hospital
Boston, Massachusetts

Department of Physical Therapy
Massachusetts General Hospital
Boston, Massachusetts

Paula Gauthier, MSW, LISCW
Massachusetts General Hospital
Boston, Massachusetts

Frances DeFren, Ph.D.
49 Hancock Street
Cambridge, Massachusetts

Gail Leslie, R.N.C.S.
Massachusetts General Hospital
Boston, Massachusetts

Raymond Smith, M.D.
Joshi Ajeya, M.D.
Dr. McLean
Jonathan Winograd, M.D.
Department of Orthopedic Surgery
Department of Sports Medicine
Massachusetts General Hospital
Boston, Massachusetts

Jason Rizzo, C.P.O.
Director of Prosthetics
Rogerson Orthopedic
483 Southhampton Street
Boston, Massachusetts

29.     All documents concerning the evaluation of the Plaintiff by Paul Blatchford.

30.     All communications between the Plaintiff or her attorneys and Jonathan Pena concerning the Accident.

31.     All communications between the Plaintiff or her attorneys and Jeffrey Pena concerning the Accident.

32.     All communications between the Plaintiff or her attorneys and Hector Amador concerning the Accident.

33.     All communications between the Plaintiff or her attorneys and Pierre Carlet Mercelin concerning the Accident.

34.     All documents concerning Social Security benefits the Plaintiff has received since the Accident, including without limitation the Plaintiff's application for such benefits and all documents the Plaintiff has submitted to the Social Security Administration.

35.    All communications between the Plaintiff or her attorneys and any other Person concerning the Accident.

36.    All communications between the Plaintiff or her attorneys and any other Person concerning the Plaintiff's claims in this case.

37.    All documents that the Plaintiff or her attorneys have provided to any consultant, consulting expert, testifying expert or other Person in connection with the Plaintiff's claims in this case.

38.    All documents, including without limitation reports, studies, analyses and recommendations, prepared for the Plaintiff or her attorneys by any Person concerning the Plaintiff's claims in this case.

39.    All witness statements obtained by the Plaintiff or her attorneys concerning the Accident.

40.    All exhibits that the Plaintiff intends to offer into evidence at the trial of this case.

41.    All documents identified or referred to in the Plaintiff's answers to the interrogatories served on the Plaintiff this day by HealthExtras.

HEALTHEXTRAS, INC.

By its attorney,

Donald R. Pinto, Jr., BBO No. 548421
RACKEMANN, SAWYER & BREWSTER
One Financial Center
Boston, Massachusetts  02111
(617) 542-2300

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served a true copy of the foregoing document on all

other counsel of record by mail.

_____
                                    Donald R. Pinto, Jr.

Dated:  September 12, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALTAGRACIA PEGUERO,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | Civil Action No. 05-10995-RCL |
| ) | |
| AMERICAN EXPRESS COMPANY  ) | |
| and HEALTHEXTRAS, INC.,  ) | |
| ) | |
| Defendants.  ) | |
| ) | |

### DEFENDANT HEALTHEXTRAS, INC.'S FIRST SET OF INTERROGATORIES DIRECTED TO THE PLAINTIFF, ALTAGRACIA PEGUERO

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Rule 33.1 of the Local Rules of the U.S. District Court for the District of Massachusetts, defendant HealthExtras, Inc. requests that the plaintiff, Altagracia Peguero, answer the following interrogatories under oath within 30 days.

### DEFINITIONS

As used in these interrogatories, the following terms shall have the indicated meanings.

1.    <u>Terms Defined in Local Rule 26.5</u>: the terms "Communication," "Document," "Identify" (with respect to both persons and documents), "Person," "Concerning," and "State the Basis" shall have the meanings ascribed to them by Rule 26.5 of the Local Rules of the U.S. District Court for the District of Massachusetts.

2.    <u>You, your</u>: "You" and "your" refer to the plaintiff, Altagracia Peguero.

3.    <u>HealthExtras</u>: "HealthExtras" refers to the defendant, HealthExtras, Inc.

EXHIBIT B

4.    <u>American Express</u>: "American Express" refers to the defendant, American Express Company.

5.    <u>Federal</u>: "Federal" refers to Federal Insurance Company.

6.    <u>Sklover</u>: "Sklover" refers to The Sklover Group, Inc.

7.    <u>Plan</u>: "Plan" refers to the Accidental Disability Plan that is the subject of the Plaintiff's complaint.

8.    <u>Direct Claims</u>: "Direct Claims" refers to the document entitled "Plaintiff's Direct Claims Against Third-Party Defendant HealthExtras, Inc." filed on or about January 20, 2006.

9.    <u>Accident</u>: "Accident" refers to the automobile accident referenced in paragraph 13 of the Direct Claims.

**INTERROGATORIES**

<u>Interrogatory No. 1</u>

Identify each person with whom you consulted or who provided any information in connection with your responses to these interrogatories.

<u>Interrogatory No. 2</u>

Identify each person whom you believe or contend has personal knowledge of any facts relevant to the issues of liability or damages in this case, and for each such person provide a summary of the facts of which you believe or contend they have personal knowledge.

<u>Interrogatory No. 3</u>

Describe in detail all of the injuries – physical, mental and emotional – that you contend you sustained in the Accident, including in your answer the identity of each physician, health care provider and hospital that examined or treated you for those injuries, the dates of each examination or treatment, the nature of each examination or treatment, and whether or not you were discharged from further care or treatment.

Interrogatory No. 4

Identify all physicians, health care providers and hospitals who have examined or treated you for any injury, disability or illness during the ten- year period prior to the Accident, including in your answer the approximate dates and nature of the examination or treatment provided by each such physician, health care practitioner and hospital.

Interrogatory No. 5

If you are still receiving treatment for the injuries that you contend you sustained in the Accident, identify each physician, health care provider and hospital that continues to so treat you and describe the nature of all ongoing treatments.

