UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ALTAGRACIA PEGUERO, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 05-10995-RCL |
| AMERICAN EXPRESS COMPANY and HEALTHEXTRAS, INC., | ) | |
| Defendants. | ) | |

JOINT MOTION TO EXTEND
FACT DISCOVERY BY 45 DAYS

All parties to the above-captioned action respectfully move that the deadline for fact discovery, presently February 26, 2007, be extended by 45 days for good cause. In support of this motion the parties state as follows:

1. In May, 2006, HealthExtras, Inc. ("HealthExtras"), which the plaintiff had joined as a defendant several months earlier, filed an assented-to motion to modify the then-existing case management schedule or, in the alternative, to convene a further case management conference.

2. On June 26, 2006, in response to HealthExtras' motion, the court convened a further case management conference. As a result of that conference, the court established new case management deadlines, including a deadline of November 3, 2006 for fact discovery.

3. In September, 2006, a dispute arose between the plaintiff and defendants HealthExtras and American Express Company ("American Express") concerning the scope of the plaintiff's documents requests, interrogatories and Rule 30(b)(6) deposition notices served on the defendants. This dispute led to HealthExtras' filing, in October, 2005, of a Motion for Protective Order. American Express filed its own, similar motion. Given the pendency of these

Motions for Protective Order, and the importance of the discovery requests to which they related, the parties jointly moved to extend the remaining case management deadlines, including the November 3, 2006 fact discovery deadline, by 75 days from the date of the court's disposition of these motions. On November 27, 2006, the court allowed this motion to extend.

4. On December 13, 2006, Magistrate Judge Collings heard the defendants' Motions for Protective Order. On that date, Judge Collings entered an order granting the motions in part and denying them in part, and otherwise addressing the scope of the plaintiff's discovery. As a result of the court's action, the fact discovery deadline became February 26, 2007.

5. Since the court's ruling on the defendants' Motion for Protective Order, the parties have worked diligently to complete discovery. In January, 2007, a dispute arose between HealthExtras and the plaintiff concerning the scope of HealthExtras' document request and interrogatories served on the plaintiff. This dispute led to HealthExtras' filing, on January 26, 2007, of a Motion to Compel.

6. In the past few days, HealthExtras and the plaintiff have had further discussions concerning the issues raised in the Motion to Compel, and have reached agreement concerning the scope of HealthExtras' discovery requests. As a result of this agreement, the plaintiff will be producing certain documents to the defendants, and her deposition can now be scheduled.

7. Resolution of the issues raised by the defendants' Motions for Protective Order and HealthExtras' Motion to Compel has hampered the parties' efforts to complete fact discovery by February 26, 2007. Moreover, plaintiff's counsel reports that the plaintiff's father is seriously ill and in need of around-the-clock care, and the plaintiff recently had to return to her native Dominican Republic for several weeks to assist her siblings in caring for him. As a result, the plaintiff's deposition cannot be scheduled until some time in March.

8.	The parties anticipate that a further, 45-day extension in the fact discovery deadline, to April 12, 2007, will enable them to complete all remaining fact discovery without the need for a further extension.  This will not unduly delay the case, given that last of the case management deadlines previously set by the court – the deadline for filing dispositive motions – is April 16, 2007.

WHEREFORE, the parties respectfully move that the deadline for fact discovery be extended by 45 days, to April 12, 2007.

| ALTAGRACIA PEGUERO, | HEALTHEXTRAS, INC., |
|---|---|
| By her attorney, | By its attorney, |
| /s/ Kevin Donius | /s/ Donald R. Pinto, Jr. |
| Kevin Donius, BBO No. 551298 | Donald R. Pinto, Jr., BBO No. 548421 |
| Law Offices of Kevin Donius, P.C. | Rackemann, Sawyer & Brewster, P.C. |
| 424 Adams Street, Suite 100 | One Financial Center |
| Milton, Massachusetts  02186 | Boston, Massachusetts  02111 |
| (617) 296-4900 | (617) 542-2300 |

AMERICAN EXPRESS COMPANY,

By its attorney,

 /s/ John F. Farraher
John F. Farraher, BBO No. 568194
Greenberg Traurig, LLP
One International Place, 20th Floor
Boston, Massachusetts  02110
(617) 310-6000

3

4

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

                /s/ Donald R. Pinto, Jr.
                Donald R. Pinto, Jr.

Dated: February 8, 2007