UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ALTAGRACIA PEGUERO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-10995-WGY |
| | ) | |
| AMERICAN EXPRESS COMPANY | ) | |
| and HEALTHEXTRAS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

RENEWED MOTION OF HEALTHEXTRAS, INC.
FOR LEAVE TO FILE DOCUMENT UNDER SEAL

Pursuant to Local Rule 7.2, defendant HealthExtras, Inc. ("HealthExtras") respectfully

renews its motion for leave to file under seal a certain affidavit (the "Confidential Affidavit")

signed by an officer of Federal Insurance Company ("Federal"), a former defendant in this case.

The Confidential Affidavit, which supports HealthExtras' Motion for Summary Judgment filed

on April 14, 2007 (Document #91), contains Federal's confidential, proprietary business

information, and has been designated "Confidential" pursuant the Stipulated Protective Order

signed by the parties and entered by the court on April 28, 2006.

That the Confidential Affidavit in fact contains Federal's confidential, proprietary

business information is attested to by the same affiant, Edwin E. Creter, a Vice President of

Federal, in the attached Second Affidavit of Edwin E. Creter, dated April 30, 2007.  As set forth

in the attached affidavit, the Confidential Affidavit discloses the total number of Permanent Total

Disability ("PTD") claims submitted to Federal under the insurance policy at issue in this case,

the number of these claims that Federal paid, the number of these claims that Federal paid in the

maximum benefit amount (i.e. $1 million or $1.5 million, depending on the level of coverage the claimant had purchased), and the aggregate dollar amount of all PTD claims that Federal paid.

WHEREFORE, HealthExtras respectfully submits that the court should (1) grant it leave to file the Confidential Affidavit under seal, and (2) consistent with the Stipulated Protective Order, order the Confidential Affidavit impounded until further order of the court or the termination of this case, whichever occurs first. Immediately upon the expiration of the impoundment order, HealthExtras' counsel will retrieve and take custody of this document.

HEALTHEXTRAS, INC.,

By its attorney,

/s/  Donald R. Pinto, Jr.
Donald R. Pinto, Jr., BBO No. 548421
RACKEMANN, SAWYER & BREWSTER
One Financial Center
Boston, Massachusetts  02111
(617) 542-2300

CERTIFICATE UNDER LOCAL RULE 7.1(A)(2)

I hereby certify that I have conferred in good faith in an attempt to resolve or narrow the issues presented by this motion.

/s/ Donald R. Pinto, Jr.
Donald R. Pinto, Jr.

Dated:  May 1, 2007

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

and paper copies will be sent to those indicated as non-registered participants on this date.


_____/s/ Donald R. Pinto, Jr._____
Donald R. Pinto, Jr.

Dated:  May 1, 2007

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ALTAGRACIA PEGUERO, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 05-10995-WGY |
| AMERICAN EXPRESS COMPANY and HEALTHEXTRAS, INC., | ) | |
| Defendants. | ) | |

SECOND AFFIDAVIT OF EDWIN E. CRETER

Edwin E. Creter says the following of his personal knowledge:

1.      I am a resident of Chester, New Jersey, where I have lived since 1993.

2.      I am employed by Federal Insurance Company at its Warren, New Jersey office, located at 15 Mountain View Road, Warren, New Jersey 07059.  I have worked for Federal since 1996.

3.      My present position with Federal is Vice President.   As Vice President, I am responsible for accident and health claims worldwide.

4.      In my capacity as Vice President, I am familiar with a benefit program called the Accidental Disability Plan from American Express (the "Plan"), which I understand is at issue in this case.  Between July 2000 and December 2004, Federal was the underwriter of a permanent total disability ("PTD") insurance policy (the "Policy") that was a principal component of the Plan.

5.      On April 13, 2007, at the request of defendant HealthExtras, Inc., I signed an affidavit setting forth, for the roughly 4 1/2-year period during which Federal underwrote the

Policy, the total number of PTD claims submitted to Federal under the Policy, the number of

these claims that Federal paid, the number of these claims that Federal paid in the maximum

benefit amount (i.e. $1 million or $1.5 million, depending on the level of coverage the claimant

had purchased), and the aggregate dollar amount of all PTD claims that Federal paid.

6.      Federal considers this information – which details Federal's actual claims

experience under the Policy – to be highly confidential, proprietary business information.

Federal at all times treats this information as highly confidential, and access to this information is

limited to certain duly authorized Federal employees and agents.  Federal never publicly

discloses this information.

7.      Given the keenly competitive nature of the insurance marketplace, there is a

reasonable likelihood that public disclosure of this confidential information will harm Federal

and unfairly advantage its competitors.  For this reason, Federal authorized me to sign my prior

affidavit on the condition that it not be filed in this case unless such filing is under seal, pursuant

to the Stipulated Protective Order signed by the parties (including Federal) and entered by the

court on April 28, 2006.


        Signed under the penalties of perjury this 30th day of April, 2007.


                                        _____/s/ Edwin E. Creter_____
                                            Edwin E. Creter

2