UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ALTAGRACIA PEGUERO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-10995-WGY |
| | ) | |
| AMERICAN EXPRESS COMPANY and HEALTHEXTRAS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

MOTION FOR PARTIAL RECONSIDERATION

Defendant HealthExtras, Inc. ("HealthExtras") respectfully moves the court to reconsider so much of its May 3, 2007 summary judgment decision as denied the defendants' motions for summary judgment on the plaintiff's claim under M.G.L. c. 93A ("Chapter 93A"). This motion is premised on one element of the court's reasoning, as expressed at the summary judgment hearing, in granting the defendants' motions on the plaintiff's other claims.

ARGUMENT

As detailed in HealthExtras' memorandum in support of its summary judgment motion, plaintiff Altagracia Peguero ("Ms. Peguero") initially sued Federal Insurance Company ("Federal") and its insurance broker, the Sklover Group, Inc. (as well as present defendant American Express Company), claiming that (1) under the terms of Federal's permanent total disability policy, she was entitled to the maximum benefit of $1.5 million, and that Federal's refusal to pay her this sum was a breach of contract, and (2) if she was not entitled to full coverage under Federal's policy (as she claims she was led to believe), then she was deceived and is entitled to collect that same $1.5 million (or more) under theories of fraud, promissory estoppel, violation

of M.G.L. c. 175, § 110E and violation of Chapter 93A.  However, as the Court noted at the summary judgment hearing, Federal did not refuse to pay Ms. Peguero – it settled with her.  Ms. Peguero's settlement with Federal means that no one will ever know whether, had she pressed her coverage claim, Ms. Peguero would have recovered some or all of the $1.5 million to which she claims she was entitled under Federal's policy.  This in turn means that Ms. Peguero cannot now demonstrate a causal connection between the remaining defendants' alleged conduct and her alleged harm.

With respect to her Chapter 93A claim in particular, if Ms. Peguero, as she alleged, was entitled to $1.5 million under Federal's policy, then there could be nothing unfair or deceptive about the initial promotional document at issue.  Rather, Ms. Peguero would have received <u>exactly</u> what she claims that document led her to believe she was buying:  insurance that would pay her $1.5 million if an accident left her significantly disabled and unable to return to her then-current job as a dental assistant.  To make out her Chapter 93A claim against the remaining defendants, Ms. Peguero must prove the <u>opposite</u> proposition:  that Federal's policy did <u>not</u> cover her eventual injury.  However, as a result of her settlement with Federal, Ms. Peguero can no longer prove this fact, and because she cannot prove this fact, she cannot demonstrate that the remaining defendants' alleged conduct was the cause of any harm to her.  It is well settled that causation is a critical element of any Chapter 93A claim.  <u>See</u> <u>Hershenow v. Enterprise Rent-A-Car Company of Boston, Inc.</u>, 445 Mass. 790, 797-802 (2006) (absence of causal connection between alleged deception and alleged loss is fatal to Chapter 93A claim; mere existence of allegedly deceptive contract terms is not "injury" within meaning of statute).  <u>See</u> also, <u>Aspinall v. Philip Morris Companies, Inc.</u>, 442 Mass. 381, 401 (2004) (causation is required element of successful Chapter 93A claim); <u>Massachusetts Farm Bur. Fed'n, Inc. v. Blue Cross of Mass., Inc.</u>, 403 Mass. 722, 730

2

(1989) ("[i]n the absence of a causal relationship between the alleged unfair acts and the claimed loss, there can be no recovery").

An additional reason that Ms. Peguero cannot prove the causation element of her Chapter 93A claim is that, at her deposition, she candidly acknowledged that she was not deceived by the initial promotional document.  See HealthExtras' summary judgment memorandum at 6-7 and the deposition excerpts attached as Exhibit B to its supporting Affidavit of Counsel.  Ms. Peguero's admission that she was not deceived precludes any causal connection between the allegedly deceptive statements and her claimed injury, and itself warrants summary judgment in the defendants' favor.  See Kazmaier v. Wooten, 761 F.2d 46, 51 (1st Cir. 1985) (fact that plaintiff was not deceived supports grant of summary judgment to defendant).  Accord, Pump, Inc. v. Collins Mgmt., Inc., 746 F. Supp. 1159, 1173 (D.Mass. 1990).

WHEREFORE, HealthExtras respectfully moves that the Court reconsider its denial of the defendants' motions for summary judgment on Ms. Peguero's Chapter 93A claim, and, on reconsideration, allow those motions and dismiss that claim with prejudice.

        HEALTHEXTRAS, INC.,

        By its attorney,

           /s/  Donald R. Pinto, Jr.
        Donald R. Pinto, Jr., BBO No. 548421
        RACKEMANN, SAWYER & BREWSTER
        One Financial Center
        Boston, Massachusetts  02111
        (617) 542-2300

May 23, 2007

CERTIFICATE UNDER LOCAL RULE 7.1(A)(2)

I hereby certify that I have conferred in good faith in an attempt to resolve or narrow the issues presented by this motion.

                                  /s/ Donald R. Pinto, Jr.
                                  Donald R. Pinto, Jr.

Dated:  May 23, 2007

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

                                  /s/ Donald R. Pinto, Jr.
                                  Donald R. Pinto, Jr.

Dated:  May 23, 2007