UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10995-RCL

_____
ALTAGRACIA J. PEGUERO,            )
    Plaintiff,                    )
                                  )   **PLAINTIFF'S OPPOSITION**
v.                                )   **TO DEFENDANT HEALTHEXTRAS'**
                                  )   **MOTION FOR RECONSIDERATION**
AMERICAN EXPRESS COMPANY, and     )
HEALTHEXTRAS, INC.,               )
    Defendants.                   )
_____)

    The Defendant, HealthExtras, Inc. ("HealthExtras"), has filed a motion for partial reconsideration of the Court's denial of its motion for summary judgment with respect to the Plaintiff's claims under M.G.L. c.93A (the "Consumer Protection Act"). HealthExtras' motion should be denied.

### Argument

    HealthExtras' argument that Ms. Peguero was not damaged by its unfair and deceptive marketing of the so-called disability policy because she settled with another defendant cannot withstand even the slightest scrutiny.

    Ms. Peguero alleges that due to HealthExtras' and American Express' unfair and deceptive marketing practices (including their failure to conspicuously disclose that to be disabled under the policy, a claimant must lose two limbs), she was induced to buy the policy upon the belief that if she became disabled, she would be entitled to a $1.5 million lump sum

payment.  Ms. Peguero, a dental assistant, thereafter lost her dominant arm in a car accident and filed a claim with Federal Insurance ("Federal").  After Federal refused to pay her claim because Ms. Peguero lost only one limb, not two as the policy requires, Ms. Peguero sent a M.G.L. c. 93A demand letter to Federal alleging unfair and deceptive marketing practices.

After the lawsuit was filed, Ms. Peguero settled with Federal.  Federal did not pay $1.5 million and Ms. Peguero's damages include the difference between what she received in settlement and the $1.5 million that she reasonably believed she was entitled to at the time she purchased the policy.

HealthExtras is attempting to rewrite history.  If Federal had paid $1.5 million when she filed her claim, she would have received what she bargained for and there would be no case.  However, Federal did not pay $1.5 million initially or ever; rather Federal vigorously defended the claim based upon the policy language mandating the loss of two limbs to qualify as "disabled."  There is no dispute that Ms. Peguero lost only one limb in the accident.  Ms. Peguero had to resort to litigation against Federal, including claims for fraud, violation of M.G.L. c. 93A, and promissory estoppel, before it agreed to pay anything.

HealthExtras' position - - that unless Ms. Peguero litigated her claims against Federal to the bitter end, "no one will ever know whether, had she pressed her coverage claim, Ms. Peguero would have recovered some or all of the $1.5 million," and that accordingly she cannot demonstrate a causal connection to her injuries -- is contrary to the letter and spirit of M.G.L. c.231B ("Contribution Among Joint Tortfeasors"), the Consumer Protection Act, and public policy.

HealthExtras, American Express, Federal, and Sklover, as alleged by Ms. Peguero, are joint tortfeasors.  Pursuant to M.G.L. c.231B, §4, a good faith settlement with one tortfeasor does not release the other tortfeasors.  HealthExtras would have this Court ignore this statute, ignore the remedial and punitive purposes of the Consumer Protection Act, and ignore the well-established public policy favoring good faith settlements so that HealthExtras could escape its liability for its own wrongful conduct.  Nothing in equity, logic or the law supports HealthExtras' wishful thinking.

## Conclusion

HealthExtras' motion for partial reconsideration should be denied.

```
                          THE PLAINTIFF,
                          Altagracia J. Peguero,
                          By her Attorney,



                          /s/ Kevin Donius
                          Kevin Donius, Esquire
                          Law Offices of Kevin Donius, P.C.
                          424 Adams Street, Suite 100
                          Milton, MA 02186
                          TEL (617) 296-4900
                          FAX (617) 296-4990
                          BBO#: 551298
```

Dated:  May 30, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

```
                          /s/ Kevin Donius
                          Kevin Donius, Esquire
```