Interrogatory No. 6

In your response to American Express's Interrogatory No. 4, you state that "we were returning to my home from my brother's house in New Bedford on December 25, 2002 when the accident happened. I was asleep in the front seat passenger seat. Hector Amado was driving. It is my understanding that the car went out of control as we got onto the ramp to 93N in Braintree and flipped over." Describe in detail your activities during the four-hour period preceding the Accident, including without limitation by setting forth (a) the purpose of your visit to your brother's house, (b) the time period during which you were at your brother's house, (c) the identity of any other people at your brother's house during that period, (d) any food or beverages that you consumed during that period, (e) any food or beverages that Hector Amado consumed during that period, and (f) the identity of any other passengers in the car at the time of the Accident.

Interrogatory No. 7

Identify all communications between you and HealthExtras by setting forth the participants in the communication, the date of the communication, the mode of communication (e.g., telephone, correspondence, e-mail), and the substance of the communication.

Interrogatory No. 8

In your response to American Express's Interrogatory No. 8, you state that, as a result of the Accident, you "made bodily injury and personal injury protection claims under [your] automobile insurance policy." Identify each insurance policy under which such a claim was made by setting forth the name of the insurer, the policy number, the policy period and the policy limits, and for each such claim state whether the claim was paid, and, if so, the amount you received in payment of that claim.

Interrogatory No. 9

If you have commenced or threatened legal action against any other person or entity in connection with the Accident, identify the person or entity against which you have commenced or threatened legal action, set forth the substance of the claims asserted against each such person or entity and, in the case of legal actions you have commenced, identify the parties to each such action and set forth the court in which the action was commenced, the docket number of the action and the current status of the action.

Interrogatory No. 10

If between the spring of 1998 to the present, you have lived at any address other than One Shandon Road, Apartment 215, Dorchester, Massachusetts, list each such address and the dates that you lived there.

Interrogatory No. 11

State the basis for your allegations in paragraph 7 of the Direct Claims.

Interrogatory No. 12

State the basis for your allegations in paragraph 21 of the Direct Claims.

Interrogatory No. 13

State the basis for your claim that HealthExtras committed unfair or deceptive acts or practices in violation of M.G.L. c. 93A.

Interrogatory No. 14

State the basis for your claim that HealthExtras breached contractual obligations it owed to you, including without limitation by setting forth the source, nature and extent of such alleged obligations.

Interrogatory No. 15

Describe in detail all damages that you claim to have suffered as a result of the acts or omissions of HealthExtras as alleged in the Direct Claims.

Interrogatory No. 16

Identify each document that you expect to offer into evidence at the trial of this case.

Interrogatory No. 17

Identify each fact witness that you expect to call to testify at the trial of this case.

Interrogatory No. 18

For each expert witness you expect to call to testify at trial, state the expert's name, business address, residential address, education and employment history; the subject matter as to which the expert is expected to testify; the substance of the facts and opinions to which the expert is expected to testify; and a detailed summary of all the grounds for each such opinion together with the substance of all facts upon which such opinions are based.

HEALTHEXTRAS, INC.,

By its attorney,

Donald R. Pinto, Jr., BBO No. 548421
RACKEMANN, SAWYER & BREWSTER
One Financial Center
Boston, Massachusetts 02111
(617) 542-2300

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served a true copy of the foregoing document on all

other counsel of record by mail.

Donald R. Pinto, Jr.

Dated:  September 12, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALTAGRACIA J. PEGUERO,               )
        Plaintiff,                   )
                                     )
        v.                           )        Civil Action No. 05-10995-RCL
                                     )
AMERICAN EXPRESS COMPANY,            )
THE SKLOVER GROUP, INC.              )
and FEDERAL INSURANCE COMPANY,       )
        Defendants.                  )
                                     )
AMERICAN EXPRESS COMPANY,            )
        Third-Party Plaintiff,       )
                                     )
        v.                           )
                                     )
HEALTHEXTRAS, L.L.C.,                )
        Third-Party Defendant.       )
                                     )

PLAINTIFF ALTAGRACIA PEGUERO'S RESPONSE TO
REQUEST FOR THE PRODUCTION OF DOCUMENTS
PROPOUNDED BY THE DEFENDANT HEALTHEXTRAS, INC.

GENERAL OBJECTIONS

1.    The Plaintiff objects to the Requests, and the
"Instructions and Definitions" accompanying the Requests, to the
extent they seek to impose requirements that are inconsistent
with, or in excess of those required by, the Federal Rules of
Civil Procedure and relevant Local Rules of the United States
District Court for the District of Massachusetts.

2.    The Plaintiff objects to the Requests to the extent
they seek information that is subject to a claim of privilege,
immunity or other protection from discovery, including, but not
limited to, the attorney-client privilege, the work-product
doctrine or any other applicable privilege, exemption or other

EXHIBIT C

protection provided under applicable federal, state or local law.
The inadvertent production of any material protected by the
attorney-client privilege, the work-product doctrine or any other
applicable privilege, immunity or other protection from
disclosure is not intended to and shall not be construed to
constitute a waiver with respect to the material in question or
any other material.

3.    To the extent the Plaintiff responds to any specific
request, she does not concede that the information or document
requested is relevant to this action.  The Plaintiff has
responded to the Requests without waiving or intending to waive
any objection to the competency, relevancy or admissibility as
evidence of any document or information provided, referred to, or
made the subject of any response. The Plaintiff expressly
reserves the right to object to further discovery of the subject
matter of any request and the introduction into evidence of any
provided document or information.  A partial response to any
request that has not been objected to, in whole or in part, is
not intended to be a waiver of the objection.  By making these
objections and responses, the Plaintiff does not concede that she
is in possession of any particular information or documents
responsive to the Requests or that documents or information
requested or provided are relevant to this litigation.

4.    The Plaintiff expressly reserves the right to amend, supplement, clarify or otherwise modify its objections and responses to the Requests.

5.    The Plaintiff objects to the Requests to the extent that they seek documents or information unrelated in nature, context or time to the transactions and events upon which Plaintiff's claims are based.

6.    The Plaintiff objects to the Requests to the extent they seek to require her to produce documents or provide information not within her possession, custody or control.

7.    The Plaintiff objects to the Requests to the extent they seek production of documents that are already in HealthExtras, Inc.'s possession, custody or control, that are publicly available, or that are equally available to Plaintiff or from other parties to the litigation.

8.    The Plaintiff objects to the Requests to the extent they seek information or documents other than that which may be obtained through a reasonably diligent search of her records.  In responding to the Requests, the Plaintiff has undertaken a diligent search of materials within her possession, custody or control in those places reasonably believed to contain documents or information responsive to the Requests.  To the extent HealthExtras, Inc. seeks to require her to undertake any action beyond that described above, the Plaintiff objects to the

3

Requests as harassing, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.

9.    The Plaintiff objects to the Requests to the extent they are vague, ambiguous, overly broad, unduly burdensome, fail to identify with the necessary specificity the information or documents sought, or seek information that is not reasonably calculated to lead to the discovery of admissible evidence.

10.    The Plaintiff makes no admission of any nature, and no admission may be implied by or inferred from, these objections and responses.

11.    Any statement or specific response by the Plaintiff that she will produce documents shall not be construed as a representation that there are documents responsive to a particular request or of any factual or legal contention contained in any individual Request, but, rather, that she will produce responsive documents created during the relevant time period to the extent such documents exist and are in her custody or control.

12.    In addition to the General Objections, the Plaintiff may also state other specific objections to each request, including objections not generally applicable to all requests. By setting forth such specific objections, the Plaintiff does not intend to limit or restrict the General Objections set forth

4

above.

## RESPONSE TO REQUEST FOR DOCUMENTS

**REQUEST NO. 1**

All communications between the Plaintiff or her attorneys and HealthExtras.

**RESPONSE NO. 1**

The Plaintiff agrees to produce the responsive documents in her present possession, custody, or control.

**REQUEST NO. 2**

All communications between the Plaintiff or her attorneys and American Express.

**RESPONSE NO. 2**

The Plaintiff agrees to produce any responsive documents in her present possession, custody or control.

**REQUEST NO. 3**

All communications between the Plaintiff or her attorneys and Federal.

**RESPONSE NO. 3**

The Plaintiff agrees to produce any responsive documents in her present possession, custody or control.

**REQUEST NO. 4**

All communications between the Plaintiff or her attorneys and Sklover.

**RESPONSE NO. 4**

The Plaintiff agrees to produce any responsive documents in her present possession, custody or control.

**REQUEST NO. 5**

All documents that the Plaintiff submitted to or received from Federal in connection with the Plaintiff's claim for

benefits under the Plan.

**RESPONSE NO. 5**

The Plaintiff agrees to produce any responsive documents in her present possession, custody or control.

**REQUEST NO. 6**

The settlement agreement between the Plaintiff or her attorneys and Federal.

**RESPONSE NO. 6**

OBJECTION.  The Plaintiff objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 7**

All documents concerning the settlement between the Plaintiff and Federal.

**RESPONSE NO. 7**

OBJECTION.  The Plaintiff objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence.  The Plaintiff further objects to this request because it is overbroad and does not set forth with sufficient particularity the documents sought to be produced.

**REQUEST NO. 8**

The settlement agreement between the Plaintiff and Sklover.

**RESPONSE NO. 8**

OBJECTION.  The Plaintiff objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 9**

All documents concerning the settlement between the Plaintiff and Sklover.

**RESPONSE NO. 9**

OBJECTION.  The Plaintiff objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 10**

The Plan.

**RESPONSE NO. 10**

The Plaintiff agrees to produce any responsive documents in her present possession, custody or control.

**REQUEST NO. 11**

All documents concerning the Plan, including without limitation all "solicitations and promotional materials" that the Plaintiff alleges contain misrepresentations or were otherwise misleading, unfair or deceptive.

**RESPONSE NO. 11**

The Plaintiff agrees to produce any responsive documents in her present possession, custody or control.

**REQUEST NO. 12**

All communications between the Plaintiff or her attorneys on the one hand, and any other Person on the other hand, concerning the Policy.

**RESPONSE NO. 12**

The Plaintiff objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The Plaintiff further objects to the extent this request seeks the production of documents protected from discovery by the attorney-client privilege and/or as attorney work-product. The Plaintiff further objects because this request does not set forth with sufficient particularity the documents sought to be produced.

**REQUEST NO. 13**

All documents concerning any disability insurance that the Plaintiff purchased or considered purchasing prior to the

enrollment in the Plan.

**RESPONSE NO. 13**

The Plaintiff objects to this request because it is
overbroad and does not set forth with sufficient particularity
the documents sought to be produced.  Notwithstanding this
objection, and without waiving the same, the Plaintiff states
that there are no such documents in her present possession,
custody or control.

**REQUEST NO. 14**

All documents concerning the Plaintiff's allegation, in
paragraphs 20, 21, 26, 29 and 38 of the Direct Claims, that
HealthExtras "knowingly misrepresented" to the Plaintiff the
provision of "the Policy."

**RESPONSE NO. 14**

The Plaintiff objects to this request because it is
overbroad and does not set forth with sufficient
particularity the documents sought to be produced.  The
Plaintiff further objects to the extent this request seeks
the production of documents protected from discovery by the
attorney-client privilege and/or as attorney work-product.
Notwithstanding this objection, and without waiving the
same, the Plaintiff agrees to produce any responsive
documents in her present possession, custody or control
which do not constitute work-product or attorney-client
communications.

**REQUEST NO. 15**

All documents, including without limitation police
reports, concerning the Accident.

**RESPONSE NO. 15**

The Plaintiff objects to this request as overbroad,
unduly burdensome, and not reasonably calculated to lead to
the discovery of admissible evidence.  The Plaintiff further
objects to the extent this request seeks the production of
documents protected from discovery by the attorney-client
privilege and/or as attorney work-product. The Plaintiff
further objects because this request does not set forth with
sufficient particularity the documents sought to be
produced.

8

**REQUEST NO. 16**

All summonses and citations issued by local or state police in connection with the Accident.

**RESPONSE NO. 16**

The Plaintiff objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The Plaintiff further objects to the extent this request seeks the production of documents protected from discovery by the attorney-client privilege and/or as attorney work-product. The Plaintiff further objects because this request does not set forth with sufficient particularity the documents sought to be produced.

**REQUEST NO. 17**

All documents concerning the Plaintiff's educational background, including without limitation all degrees and certifications that the Plaintiff has sought or obtained.

**RESPONSE NO. 17**

The Plaintiff objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Notwithstanding these objections and, without waiving the same, the Plaintiff agrees to produce responsive documents in her present possession, custody, and/or control.

**REQUEST NO. 18**

All documents concerning the Plaintiff's training in the field of dentistry, both in the Dominican Republic and the United States, including without limitation all licenses, degrees and certifications that the Plaintiff has sought or obtained.

**RESPONSE NO. 18**

The Plaintiff objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Notwithstanding these objections and, without waiving the same, the Plaintiff agrees to produce responsive documents in her present possession, custody, and/or control.

**REQUEST NO. 19**

All documents concerning the Plaintiff's employment in the Dominican Republic including without limitation documents concerning her employment as a dentist.

**RESPONSE NO. 19**

The Plaintiff objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections and, without waiving the same, the Plaintiff agrees to produce responsive documents in her present possession, custody, and/or control.

**REQUEST NO. 20**

All documents concerning the Plaintiff's employment in the United States prior to the Accident, including without limitation documents concerning her employment as a janitor, in retail sales, and as a dental assistant.

**RESPONSE NO. 20**

The Plaintiff objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The Plaintiff further objects because this request does not set forth with sufficient particularity the documents sought to be produced. Notwithstanding these objections and, without waiving the same, the Plaintiff agrees to produce responsive documents in her present possession, custody, and/or control.

**REQUEST NO. 21**

All communications between the Plaintiff or her attorneys on the one hand, and Dr. Carr & Associates on the other hand, concerning the Accident or the Plaintiff's return to her position with that firm after the Accident.

**RESPONSE NO. 21**

The Plaintiff agrees to produce the requested documents in her present possession, custody, or control.

**REQUEST NO. 22**

The Plaintiff's personnel file maintained by Dr. Carr & Associates.

**RESPONSE NO. 22**

There are no such documents in the Plaintiff's present possession, custody or control.

**REQUEST NO. 23**

All documents concerning the Plaintiff's efforts to obtain employment of any kind after the Accident.

**RESPONSE NO. 23**

The Plaintiff objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The Plaintiff further objects because this request does not set forth with sufficient particularity the documents sought to be produced. Notwithstanding this objection and, without waiving the same, the Plaintiff states there are no such documents in her present possession, custody or control.

**REQUEST NO. 24**

The Plaintiff's individual tax returns for each year that she has lived in the United States.

**RESPONSE NO. 24**

The Plaintiff objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 25**

All communications between the Plaintiff or her attorneys on the one hand, and any insurance agent or insurance company on the other hand, concerning the Accident.

**RESPONSE NO. 25**

The Plaintiff objects to this request because it is overbroad, unduly burdensome, and not reasonably calculated

to lead to the discovery of admissible evidence.  The Plaintiff further objects because the request does not set forth with sufficient particularity the documents sought to be produced.

## REQUEST NO. 26

All documents concerning insurance claims that the Plaintiff has made to any insurer seeking compensation for personal injuries she suffered, or monetary damages she incurred, as a result of the Accident.

## RESPONSE NO. 26

The Plaintiff objects to this request because it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The Plaintiff further objects because the request does not set forth with sufficient particularity the documents sought to be produced.

## REQUEST NO. 27

All documents concerning lawsuits or other legal actions that the Plaintiff has commenced or threatened to commence as a result of the Accident.

## RESPONSE NO. 27

The Plaintiff objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The Plaintiff further objects to the extent this request seeks the production of documents protected from discovery by the attorney-client privilege and/or as attorney work-product. The Plaintiff further objects because this request does not set forth with sufficient particularity the documents sought to be produced.

## REQUEST NO. 28

All documents concerning the medical treatment and counseling the Plaintiff has received as a result of the Accident, including, without limitation, all communications with, and reports, correspondence, memoranda, and notes of, the following healthcare providers:

Massachusetts General Hospital
Boston, Massachusetts

12

Department of Physical Therapy
Massachusetts General Hospital
Boston, Massachusetts

Paula Gauthier, MSW, LISCW
Massachusetts General Hospital
Boston, Massachusetts

Frances DeFren, Ph.D.
49 Hancock Street
Cambridge, Massachusetts

Gail Leslie, R.N.C.S.
Massachusetts General Hospital
Boston, Massachusetts

Raymond Smith, M.D.
Joshi Ajeya, M.D.
Dr. McLean
Jonathan Winograd, M.D.
Department of Orthopedic Surgery
Department of Sports Medicine
Massachusetts General Hospital
Boston, Massachusetts

Jason Rizzo, C.P.O.
Director of Prosthetics
Rogerson Orthopedic
483 Southhampton Street
Boston, Massachusetts.

## RESPONSE NO. 28

The Plaintiff agrees to produce all responsive
documents in her present possession, custody or control.

## REQUEST NO. 29

All documents concerning the evaluation of the
Plaintiff by Paul Blatchford.

## RESPONSE NO. 29

The Plaintiff objects to this request as overbroad,
unduly burdensome, and not reasonably calculated to lead to
the discovery of admissible evidence.  The Plaintiff further
objects to the extent this request seeks the production of
documents protected from discovery by the attorney-client

13

privilege and/or as attorney work-product. The Plaintiff further objects because this request does not set forth with sufficient particularity the documents sought to be produced.  Notwithstanding these objections and without waiving the same, the Plaintiff agrees to produce the Blatchford Report.

**REQUEST NO. 30**

All communications between the Plaintiff or her attorneys and Jonathan Pena concerning the Accident.

**RESPONSE NO. 30**

The Plaintiff states that there are no such documents in her present possession, custody or control.

**REQUEST NO. 31**

All communications between the Plaintiff or her attorneys and Jeffrey Pena concerning the Accident.

**RESPONSE NO. 31**

The Plaintiff states that there are no such documents in her present possession, custody or control.

**REQUEST NO. 32**

All communications between the Plaintiff or her attorneys and Hector Amador concerning the Accident.

**RESPONSE NO. 32**

The Plaintiff states that there are no such documents in her present possession, custody or control.

**REQUEST NO. 33**

All communications between the Plaintiff or her attorneys and Pierre Carlet Mercelin concerning the Accident.

**RESPONSE NO. 33**

The Plaintiff states that there are no such documents in her present possession, custody or control.

**REQUEST NO. 34**

All documents concerning Social Security benefits the Plaintiff has received since the Accident, including without limitation the Plaintiff's application for such benefits and all documents the Plaintiff has submitted to the Social Security Administration.

**RESPONSE NO. 34**

The Plaintiff agrees to produce all responsive documents in her present possession, custody or control.

**REQUEST NO. 35**

All communications between the Plaintiff or her attorneys and any other Person concerning the Accident.

**RESPONSE NO. 35**

The Plaintiff objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The Plaintiff further objects to the extent this request seeks the production of documents protected from discovery by the attorney-client privilege and/or as attorney work-product. The Plaintiff further objects because this request does not set forth with sufficient particularity the documents sought to be produced.

**REQUEST NO. 36**

All communications between the Plaintiff or her attorneys and any other Person concerning the Plaintiff's claims in this case.

**RESPONSE NO. 36**

The Plaintiff objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The Plaintiff further objects to the extent this request seeks the production of documents protected from discovery by the attorney-client privilege and/or as attorney work-product. The Plaintiff further objects because this request does not set forth with sufficient particularity the documents sought to be produced.

**REQUEST NO. 37**

All documents that the Plaintiff or her attorneys have provided to any consultant, consulting expert, testifying expert or other Person in connection with the Plaintiff's claims in this case.

**RESPONSE NO. 37**

The Plaintiff objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The Plaintiff further objects to the extent this request seeks the production of documents protected from discovery by the attorney-client privilege and/or as attorney work-product. The Plaintiff further objects because this request does not set forth with sufficient particularity the documents sought to be produced. The Plaintiff further objects to this request because it seeks expert discovery in excess of that permitted by the Federal Rules of Civil Procedure.

**REQUEST NO. 38**

All documents, including without limitation reports, studies, analyses and recommendations, prepared for the Plaintiff or her attorneys by any Person concerning the Plaintiff's claims in this case.

**RESPONSE NO. 38**

The Plaintiff objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The Plaintiff further objects to the extent this request seeks the production of documents protected from discovery by the attorney-client privilege and/or as attorney work-product. The Plaintiff further objects because this request does not set forth with sufficient particularity the documents sought to be produced.

**REQUEST NO. 39**

All witness statements obtained by the Plaintiff or her attorneys concerning the Accident.

**RESPONSE NO. 39**

The Plaintiff objects to this request as overbroad,

16

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The Plaintiff further objects to the extent this request seeks the production of documents protected from discovery by the attorney-client privilege and/or as attorney work-product. The Plaintiff further objects because this request does not set forth with sufficient particularity the documents sought to be produced.

REQUEST NO. 40

All exhibits that the Plaintiff intends to offer into evidence at the trial of this case.

RESPONSE NO. 40

The Plaintiff states that no decisions have been made as to what exhibits will be introduced at the trial and, accordingly, there are no such documents in her present possession, custody or control.

REQUEST NO. 41

All documents identified or referred to in the Plaintiff's answers to the interrogatories on the Plaintiff this day by HealthExtras.

RESPONSE NO. 41

The Plaintiff agrees to produce all responsive documents in her present possession, custody or control.

The Plaintiff
Altagracia J. Peguero,
By her attorney,

Kevin Donius, Esquire
BBO#: 551298
Law Offices of Kevin Donius, P.C.
424 Adams Street, Suite 100
Milton, MA 02186
TEL: (617) 296-4900
FAX: (617) 296-4990

Date:  November 30, 2006

17

CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail / by hand.

Date: 11/30/06

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALTAGRACIA J. PEGUERO,<br>　　Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS COMPANY,<br>THE SKLOVER GROUP, INC.<br>and FEDERAL INSURANCE COMPANY,<br>　　Defendants.<br><br>AMERICAN EXPRESS COMPANY,<br>　　Third-Party Plaintiff,<br><br>v.<br><br>HEALTHEXTRAS, L.L.C.,<br>　　Third-Party Defendant. | Civil Action No. 05-10995-RCL |

PLAINTIFF ALTAGRACIA PEGUERO'S ANSWERS
TO DEFENDANT HEALTHEXTRAS, INC.'S
FIRST SET OF INTERROGATORIES

GENERAL OBJECTION

The following general objections ("General Objections") to the Interrogatories apply to and are incorporated by reference in each separate response detailed below:

1.    Plaintiff objects to the Interrogatories, and the "Instructions and Definitions" accompanying the Interrogatories, to the extent they seek to impose requirements that are inconsistent with, or in excess of those required by, the Federal Rules of Civil Procedure and relevant Local Rules of the United States District Court for the District of Massachusetts.

1

EXHIBIT D

2.    The Plaintiff objects to the Interrogatories to the
extent they seek information that is subject to the claim of
privilege, immunity or other protection from discovery,
including, but not limited to, the attorney-client privilege, the
work-product doctrine or any other applicable privilege,
exemption or other protection provided under applicable federal,
state or local law.  The inadvertent disclosure of any
information protected by the attorney-client privilege, the work-
product doctrine or any other applicable privilege, immunity or
other protection from disclosure is not intended to and shall not
be construed to constitute a waiver with respect to the
information in question or any other information or material.

3.    To the extent the Plaintiff responds to any specific
interrogatory, she does not concede that the information
requested is relevant to this action.  The Plaintiff has
responded to the interrogatories without waiving or intending to
waive any objection to the competency, relevancy or admissibility
as evidence of any document or information provided, referred to,
or made the subject of any response.  The Plaintiff expressly
reserves the right to object to further discovery of the subject
matter of any interrogatory and the introduction into evidence of
any information or document referred to or provided.  A partial
response to any interrogatory that has not been objected to, in
whole or in part, is not intended to be a waiver of the

2

objection.  By making these objections and responses, the Plaintiff does not concede that she is in possession of any particular information responsive to the Interrogatories or that information requested or provided are relevant to this litigation.

4.  The answers are based upon information known to the Plaintiff as of this date.  Discovery is continuing and is not yet complete.  As discovery proceeds, witnesses, facts, and evidence may be discovered which are not set forth herein.  Facts and evidence now known may be imperfectly understood, and accordingly, such facts and evidence may not be included, in good faith, in the following responses.  The Plaintiff expressly reserves the right to amend, supplement, clarify or otherwise modify its objections and responses to the Interrogatories.

5.  The Plaintiff objects to the Interrogatories to the extent that they seek information unrelated in nature, context or time to the transactions and events upon which Plaintiff's claims are based.

6.  The Plaintiff objects to the Interrogatories to the extent that the information HealthExtras, Inc. seeks is already known or equally available to HealthExtras, Inc. through other sources.

7.    The Plaintiff objects to the extent these Interrogatories seek other information more appropriately sought through depositions.

8.    The Plaintiff objects to the Interrogatories to the extent they seek to require her to provide information not within her knowledge.

9.    The Plaintiff objects to the Interrogatories to the extent they seek information other than that which may be obtained through a reasonably diligent search of her records.  In responding to the Interrogatories, the Plaintiff has made diligent efforts to provide full and complete responses.  To the extent HealthExtras, Inc. seeks to require the Plaintiff to undertake any action beyond that described above, the Plaintiff objects to the Interrogatories as harassing, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.

10.   The Plaintiff objects to the Interrogatories to the extent they are vague, ambiguous, overly broad, unduly burdensome, fail to identify with the necessary specificity the information sought, or seek information that is not reasonably calculated to lead to the discovery of admissible evidence.

11.   The Plaintiff makes no admission of any nature, and no admission may be implied by or inferred from, these objections and responses.

4

12.  In addition to the General Objections, the Plaintiff may also state other specific objections to each request, including objections not generally applicable to all Interrogatories.  By setting forth such specific objections, the Plaintiff does not intend to limit or restrict the General Objections set forth above.

13.  The Plaintiff objects to each Interrogatory to the extent that it seeks information that is beyond the scope of Rules 26 and 33 of the Federal Rules of Civil Procedure or that is beyond the proper scope of discovery because of the attorney/client relationship, because it is prepared in anticipation of litigation or trial, because it constitutes work-product, or because it is otherwise immune from discovery by reason of Rule 26 of the Federal Rules of Civil Procedure.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1**

Identify each person with whom you consulted or who provided any information in connection with your responses to these interrogatories.

**ANSWER NO. 1**

I answered these interrogatories with the assistance of my attorney.

**INTERROGATORY NO. 2**

Identify each person whom you believe or contend has personal knowledge of any facts relevant to the issues of liability or damages in this case, and for each such person

5

provide a summary of the facts of which you believe or contend
they have personal knowledge.

**ANSWER NO. 2**

1. Altagracia J. Peguero
   1 Shandon Road, #215
   Dorchester, MA  02124

2. Jonathan Pena, DOB (11/19/88)
   1 Shandon Road, #215
   Dorchester, MA  02124

3. Jeffrey Pena, DOB (4/6/94)
   1 Shandon Road, #215
   Dorchester, MA  02124

The medical care providers identified in my medical

records, including, but not limited to the following:

1. Massachusetts General Hospital
   Boston, MA

2. Paula Gauthier, MSW, LISCW
   Massachusetts General Hospital
   Boston, MA
   (counseling for problems associated
   with loss of arm)

3. Frances DeFren, Ph.D.
   49 Hancock Street
   Cambridge, MA  02139
   (counseling for problems associated
   with loss of arm)

4. Gail Leslie, R.N.C.S.
   Massachusetts General Hospital
   Boston, MA
   (counseling for problems associated
   with loss of arm/depression/insomnia)

5. Raymond Smith, M.D.;
   Joshi Ajeya, M.D.;
   Dr. McLean;
   Jonathan Winograd, M.D.
   Massachusetts General Hospital
   Department of Orthopedic Surgery
   Department of Sports Medicine

6

Massachusetts General Hospital
Boston, MA

6.  Jason Rizzo, C.P.O.
    Director of Prosthetics
    Rogerson Orthopedic
    483 Southhampton Street
    Boston, MA  02127

7.  Department of Physical Therapy
    Massachusetts General Hospital
    Boston, MA

8.  Antonia Makoski
    Martha Elliot Health Center
    75 Bickford Street
    Jamaica Plain, MA  02130
    (Primary Care Physician)

9.  Dr. Green (psychiatrist)
    Yvonne Nieves, Ph.D.
    Yvonne Ruiz, Ph.D.
    Martha Elliot Health Center
    75 Bickford Street
    Jamaica Plain, MA  02130
    (Counseling for problems associated with loss of
    arm)

10. Mark Nguyen, M.D.
    Spaulding Rehabilitation
    Boston, MA
    (pain program)

## INTERROGATORY NO. 3

Describe in detail all of the injuries – physical, mental
and emotional – that you contend you sustained in the Accident,
including in your answer the identity of each physician, health
care provider and hospital that examined or treated you for those
injuries, the dates of each examination or treatment, the nature
of each examination or treatment, and whether or not your were
discharged from further care or treatment.

## ANSWER NO. 3

OBJECTION.  The Plaintiff objects to this interrogatory as
overbroad and unduly burdensome.  Notwithstanding these
objections and without waiving the same, I was taken to
Massachusetts General Hospital and have received most of my care

there.  I lost my right arm in the accident.  This loss has caused me great emotional distress, anxiety, and depression.  The doctors I have seen include the following:

1.  Massachusetts General Hospital
    Boston, MA

2.  Paula Gauthier, MSW, LISCW
    Massachusetts General Hospital
    Boston, MA
    (counseling for problems associated
    with loss of arm)

3.  Frances DeFren, Ph.D.
    49 Hancock Street
    Cambridge, MA   02139
    (counseling for problems associated
    with loss of arm)

4.  Gail Leslie, R.N.C.S.
    Massachusetts General Hospital
    Boston, MA
    (counseling for problems associated
    with loss of arm/depression/insomnia)

5.  Raymond Smith, M.D.;
    Joshi Ajeya, M.D.;
    Dr. McLean;
    Jonathan Winograd, M.D.
    Massachusetts General Hospital
    Department of Orthopedic Surgery
    Department of Sports Medicine
    Massachusetts General Hospital
    Boston, MA

6.  Jason Rizzo, C.P.O.
    Director of Prosthetics
    Rogerson Orthopedic
    483 Southhampton Street
    Boston, MA   02127

7.  Department of Physical Therapy
    Massachusetts General Hospital
    Boston, MA

8.  Antonia Makoski
    Martha Elliot Health Center
    75 Bickford Street
    Jamaica Plain, MA   02130

(Primary Care Physician)

9.   Dr. Green (psychiatrist)
Yvonne Nieves, Ph.D.
Yvonne Ruiz, Ph.D.
Martha Elliot Health Center
75 Bickford Street
Jamaica Plain, MA  02130
(Counseling for problems associated with loss of arm)

10.  Mark Nguyen, M.D.
Spaulding Rehabilitation
Boston, MA
(pain program)

For a complete listing of the names of my healthcare providers, dates of treatment, and a description of my treatment, I refer you to my medical records.

**INTERROGATORY NO. 4**

Identify all physicians, health care providers and hospitals who have examined or treated you for any injury, disability or illness during the ten-year period prior to the Accident, including in your answer the approximate dates and nature of the examination or treatment provided by each such physician, health care practitioner and hospital.

**ANSWER NO. 4**

OBJECTION.  The Plaintiff objects to this interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Notwithstanding these objections, and without waiving the same, I  suffered from no major or significant health issues prior to the loss of my arm and had no conditions that in any way affected her ability to work.

**INTERROGATORY NO. 5**

If you are still receiving treatment for the injuries that you contend you sustained in the Accident, identify each physician, health care provider and hospital that continues to so treat you and describe the nature of all ongoing treatments.

**ANSWER NO. 5**

I still am followed from time to time at Massachusetts General Hospital for injuries associated with the loss of my arm. I am still receiving counseling at the Martha Elliot Health Center in Jamaica Plain, Massachusetts and my primary care physician is there as well. I am in a pain program at Spaulding Rehabilitation Center for pain in what remains of my arm. I currently take Celexa for depression and Neurontin for arm pain everyday.

**INTERROGATORY NO. 6**

In your response to American Express' Interrogatory No. 4, you state that "we were returning to my home from my brother's house in New Bedford on December 25, 2002 when the accident happened. I was asleep in the front seat passenger seat. Hector Amado was driving. It is my understanding that the car went out of control as we got onto the ramp to 93N in Braintree and flipped over." Describe in detail your activities during the four-hour period preceding the Accident, including without limitation by setting forth (a) the purpose of your visit to your brother's house, (b) the time period during which you were at your brother's house, (c) the identify of any other people at your brother's house during that period, (d) any food or beverages that you consumed during that period, (e) any food or beverages that Hector Amado consumed during that period, and (f) the identity of any other passengers in the car at the time of the Accident.

**ANSWER NO. 6**

OBJECTION. The Plaintiff objects to this interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 7**

Identify all communications between you and HealthExtras by setting forth the participants in the communication, the date of the communication, the mode of communication (e.g., telephone, correspondence, e-mail), and the substance of the communication.

**ANSWER NO. 7**

I have had no telephone conversations or emails to or from HealthExtras. My attorney informs me that HealthExtras may have drafted or assisted in the drafting of the solicitation I

10

received from American Express.  My attorney also informs me that HealthExtras claims that it sent me a so-called "Welcome Packet" after I purchased the insurance and finally that HealthExtras may have had some rule in the claims administrative process once we submitted a claim on my behalf after I lost my arm.  As discovery is on-going, the Plaintiff reserves the right to supplement this interrogatory as more evidence becomes available.

**INTERROGATORY NO. 8**

In your response to American Express' Interrogatory No. 8, you state that, as a result of the Accident, you "made bodily injury and personal injury protection claims under [your] automobile insurance policy."  Identify each insurance policy under which such a claim was made by setting forth the name of the insurer, the policy number, the policy period and the policy limits, and for each such claim state whether the claim was paid, and, if so, the amount you received in payment of that claim.

**ANSWER NO. 8**

OBJECTION.  The Plaintiff objects to this interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 9**

If you have commenced or threatened legal action against any other person or entity in connection with the Accident, identify the person or entity against which you have commenced or threatened legal action, set forth the substance of the claims asserted against each such person or entity and, in the case of the legal actions you have commenced, identify the parties to each such action and set forth the court in which the action was commenced, the docket number of the action and the current status of the action.

**ANSWER NO. 9**

OBJECTION.  The Plaintiff objects to this interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 10**

If between the spring of 1998 to the present, you have lived at any address other than One Shandon Road, Apartment 215, Dorchester, Massachusetts, list each such address and the dates that you lived there.

**ANSWER NO. 10**

Not applicable.

**INTERROGATORY NO. 11**

State the basis for your allegations in paragraph 7 of the Direct Claims.

**ANSWER NO. 11**

The basis for the allegations that the Defendants advertised and marketed the policy in an unfair manner intended to deceive customers regarding the coverage provided in order to induce them to purchase the policy is that the advertisements and promotional materials were written and designed in a manner that obviously were intended to obscure the restrictive definition of "disability" under the policy. This is evident from, among other things, the wording, size of print, and location of the definition of disability on the promotional materials. These promotional materials deceptively led consumers to believe they would be financially secure and would receive $1.5 million if they became disabled while failing to provide meaningful disclosure of the definition of disabled. The name of the policy is also misleading in that it does not provide coverage to persons who become "disabled" as that term is usually used and understood. Finally, the definition of disability is so restrictive that it is certain that it will virtually never provide coverage to anyone. In further answer, I refer you to, and incorporate herein, the M.G.L. c.93A demand letter sent to HealthExtras.

**INTERROGATORY NO. 12**

State the basis for your allegations in paragraph 21 of the Direct Claims.

**ANSWER NO. 12**

The basis for the allegations that the Defendants advertised and marketed the policy in an unfair manner intended to deceive

12

customers regarding the coverage provided in order to induce them to purchase the policy is that the advertisements and promotional materials were written and designed in a manner that obviously were intended to obscure the restrictive definition of "disability" under the policy. This is evident from, among other things, the wording, size of print, and location of the definition of disability on the promotional materials. These promotional materials deceptively led consumers to believe they would be financially secure and would receive $1.5 million if they became disabled while failing to provide meaningful disclosure of the definition of disabled. The name of the policy is also misleading in that it does not provide coverage to persons who become "disabled" as that term is usually used and understood. Finally, the definition of disability is so restrictive that it is certain that it will virtually never provide coverage to anyone. In further answer, I refer you to, and incorporate herein, the M.G.L. c.93A demand letter sent to HealthExtras.

## INTERROGATORY NO. 13

State the basis for your claim that Healthextras committed unfair or deceptive acts or practices in violation of M.G.L.c.93A.

## ANSWER NO. 13

The basis for the allegations that the Defendants advertised and marketed the policy in an unfair manner intended to deceive customers regarding the coverage provided in order to induce them to purchase the policy is that the advertisements and promotional materials were written and designed in a manner that obviously were intended to obscure the restrictive definition of "disability" under the policy. This is evident from, among other things, the wording, size of print, and location of the definition of disability on the promotional materials. These promotional materials deceptively led consumers to believe they would be financially secure and would receive $1.5 million if they became disabled while failing to provide meaningful disclosure of the definition of disabled. The name of the policy is also misleading in that it does not provide coverage to persons who become "disabled" as that term is usually used and understood. Finally, the definition of disability is so restrictive that it is certain that it will virtually never provide coverage to anyone. In further answer, I refer you to, and incorporate herein, the M.G.L. c.93A demand letter sent to HealthExtras.

13

**INTERROGATORY NO. 14**

State the basis for your claim that HealthExtras breached contractual obligations it owed to you, including without limitation by setting forth the source, nature and extent of such alleged obligations.

**ANSWER NO. 14**

HealthExtras failed to pay me the benefits it led me to believe I would receive under the disability plan it created, promoted, marketed, advertised, sold, and, in some instances, guaranteed, and from which it received premium payments and upon information and belief, reaped enormous profits.

**INTERROGATORY NO. 15**

Describe in detail all damages that you claim to have suffered as a result of the acts or omissions of HealthExtras as alleged in the Direct Claims.

**ANSWER NO. 15**

My damages include the loss of the $1.5 million I was led to believe I would receive if I became disabled and the loss of the opportunity to purchase other disability insurance that actually would have provided me with benefits when I became disabled. It is my understanding that disability policies typically pay 66% of a disabled person's lost wages until age 65. In my case, such amount would be equal to approximately $769,230.00.

**INTERROGATORY NO. 16**

Identify each document that you expect to offer into evidence at the trial of this case.

**ANSWER NO. 16**

OBJECTION. The Plaintiff objects to this interrogatory to the extent it seeks to discover the legal strategies and/or mental impressions of Plaintiff's counsel, and notwithstanding these objections, and without waiving the same, my attorney informs me that no decision has yet been made as to what documents will be introduced as evidence at trial.

**INTERROGATORY NO. 17**

Identify each fact witness that you expect to call to testify at the trial of this case.

**ANSWER NO. 17**

OBJECTION.  The Plaintiff objects to this interrogatory to the extent it seeks to discover the legal strategies and/or mental impressions of Plaintiff's counsel, and notwithstanding these objections, and without waiving the same, my attorney informs me that no decision has yet been made as to who will testify at trial.

**INTERROGATORY NO. 18**

For each expert witness you expect to call to testify at trial, state the expert's name, business address, residential address, education and employment history; the subject matter as to which the expert is expected to testify; the substance of the facts and opinions to which the expert is expected to testify; and a detailed summary of all the grounds for each such opinion together with the substance of all facts upon which such opinions are based.

**ANSWER NO. 18**

I refer you to the reports of Timothy Ryles and Paul Blatchford previously forwarded to the Defendants.


SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY, this 30th

day of November, 2006.

*Altagracia Peguero*
Altagracia Peguero

AS TO OBJECTIONS:

Kevin Donius, Esquire
BBO#: 551298
Law Offices of Kevin Donius, P.C.
424 Adams Street, Suite 100
Milton, MA 02186
TEL: (617) 296-4900
FAX: (617) 296-4990
Attorney for the Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail / by hand.

15    Date: 11/30/06